Date: December 29, 2025

kevin-lewis: walker, *in propria persona*
**KEVIN LEWIS WALKER,**
**KEVIN LEWIS WALKER ESTATE**
**Care of:** 2082 Highway 183 #170-229
Leander, Texas
Email: kevinlwalker@me.com

FILED
2025 DEC 29 PM 2:50
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

*Petitioner, Movant in Equity*

## EMERGENCY – CUSTODY MATTER
## IMMEDIATE JUDICIAL ATTENTION REQUESTED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

Case No. **1:25CV02153 ADA**

| | |
|---|---|
| kevin-lewis: walker, in propria persona, Petitioner, <br><br> v. <br><br> **STATE OF TEXAS.** <br><br> and <br><br> **THE SHERIFF OF WILLIAMSON COUNTY, TEXAS,** in his official capacity as **custodian of Petitioner** | (Related § 2241 Habeas: 1:25-cv-02094) <br> (Related District Cause No. 25-3432-C425) <br> (Related CCL2 Cause No. E25-049-2) <br> (Inmate No. 25-214532) <br><br> **VERIFIED EMERGENCY SECOND PETITION FOR WRIT OF HABEAS CORPUS** Post-Expiration Unlawful Custody; No Fugitive Jurisdiction Ever Attached <br> **28 U.S.C. § 2241; 28 U.S.C. § 2243** <br><br> (SPECIAL LIMITED APPEARANCE — JURISDICTIONAL OBJECTIONS PRESERVED) |

**COMES NOW** Petitioner / Movant in Equity, **kevin-lewis: walker,** restrained of his liberty, proceeding in propria persona, by special limited appearance only and without waiver of any rights, remedies, or objections, and respectfully submits this VERIFIED EMERGENCY SECOND PETITION FOR WRIT OF HABEAS CORPUS pursuant to 28 U.S.C. § 2241 and 28

U.S.C. § 2243, the United States Constitution, and this Court's inherent equitable authority.

## I. JURISDICTION AND NATURE OF PETITION

This is a second, independent habeas petition under 28 U.S.C. § 2241, challenging **continued detention occurring after December 27, 2025 (Day 30) — addressed solely for the sake of argument** — a fact **not in existence** when Petitioner filed his earlier § 2241 petition (Case No. 1:25-cv-02094; see attached exhibit D) on December 19, 2025.

Petitioner emphasizes that the thirty-day period referenced herein is raised **arguendo only**, because **extradition jurisdiction never attached in the first instance**, rendering custody unlawful from inception. The expiration analysis is pleaded alternatively and independently dispositive.

Jurisdiction lies under § 2241 because Petitioner is in custody within this District. The Court's **mandatory duty to act forthwith** arises under 28 U.S.C. § 2243.

## II. LIMITED INCORPORATION BY REFERENCE

Petitioner incorporates by reference the factual record and exhibits filed in his December 19, 2025 § 2241 petition (Case No. 1:25-cv-02094) **solely to establish background, notice, and procedural posture**.

This petition does **not** re-litigate those claims. It challenges **only** (1) the continued post-expiration restraint **arguendo**, and (2) the **non-attachment of fugitive jurisdiction**, which independently and primarily renders all custody void.

## III. UNDISPUTED, DISPOSITIVE FACTS

- Petitioner was arrested in Texas on an out-of-state matter **without a Governor's Warrant, without a valid commitment order**, and **without bond**.
- Florida has **not** classified Petitioner as a fugitive, has **not** alleged presence in Florida, and has **not** alleged flight. Petitioner has **never been to Florida**.

Page 2 of 10

**VERIFIED EMERGENCY SECOND PETITION FOR WRIT OF HABEAS CORPUS** Post-Expiration Unlawful Custody; No Fugitive Jurisdiction Ever Attached **28 U.S.C. § 2241; 28 U.S.C. § 2243**

- Texas has unilaterally and erroneously classified Petitioner as a fugitive **for the sole purpose of continuing custody**, notwithstanding Florida's failure to allege presence or flight and in the absence of any lawful extradition demand.
- No extradition request or packet has issued from Florida; **no Governor's Warrant exists**.
- **No valid commitment order exists**, and **no lawful recommitment or extension** was sought or ordered **prior to expiration**. Any attempt to impose a recommitment or extension **after expiration** would be **void ab initio** and without jurisdiction.
- **Arguendo only**, December 27, 2025 marked Day 30 of custody pending a Governor's Warrant. No recommitment order, no extension, and no bond order issued before expiration.
- Petitioner remains confined after expiration — now Day 32 — **without lawful authority**.

## IV. GROUNDS FOR RELIEF (NARROW AND DISPOSITIVE)

### A. Continued Custody After Expiration Is Unlawful (Arguendo)

Detention pending a Governor's Warrant is strictly temporary. The Uniform Criminal Extradition Act provides:

**"The judge shall by warrant reciting the accusation commit him to the county jail for such a time not exceeding thirty days."**

— Uniform Criminal Extradition Act § 54-171

Once this statutory commitment period expires **without a lawful recommitment or Governor's Warrant**, custody must end. Continued restraint violates § 2243's command to act forthwith and the Constitution.

This ground is pleaded **solely for the sake of argument**, as custody was unlawful even before expiration due to the absence of jurisdiction.

Page 3 of 10

**VERIFIED EMERGENCY SECOND PETITION FOR WRIT OF HABEAS CORPUS** Post-Expiration Unlawful Custody; No Fugitive Jurisdiction Ever Attached **28 U.S.C. § 2241; 28 U.S.C. § 2243**

Date: December 29, 2025

### B. Fugitive Jurisdiction Never Attached (Primary and Independent Defect)

Extradition jurisdiction requires fugitive status. *Hyatt v. Corkran*, 188 U.S. 691 (1903).

Florida's own paperwork does **not** allege presence or flight. Florida has treated Petitioner as **non-fugitive and bond-eligible**.

Because fugitive status never attached, **Texas never acquired extradition jurisdiction**. Texas's unilateral manufacture of fugitive status cannot create jurisdiction where none exists.

Accordingly, the thirty-day commitment period is addressed **arguendo only**; custody has been unlawful **from inception**, and independently unlawful **after expiration**.

### C. No Discretion to Continue Custody Without Bond or Warrant

This is non-capital. Absent a Governor's Warrant and absent fugitive status, continued detention without bond is unconstitutional. There is **no discretion** to perpetuate custody where jurisdiction is absent.

## V. NO PROCEDURAL BAR

This petition is not duplicative. It challenges a **new custody violation — post-expiration detention pleaded arguendo** — that did not exist when the first habeas was filed.

State remedies have been obstructed or constructively denied, and further resort would be futile.

## VI. RELIEF REQUESTED

Petitioner respectfully requests that the Court:

A. Grant the writ and order immediate release from custody;

B. Alternatively, order immediate release on personal recognizance;

C. Enjoin any transfer or continued restraint; and

D. Grant such further relief as justice requires.

Date: December 29, 2025

## VERIFICATION:

### Pursuant to 28 U.S.C. § 1746

I, kevin-lewis: of the walker family, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith and with clean hands**.

Executed, signed, and sealed this 29th day of December, 2025.

All rights reserved without prejudice and without recourse.

By: _Kevin-Walker_

**kevin-lewis: walker**, *Petitioner / Movant in Equity / Injured Party in Fact*

Date: December 29, 2025

## EXHIBIT LIST

### Exhibit A

**Verified Affidavit of Injury (28 U.S.C. § 1746)**

Executed December 24, 2025.

Establishes ongoing unlawful custody, irreparable harm, denial of bond, lack of fugitive jurisdiction, loss of liberty, family harm, pregnancy-related injury, bereavement, business injury, and denial of access to courts. Includes proof of certified and electronic service.

### Exhibit B

**Verified Affidavit of Facts in Support of Emergency Petition for Writ of Habeas Corpus (28 U.S.C. § 1746)**

Executed December 19, 2025.

Establishes arrest date, continuous detention, absence of Governor's Warrant, absence of valid commitment order, denial of bond, obstruction of state-court filings, lack of available state remedies, non-fugitive status, and statutory violations under the Uniform Criminal Extradition Act. Includes proof of certified and electronic service.

### Exhibit C

**Verified Affidavit of Donnabelle Walker in Support of Immediate Release (28 U.S.C. § 1746)**

Executed December 20, 2025.

Establishes irreparable family harm, pregnancy-related risk, impact on minor children, financial and emotional injury, absence of flight risk, and necessity of immediate release. Includes proof of certified and electronic service.

### Exhibit D

**Verified Emergency Petition and Demand for Writ of Habeas Corpus (28 U.S.C. § 2241)**

Page 6 of 10

VERIFIED EMERGENCY SECOND PETITION FOR WRIT OF HABEAS CORPUS Post-Expiration Unlawful Custody; No Fugitive Jurisdiction Ever Attached 28 U.S.C. § 2241; 28 U.S.C. § 2243

Date: December 29, 2025

Filed December 19, 2025, in *Kevin Lewis Walker v. State of Texas et al.*, Case No. **1:25-cv-02094** (W.D. Tex.).

Establishes the initial invocation of federal habeas jurisdiction, lack of extradition authority, absence of fugitive status, denial of bond, obstruction of state remedies, and provides notice to all Respondents of the unlawful custody at issue. Included for background, notice, and procedural history.

Date: December 29, 2025

## CERTIFICATE / PROOF OF SERVICE

STATE OF TEXAS )
) ss.
COUNTY OF WILLIAMSON )

I am competent, over the age of eighteen years, and not a party to the within action. My mailing address is, **care of:** 2082 Highway 183 #170-229. On or about **December 29, 2025**, I served the within documents:

1. **VERIFIED EMERGENCY SECOND PETITION FOR WRIT OF HABEAS CORPUS** Post-Expiration Unlawful Custody; No Fugitive Jurisdiction Ever Attached **28 U.S.C. § 2241; 28 U.S.C. § 2243**

2. **EXHIBITS A-D**

## SERVICE LIST

**By Certified Mail.** I placed a true and correct copy of the foregoing document in a sealed envelope, addressed to each person listed below, and deposited the envelopes into the custody of the United States Postal Service in Williamson County, Texas, with proper postage affixed, sent via **Certified Mail, Return Receipt Requested (USPS Form 3811)**. The mailing occurred in Williamson County, Texas, on the date indicated below. Service by mail is complete upon mailing.

**REQUIRED RESPONDENT (CUSTODIAN)**

**Sheriff of Williamson County, Texas**
In his official capacity as custodian of the Williamson County Jail
Williamson County Sheriff's Office
508 S. Rock Street
Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 3357 9378 11

Date: December 29, 2025

## UNITED STATES (COURTESY NOTICE)

**United States Attorney**
Western District of Texas
Austin Division
816 Congress Avenue, Suite 1300
Austin, TX 78701
Certified Mail No. 9589 0710 5270 3357 9378 28

## STATE OF TEXAS – (NOTICE / SUPERVISORY SERVICE)

**Office of the Texas Attorney General**
Criminal Justice Division
P.O. Box 12548
Austin, TX 78711-2548
Certified Mail No. 9589 0710 5270 3357 9378 35

## LOCAL PROSECUTOR – (NOTICE ONLY)

**Williamson County Attorney**
405 Martin Luther King Street
Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 3357 9378 42

## STATE COURT – (NOTICE ONLY NON-RESPONDENT)

**Clerk of Court**
County Court at Law No. 2
Williamson County, Texas
405 Martin Luther King Street
Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 3357 9378 59

## EXECUTIVE EXTRADITION AUTHORITY (NOTICE ONLY)

**Office of the Governor of Texas**
Criminal Justice Division – Extradition

Date: December 29, 2025

P.O. Box 12428
Austin, TX 78711
Certified Mail No. 9589 0710 5270 3357 9378 66

**STATE COURT PROSECUTOR — (NOTICE ONLY)**
Bridget Chapman
Williamson County Attorney's Office
405 Martin Luther King Street
Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 3357 9378 73

**By Electronic Service.** I transmitted a true and correct copy of the foregoing document by electronic service to each recipient listed below by sending the document to their publicly available or designated official email address. Transmission was completed from Williamson County, Texas, on the date indicated below. Electronic service is deemed complete upon successful transmission.

**United States Attorney**
Western District of Texas
Austin Division
**Email:** *usa.txw@usdoj.gov*

**Office of the Texas Attorney General**
Criminal Justice Division
**Email:** *criminaljustice@oag.texas.gov*

**Bridget Chapman**
Williamson County Attorney's Office
*Email: bridget.chapman@wilcotx.gov*

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct. Executed on December 29, 2025, in Williamson County, Texas.


/s/Chris Yarbra/
Chris Yarbra