Date: February 7, 2026

kevin-lewis: walker, *in propria persona*
**KEVIN LEWIS WALKER,**
**KEVIN LEWIS WALKER ESTATE**
**Care of:** 2082 Highway 183 #170-229
      Leander, Texas
Email: kevinlwalker@me.com

**FILED**
February 09, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: ___Christian Rodriguez___
                    DEPUTY

*Petitioner, Movant in Equity*

**EMERGENCY – CUSTODY MATTER**
**IMMEDIATE JUDICIAL ATTENTION REQUESTED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **kevin-lewis: walker, in propria persona,** <br> Petitioner, <br><br> v. <br><br> **STATE OF TEXAS.** <br><br> and <br><br> **THE SHERIFF OF WILLIAMSON COUNTY, TEXAS,** <br> in his official capacity as **custodian of Petitioner** | Case No. 1:25-cv-02153 <br><br> (Related § 2241 Habeas: 1:25-cv-02094) <br> (Related District Cause No. 25-3432-C425) <br> (Related CCL2 Cause No. E25-049-2) <br> (Inmate No. 25-214532) <br><br> <u>PETITIONER'S **VERIFIED** REPLY TO RESPONDENT SHERIFF'S RESPONSE (DKT. 22) AND MOTION TO STRIKE DEFECTIVE, MISLEADING, AND JURISDICTIONALLY INSUFFICIENT ASSERTIONS</u> <br><br> *(SPECIAL LIMITED APPEARANCE — JURISDICTIONAL OBJECTIONS PRESERVED)* |

To the honorable court, all parties and their counsel:

**COMES NOW** Petitioner, **kevin-lewis: of the walker family**, proceeding *in propria persona*,

by **special limited appearance only**, not waiving jurisdictional objections, and respectfully

submits this Response to Respondents' filing, stating as follows:

**I. INTRODUCTION**

Respondents' response attempts to salvage an unlawful detention through statutory distortion,

classification shifting, and post hoc procedural rationalization. It fails.

At every structural layer, the custody at issue is jurisdictionally defective.

This case does not present a close statutory question or a good-faith disagreement over extradition mechanics. It presents confinement that cannot be reconciled with the governing extradition framework under any theory — fugitive or non-fugitive.

Respondents' position collapses for three independent but converging reasons:

**No lawful commitment authority ever attached.**

The initiating commitment failed to comply with the mandatory requirements of Texas Code of Criminal Procedure Art. 51.13 § 15. No defined 30-day period was specified. Indefinite detention replaced a time-bounded statutory framework. See exhibit F.

Even assuming arguendo that a compliant commitment had issued, any statutory 30-day period would have expired on **December 27, 2025**, after which detention authority terminated absent lawful recommitment or a Governor's Warrant — neither of which occurred.

**The instrument relied upon to justify detention is facially void.**

The Texas fugitive warrant is unsigned, undated, and procedurally incomplete, and it mischaracterizes "fugitive from justice" as a standalone offense — an extradition classification, not a criminal charge. It cannot supply lawful commitment authority. See Exhibit F.

**The arresting officer's initiating probable-cause complaint is itself defective.**

As set forth in Petitioner's filings, the complaint manufactures "fled from justice" status through internally contradictory and jurisdictionally incoherent allegations, including cross-referencing multiple states and mischaracterizing the locus of alleged conduct. This defective foundation infects the fugitive classification relied upon to justify detention ab initio. See exhibit M.

**Respondents rely on mutually exclusive extradition theories.**

They detain Petitioner as a fugitive while pursuing extradition under the non-fugitive provision of Art. 51.13 § 6 — which applies only where the accused "has not fled therefrom."

No statutory framework authorizes detention where:

- Commitment was noncompliant;

- The detention warrant is jurisdictionally defective;

PETITIONER'S **VERIFIED** REPLY TO RESPONDENT SHERIFF'S RESPONSE (DKT. 22) AND MOTION TO STRIKE
DEFECTIVE, MISLEADING, AND JURISDICTIONALLY INSUFFICIENT ASSERTIONS

Date: February 7, 2026

- The initiating probable-cause complaint is defective;

- The statutory detention window expired;

- No lawful recommitment issued;

- No Governor's Warrant attached; and

- The State oscillates between incompatible extradition classifications.

This is not a technical pleading dispute.

It is detention without statutory footing, executive authority, or jurisdictional coherence.


**Constitutional Dimension of the Detention**

The defects are not merely statutory. They implicate core constitutional protections.

Continued confinement under the posture described constitutes, inter alia:

- **Fourth Amendment** — unreasonable seizure and continued restraint absent lawful executive warrant authority;

- **Fifth Amendment** — deprivation of liberty without due process of law;

- **First Amendment** — interference with the right to petition and access courts where jurisdictional habeas filings were obstructed or ignored; and

- **Fourteenth Amendment** — continued detention absent fundamental fairness, statutory compliance, or lawful jurisdiction.

Where statutory custody authority collapses, continued restraint becomes constitutionally infirm as well.


**State Habeas Obstruction and § 2241 Exhaustion Exception**

This habeas proceeding properly falls within the well-recognized exhaustion exception applicable to 28 U.S.C. § 2241 detention challenges.

Petitioner filed a verified State District habeas petition on **December 1**, contemporaneously with other filings that were successfully received and processed.

However, as documented in the attached exhibits:

- County Court at Law No. 2 (CCL2) obstructed and concealed habeas filings;

- Critical pleadings were not docketed;

- Filed materials were withheld from the record; and

- Jurisdictional claims were never adjudicated.

See Exhibits O-U (certified mail confirmation / filing attempts); and Exhibit X (Verified Notice of Clerk Obstruction with accompanying internal exhibits).

Because the filings were not docketed, no appealable order exists.

Petitioner cannot appeal a ruling that was never issued, nor challenge a record that was never entered.

Exhaustion presupposes access to a functioning corrective process. Where filings are concealed or refused, exhaustion is excused.

Moreover, there is no statutory or procedural duty requiring a restrained habeas petitioner to "chase" a state district court for action on a properly filed petition.

Once filed, the duty to adjudicate rests with the court — not the restrained party.

Constructive denial through silence, concealment, or non-docketing triggers federal review. Respondents' insinuation to the contrary is legally baseless.

Counsel was retained only after County Court at Law No. 2 effectively held Petitioner hostage by denying meaningful access to the court and refusing to docket or accept Petitioner's verified filings. See Exhibits O-U (certified mail confirmation / filing attempts); and Exhibit X (Verified Notice of Clerk Obstruction with accompanying internal exhibits).


**Clarification Regarding Underlying Allegations (Non-Merits Context)**

Without delving into the merits of the demanding state's case — which is beyond the scope of extradition habeas — Petitioner notes the following limited custody context:

The Florida warrant arises from conduct civil in nature that has been criminally characterized through allegation. Petitioner was never provided advance notice of those allegations prior to arrest and was not evading, concealing, or fleeing any jurisdiction.

PETITIONER'S **VERIFIED** REPLY TO RESPONDENT SHERIFF'S RESPONSE (DKT. 22) AND MOTION TO STRIKE
DEFECTIVE, MISLEADING, AND JURISDICTIONALLY INSUFFICIENT ASSERTIONS

Date: February 7, 2026

Petitioner has never been present in Florida in connection with the alleged conduct and has never attempted to avoid legal process.

To the contrary:

Petitioner's objective has consistently been to regain liberty so that he may travel to the demanding state, appear, and address the allegations directly through lawful process.

This clarification is offered solely to negate the manufactured "flight" narrative used to justify fugitive detention posture and bail denial — not to litigate guilt or innocence.

**Bad Faith and Post Hoc Conduct**

The procedural record reflects reactive, not lawful, custodial justification.

Respondents' actions — including reliance on defective instruments, shifting extradition classifications, late-produced requisition materials, and opposition filings omitting material habeas record evidence — reflect post hoc rationalization rather than contemporaneous statutory compliance.

Such conduct is probative of bad faith and should be condemned as inconsistent with the State's custodial obligations under both statute and constitution.

**Cumulative Framing**

Thus, Respondents ask this Court to ratify confinement where:

- No valid commitment order exists;

- The operative warrant is facially defective;

- The initiating probable-cause complaint is defective;

- The arguendo statutory detention period expired December 27, 2025;

- No recommitment order issued;

- No Governor's Warrant attached;

- Non-fugitive extradition is being pursued; and

- Petitioner is nevertheless detained as a fugitive.

That posture is not merely flawed — it is jurisdictionally unsustainable.

Detention under these conditions cannot be reconciled with statute, executive authority, or constitutional restraint.

## II. Threshold Position

Respondents' response rests on three defective premises:

1. That Petitioner is a fugitive subject to fugitive detention statutes.

2. That statutory timeframes authorize continued confinement.

3. That extradition jurisdiction lawfully attached.

All three are factually and legally false.

## III. Probable-Cause Complaint Is Facially Defective and Manufactures "Fugitive" Status

The initiating complaint itself is facially defective and internally incoherent. It:

- **Fabricates a "fled from justice" narrative** by claiming Petitioner "fled from state of California to Williamson County, Texas,"

- References a Florida charge while describing it as a violation of the **penal laws of the State of California**, and

- Labels Petitioner a fugitive while simultaneously describing out-of-state presence inconsistent with "flight from Florida."

See Exhibit M (Arresting Officer's Complaint / probable cause statement).

This is not a minor clerical error; it is the foundation for the manufactured "fugitive" classification that Respondents now rely on to justify unlawful custody.

## IV. Jurisdictional and Statutory Collapse of Detention Authority

Respondents' custody posture fails at every structural level.

The detention of Petitioner cannot be reconciled with the governing provisions of Texas Code of Criminal Procedure Art. 51.13 because:

PETITIONER'S **VERIFIED** REPLY TO RESPONDENT SHERIFF'S RESPONSE (DKT. 22) AND MOTION TO STRIKE
DEFECTIVE, MISLEADING, AND JURISDICTIONALLY INSUFFICIENT ASSERTIONS

Date: February 7, 2026

- The initial commitment was statutorily noncompliant;

- The warrant relied upon is facially defective;

- The statutory detention period expired;

- No lawful extension was obtained;

- No executive extradition authority attached; and

- Respondents rely on mutually exclusive fugitive and non-fugitive theories simultaneously.

Each defect is independently fatal.

Collectively, they render continued detention ultra vires and void.


## A. Art. 51.13 § 15 Requires a Defined Commitment Period — Not Indefinite Detention

Texas Code of Criminal Procedure Art. 51.13 § 15 governs commitment pending requisition and provides, in relevant part:

"…the judge or magistrate must, by warrant reciting the accusation, commit him to the county jail for such time not exceeding thirty days and specified in the warrant, as will enable the arrest of the accused to be made under a warrant of the Governor…"

The statute imposes two mandatory temporal limitations:

- The commitment period must be **"not exceeding thirty days"**; and

- The period must be **"specified in the warrant."**

These are not discretionary guidelines — they are jurisdictional limits on detention authority absent a Governor's Warrant.

Indefinite commitment is not authorized anywhere within Art. 51.13.


## B. Petitioner Was Committed for an Undefined, Indefinite Period

Here, the committing authority set no defined statutory period.

- No warrant recited a commitment term "not exceeding thirty days."

- No expiration date was specified.

- No temporal limitation was articulated.

Instead, Petitioner was committed for an open-ended, indefinite duration untethered to the statutory ceiling imposed by § 15.

Such a commitment exceeds judicial authority and contravenes the express language of the Code.


## C. The Defective Texas "Fugitive From Justice" Warrant Cannot Supply Commitment Authority

Compounding the statutory defect, Respondents rely upon a Texas fugitive warrant that is facially invalid.

The warrant:

- Is unsigned;

- Is undated;

- Contains no executed judicial signature;

- Recites no lawful issuance date; and

- Purports to charge "Fugitive From Justice" as an independent offense.

(See Exhibit F.)

These defects are jurisdictional.

An unsigned and undated warrant fails to establish:

- Judicial authorization;

- A valid probable cause determination;

- Lawful issuance under Texas procedure.

Further, extradition custody is derivative of an out-of-state charge — not a standalone Texas criminal offense.

Labeling "fugitive from justice" as the offense itself reflects a procedural mischaracterization that further undermines the validity of the instrument relied upon to justify confinement.

Thus, Respondents' detention rests on a warrant that is procedurally incomplete and legally insufficient.

**D. Any Arguable 30-Day Commitment Period Expired December 27, 2025**

Even assuming arguendo that a compliant commitment had been entered, the outer statutory limit would have expired **December 27, 2025**.

At that point, detention authority under § 15 terminated by operation of law unless extended pursuant to statute.

**E. No Lawful Recommitment or Extension Was Obtained**

Texas Code of Criminal Procedure Art. 51.13 § 17 provides the sole mechanism for continued detention:

"…a judge or magistrate may discharge him or may recommit him for a further period not to exceed sixty days…"

No such recommitment occurred.

Specifically:

- No extension was requested prior to expiration;

- No recommitment warrant issued;

- No additional time period was specified;

- No judicial findings supporting continued detention were entered.

Absent a § 17 recommitment order, custody authority ceased upon expiration of the initial commitment window. See Exhibit N.

**F. No Requisition or Governor's Warrant Supplied Executive Custody Authority**

The purpose of § 15 commitment is singular:

To allow time "as will enable the arrest of the accused to be made under a warrant of the Governor…"

That statutory objective failed entirely.

- No timely requisition supported initial detention;

Date: February 7, 2026

- No Texas Governor's Warrant issued;

- No executive authorization for rendition ever attached.

Thus, the temporary detention mechanism never matured into lawful extradition custody.

## G. Respondents' Position Is Further Undermined by a Fatal Classification Contradiction

While the detention defects alone require discharge, Respondents' extradition posture collapses further because it relies on mutually exclusive classifications.

They are simultaneously:

- Pursuing extradition under non-fugitive authority; while

- Detaining Petitioner as a "fugitive from justice."

One classification negates the other.

## H. Requisition Production Confirms Non-Fugitive Theory

Respondents produced a requisition invoking Art. 51.13 § 6, which provides:

"The Governor of this State may also surrender… any person… although the accused was not in that state at the time of the commission of the crime and has not fled therefrom."

The statutory language is explicit:

- The accused **"was not in that state"**; and

- **"has not fled therefrom."**

By invoking § 6, Respondents necessarily concede non-flight status.

The requisition itself is an admission Petitioner is not a fugitive.

## I. Non-Fugitive Extradition Requires a Texas Governor's Warrant

Proceeding under § 6 requires:

1. A requisition demand; and

2. A Texas Governor's Warrant.

Only the latter supplies lawful custody authority within Texas.

Date: February 7, 2026

A foreign warrant or requisition alone does not authorize imprisonment.

See Exhibit N (confirming absence of a Texas Governor's Warrant).


## J. Simultaneous Fugitive Detention Is Statutorily Incompatible

Respondents nevertheless continue to:

- Classify Petitioner as a fugitive;

- Apply fugitive detention procedures;

- Invoke fugitive commitment timelines.

But § 6 applies only where the accused:

"…has not fled therefrom."

Thus, they are mutually exclusive.

Reliance on both nullifies the statutory basis for detention under either framework.


## K. Timing Exposes Procedural Bad Faith

The chronology magnifies the collapse.

For months:

- No requisition existed;

- No Governor's Warrant existed;

- Detention continued regardless.

Only when Respondents were forced to justify custody — including federal scrutiny — did a requisition suddenly appear.

This sequence reflects post hoc justification, not contemporaneous statutory compliance.


## L. Florida's Own Materials Confirm Non-Presence

Florida's charging materials place Petitioner outside Florida at all relevant times. See Exhibit E.

They allege no:

- Physical presence;

PETITIONER'S **VERIFIED** REPLY TO RESPONDENT SHERIFF'S RESPONSE (DKT. 22) AND MOTION TO STRIKE
DEFECTIVE, MISLEADING, AND JURISDICTIONALLY INSUFFICIENT ASSERTIONS

Date: February 7, 2026

- Flight;

- Escape.

Texas therefore manufactured fugitive status while Florida pursued non-fugitive extradition.

That inconsistency is dispositive.


**M. Cumulative Legal Effect**

This convergence of defects is fatal:

- Noncompliant commitment;

- Defective warrant;

- Expired statutory detention period;

- No recommitment;

- No Governor's Warrant;

- Mutually exclusive extradition theories.

Where the State cannot satisfy either fugitive or non-fugitive statutory frameworks, detention loses any lawful foundation.

The result is confinement unsupported by statute, executive authority, or jurisdiction — requiring discharge as a matter of law.


## **V. Outright Denial of Bail Is Unlawful, Prejudicial, and Unconstitutional**

Bond was denied outright, despite:

- No capital offense,

- No flight allegation,

- No Governor's Warrant,

- No lawful extradition jurisdiction.

This is not a minor issue — it is direct evidence the court treated Petitioner as a punitive detainee under a fabricated fugitive posture.

PETITIONER'S **VERIFIED** REPLY TO RESPONDENT SHERIFF'S RESPONSE (DKT. 22) AND MOTION TO STRIKE
DEFECTIVE, MISLEADING, AND JURISDICTIONALLY INSUFFICIENT ASSERTIONS

Date: February 7, 2026

## A. United States Constitution: Prohibition on Excessive Bail

The Eighth Amendment to the United States Constitution provides verbatim:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

While the Eighth Amendment does not create an absolute right to bail in all circumstances, it prohibits punitive or excessive denial of bail where detention authority itself is jurisdictionally defective.

Here, outright denial of bail — in the absence of capital charges, flight risk, or lawful executive warrant — operates as punitive pre-rendition punishment, not regulatory detention.


## B. Texas Constitution: General Right to Bail (Non-Capital)

Texas Constitution, Article I, § 11 provides verbatim:

"All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident; …"

Petitioner is not charged with a capital offense, and no evidentiary showing exists that would overcome this constitutional presumption of bail eligibility.


## C. Extradition Statute: Bail Is Expressly Contemplated

Texas Code of Criminal Procedure Art. 51.13 § 16 provides verbatim (in relevant part):

"Unless the offense with which the prisoner is charged is shown to be an offense punishable by death or life imprisonment under the laws of the State in which it was committed, a judge or magistrate in this State may admit the person arrested to bail by bond, with sufficient sureties and in such sum as he deems proper, conditioned for his appearance … and for his surrender, to be arrested upon the warrant of the Governor in this State."


## Resulting Constitutional Conflict

Respondents' posture results in:

PETITIONER'S **VERIFIED** REPLY TO RESPONDENT SHERIFF'S RESPONSE (DKT. 22) AND MOTION TO STRIKE DEFECTIVE, MISLEADING, AND JURISDICTIONALLY INSUFFICIENT ASSERTIONS

Date: February 7, 2026

- Indefinite detention

- Denial of bail

- No Governor's Warrant

— punishment without lawful authority.

See Exhibit N (bond denial / custody orders).


## VII. "60-Day Recommitment" Does Not Save Them — and It Never Cures a Void Detention

Respondents imply that (arguendo) a 30-day + 60-day structure authorizes continued detention. Even putting aside the fact the fugitive predicate never existed, the relevant statute says the court may discharge, recommit up to 60 days, or take bail if the Governor's Warrant is not produced by the deadline.

Texas CCP Art. 51.13 § 17 provides verbatim:

"If the accused is not arrested under warrant of the Governor by the expiration of the time specified in the warrant or bond, a judge or magistrate may discharge him or may recommit him for a further period not to exceed sixty days, or … may again take bail for his appearance and surrender, as provided in Section 16, but within a period not to exceed sixty days after the date of such new bond."

Two fatal points:

- §17 presupposes a valid starting point ("time specified in the warrant or bond") — not an indefinite, statute-free "until Governor's warrant issues" commitment.

- §17 still does not authorize detention absent lawful extradition jurisdiction (no flight for fugitive framework; no Governor's Warrant for non-fugitive executive custody).


### Additional Statutory Defect — No 30-Day Specification Ever Issued

Even assuming arguendo that a fugitive-style 30-day commitment framework applied, the statutory structure was never properly invoked.

Date: February 7, 2026

No warrant, mittimus, or custody order ever specified a 30-day commitment period as required by the Texas Code of Criminal Procedure or the Uniform Criminal Extradition Act (UCEA). Thus:

- No statutory clock was ever lawfully started.

- No expiration date was judicially defined.

- No recommitment order was issued upon expiration.

Indefinite detention replaced the statute's mandatory time-bounded structure.

Calculating arguendo from the date of initial confinement, any 30-day commitment period would have expired on **December 27, 2025**.

Yet:

- No Governor's Warrant was produced by that date.

- No discharge order issued.

- No bail was set.

- No 60-day recommitment order specifying a new statutory period was entered.

Instead, custody simply continued — without statutory reference, without time limitation, and without compliance with the statute's express requirement that confinement be tethered to a **"time specified in the warrant or bond."**


**Resulting Legal Posture**

Petitioner was not held under:

- A valid 30-day fugitive commitment,

- A lawful 60-day recommitment order, or

- A Governor-authorized executive warrant.

Petitioner was held under **no statutorily defined custody framework at all** — only indefinite detention untethered to any time-bound authorization.


**Statutory Consequence**

PETITIONER'S **VERIFIED** REPLY TO RESPONDENT SHERIFF'S RESPONSE (DKT. 22) AND MOTION TO STRIKE DEFECTIVE, MISLEADING, AND JURISDICTIONALLY INSUFFICIENT ASSERTIONS

Under §17's plain language, failure to produce a Governor's Warrant by the expiration of the specified period triggers only three lawful options:

1.  Discharge,

2.  Bail, or

3.  Time-limited recommitment (≤ 60 days, newly specified).

None were lawfully executed here.

Thus, Respondents' reliance on §17 is not a cure — it is an admission the Governor's Warrant was not produced, and bail/discharge options were ignored.

## VI. Indefinite Commitment — Ultra Vires

CCL2 ordered detention:

"Until a Governor's Warrant issues." See Exhibit N.

This order:

• Cites no statute,

• Contains no timeframe,

• Authorizes indefinite detention.

No extradition statute permits open-ended imprisonment pending discretionary executive action. Indefinite commitment absent statutory authority is void.

## VII. Exhaustion Exception, Concealment and Obstruction — CCL2

State exhaustion presupposes access to the courts.

Here, filings were submitted, verified, and jurisdictional — yet refused, concealed, and not docketed.

See Exhibits O-U (certified mail confirmation / filing attempts); and Exhibit X (Verified Notice of Clerk Obstruction with accompanying internal exhibits).

### A. Omission of Critical Habeas Pages

Respondents omitted key pages of the state habeas record addressing:

Date: February 7, 2026

- Lack of requisition,

- Lack of Governor's Warrant,

- Mandatory discharge or bail.

This omission is material and misleading.

See Exhibit V and W.


## VIII. No Requirement to "Follow Up" on District Habeas

Sheriff's counsel insinuates Petitioner was required to "follow up" on the district habeas.
That insinuation is legally baseless.

There is no statutory duty requiring a restrained person to chase the court for a ruling on a
properly filed habeas petition. Once filed, the court bears the duty to adjudicate. Silence and
continued restraint constitute constructive denial.

And in any event, exhaustion is excused where proceedings are obstructed or detention is
jurisdictionally void — exactly what occurred here.


## IX. Federal Habeas: Statutory Duty of Prompt Action and Noncompliance with 28 U.S.C. § 2243 (Respectfully Noted)

Petitioner respectfully notes the statutory command for expedited habeas review under 28 U.S.C.
§ 2243 in light of the procedural timeline in this matter.

Petitioner filed his first federal habeas petition on **December 19** (Case No. 1:25-cv-02094),
followed by a second petition on **December 29** (Case No. 1:25-cv-02153).

This Court did not issue an Order to Answer until **January 6**, at which time Respondents were
afforded a **28-day response deadline**.

Congress directed expedited habeas procedure in 28 U.S.C. § 2243, which provides verbatim:

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith
award the writ or issue an order directing the respondent to show cause why the writ should not
be granted, unless it appears from the application that the applicant … is not entitled thereto."

PETITIONER'S **VERIFIED** REPLY TO RESPONDENT SHERIFF'S RESPONSE (DKT. 22) AND MOTION TO STRIKE
DEFECTIVE, MISLEADING, AND JURISDICTIONALLY INSUFFICIENT ASSERTIONS

"The writ, or order to show cause … **shall be returned within three days** unless for good cause additional time, **not exceeding twenty days**, is allowed."

"When the writ or order is returned a day shall be set for hearing… **not more than five days after the return** unless for good cause additional time is allowed."

Respectfully, a response schedule exceeding the statutory **20-day cap**, absent articulated good cause on the record, appears in tension with § 2243's command for prompt adjudication where physical restraint remains ongoing.

## X. Respondents' Attempt to Moot Federal Jurisdiction After Attachment

At the January 14 hearing, County Court at Law No. 2 acknowledged that federal jurisdiction has attached. See Exhibit N (hearing record / court order).

Respondents' apparent strategy—producing a late requisition and pressing continued custody— functions as an attempted end-run to moot federal review after jurisdiction attached. That effort should be rejected.

## XI. Constitutional Violations and False Imprisonment

This entire process constitutes false imprisonment and ongoing constitutional violations, including but not limited to:

- **First Amendment**: interference with petitioning activity and court access.

- **Fourth Amendment**: unreasonable seizure and continued custody absent lawful executive authority.

- **Fifth Amendment**: deprivation of liberty without due process of law.

- **Sixth Amendment**: denial of meaningful access to counsel/self-representation where court access was obstructed.

- **Eighth Amendment**: punitive detention without lawful basis, compounded by denial of bail options.

- **Fourteenth Amendment**: continued detention without due process and fundamental fairness.

## XII. Motion to Strike

Petitioner moves to strike portions of Respondents' response as misleading, defective, and jurisdictionally unsound.

**Grounds**

- Contradictory theory: non-fugitive requisition + fugitive detention.
- Omission of material record evidence (missing habeas pages). See Exhibits V and W.
- Assertion of nonexistent detention authority (indefinite commitment; manufactured "90-day hold").

## XIII. RELIEF REQUESTED

For the reasons set forth herein and in Petitioner's verified filings, Petitioner respectfully requests that this Court grant habeas relief and enter the following orders:

### 1. Immediate Discharge

Order Petitioner's immediate release from custody on the grounds that:

- Commitment violated Art. 51.13 § 15;
- No lawful § 17 recommitment occurred;
- The statutory detention window expired;
- No Texas Governor's Warrant has issued;
- The warrant relied upon is facially defective; and
- Continued detention rests on mutually exclusive extradition theories.

Where no statutory detention framework remains, discharge is mandatory — not discretionary.

### 2. Declaration of Unlawful Custody

Issue a declaratory finding that:

- Detention exceeded statutory authority;

- Indefinite commitment is ultra vires under Art. 51.13;

- Custody absent a Governor's Warrant lacks executive authorization; and

- The reliance on dual fugitive / non-fugitive classifications is jurisdictionally incompatible.

Such a declaration is necessary to prevent recurrence and collateral prejudice.

### 3. Bail Determination (If Discharge Is Not Granted)

Should the Court decline immediate discharge, Petitioner requests immediate bail consideration pursuant to:

- Texas Constitution Art. I § 11;

- Texas CCP Art. 51.13 § 16; and

- The Eighth Amendment.

Denial of bail in the absence of capital charges, flight risk, or executive warrant authority constitutes punitive pre-rendition detention.

### XIV. ALTERNATIVE EQUITABLE RELIEF

*(Transport — Without Waiver of Discharge Position)*

Without conceding the legality of present detention — and expressly preserving all jurisdictional objections — Petitioner requests the following equitable relief in the alternative only:

If the Court declines to order discharge, it should order **expedited extradition processing and medically appropriate transport** to mitigate ongoing constitutional injury.

This request is grounded in harm reduction, not waiver.

Petitioner has:

- Endured prolonged custodial restraint;

- Sustained documented medical injury in custody;

- Experienced worsening neuropathic and musculoskeletal harm;

- Retained counsel in the demanding state; and

PETITIONER'S **VERIFIED** REPLY TO RESPONDENT SHERIFF'S RESPONSE (DKT. 22) AND MOTION TO STRIKE
DEFECTIVE, MISLEADING, AND JURISDICTIONALLY INSUFFICIENT ASSERTIONS

Date: February 7, 2026

- Secured bond arrangements for immediate release upon arrival.

Accordingly, Petitioner requests that the Court:

1. Order Respondents to effectuate extradition without unreasonable delay;

2. Require transport in an expedited, medically appropriate manner; and

3. Prohibit prolonged chained or multi-stop custodial warehousing.

This alternative relief:

- Does **not** constitute consent to extradition;

- Does **not** waive jurisdictional defects; and

- Does **not** concede the legality of past or present detention.

It is sought solely to prevent irreparable physical harm should confinement continue.


## XV. CONCLUSION

Respondents ask this Court to ratify detention that satisfies neither statutory framework available to them.

They cannot do so.

They cannot detain Petitioner as a fugitive where the demanding state proceeds under non-fugitive authority.

They cannot rely on non-fugitive extradition while lacking the Governor's Warrant required to authorize custody under that framework.

They cannot extend detention beyond statutory limits where:

- Commitment was noncompliant;

- No defined time period was set;

- No recommitment order issued; and

- No executive warrant attached.

And they cannot cure these structural defects through late-produced requisitions or litigation-driven procedural scrambling.

The cumulative effect is dispositive:

Date: February 7, 2026

Detention here is untethered to statute, executive authority, and jurisdiction.

Habeas relief is not only appropriate — it is compelled.

Petitioner therefore respectfully requests that this Court order immediate discharge, or in the alternative, grant the equitable relief set forth above to mitigate ongoing constitutional injury.

PETITIONER'S **VERIFIED** REPLY TO RESPONDENT SHERIFF'S RESPONSE (DKT. 22) AND MOTION TO STRIKE DEFECTIVE, MISLEADING, AND JURISDICTIONALLY INSUFFICIENT ASSERTIONS

Date: February 7, 2026

## **VERIFICATION:**

### **Pursuant to 28 U.S.C. § 1746**

I, kevin-lewis: of the walker family, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith and with clean hands**.

Executed, signed, and sealed this 7th day of February, 2026.

<strong>All rights reserved without prejudice and without recourse.</strong>

By:  _Kevin: Walker_

**kevin-lewis: walker**, *Petitioner / Movant in Equity / Injured Party in Fact*

Date: February 7, 2026

## EXHIBIT LIST

**Exhibit A**

**Verified Affidavit of Injury (28 U.S.C. § 1746)**

Executed December 24, 2025.

Establishes ongoing unlawful custody, irreparable harm, denial of bond, absence of fugitive jurisdiction, loss of liberty, family harm, pregnancy-related injury, bereavement, business injury, and denial of access to courts. Includes proof of certified and electronic service.

**Exhibit B**

**Verified Affidavit of Facts in Support of Emergency Petition for Writ of Habeas Corpus (28 U.S.C. § 1746)**

Executed December 19, 2025.

Establishes arrest date, continuous detention, absence of a Governor's Warrant, absence of any valid commitment order, denial of bond, obstruction of state-court filings, lack of available state remedies, non-fugitive status, and violations of the Uniform Criminal Extradition Act. Includes proof of certified and electronic service.

**Exhibit C**

**Verified Affidavit of Donnabelle Walker in Support of Immediate Release (28 U.S.C. § 1746)**

Executed December 20, 2025.

Establishes irreparable family harm, pregnancy-related medical risk, impact on minor children, financial and emotional injury, absence of flight risk, and necessity of immediate release. Includes proof of certified and electronic service.

**Exhibit D**

**Verified Emergency Petition and Demand for Writ of Habeas Corpus (28 U.S.C. § 2241)**

Filed December 19, 2025, in *Kevin Lewis Walker v. State of Texas et al.*, Case No. 1:25-cv-02094 (W.D. Tex.).

Included for background, notice, and procedural history. Establishes initial invocation of federal habeas jurisdiction, lack of extradition authority, absence of fugitive status, denial of bond, obstruction of state remedies, and notice to all Respondents of unlawful custody.


**Exhibit E**

**Certified Florida Arrest Warrant and Probable Cause Record (Complete Consolidated Packet)**

Certified compilation of all documents collectively relied upon by the demanding state and incorporated by reference into the alleged extradition basis, submitted as a **single consolidated exhibit for four-corners statutory and jurisdictional review**, consisting of:

- Arrest Warrant issued July 28, 2025, by the Circuit Court of the Nineteenth Judicial Circuit, Martin County, Florida, including warrant face sheet and conditions of bond;

- Probable Cause Affidavit sworn July 23, 2025, executed by Detective Jennifer C. Jaques, Martin County Sheriff's Office;

- Statement of Probable Cause / Narrative incorporated into and forming the basis of the Arrest Warrant;

- Alleged communications, emails, notices, demands, and civil filings quoted, summarized, or relied upon within the Probable Cause Affidavit;

- References to Fla. Stat. §§ 817.535(2)(a) and 836.05 as applied within the Probable Cause Affidavit and Arrest Warrant.

This consolidated exhibit alleges only local Florida offenses and contains **no allegation of Petitioner's presence in Florida, no allegation of flight, no designation of fugitive status, and no request for or invocation of extradition authority.**

**Exhibit F**

PETITIONER'S **VERIFIED** REPLY TO RESPONDENT SHERIFF'S RESPONSE (DKT. 22) AND MOTION TO STRIKE DEFECTIVE, MISLEADING, AND JURISDICTIONALLY INSUFFICIENT ASSERTIONS

**Unsigned Texas Arrest Warrant and Complaint**

Purported arrest warrant and complaint issued in Williamson County, Texas, lacking judicial

execution, magistrate /judge signature, or lawful completion.

**Exhibit G**

**Affidavit of Criminal Investigator Pete Hughey**

Affidavit asserting a belief of fugitive status based solely on an NCIC entry, without alleging

presence in Florida, flight from Florida, or any extradition request or requisition by the

demanding state.

**Exhibit H**

**Unsigned Waiver of Extradition Form**

Waiver of extradition form presented to Petitioner, reflecting no execution, no consent, and

containing jurisdiction-creating admissions not alleged by the demanding state.

**Exhibit I**

**Magistration Advisement and Processing Record**

Document bearing clerk notation that Petitioner "REFUSED TO SIGN," reflecting the absence

of waiver, consent, or voluntary submission to extradition.

**Exhibit J**

**425th Judicial District Court Public Docket Screenshots**

Screenshots of the public docket, as of the dates shown, reflecting no docketed activity, filings,

or proceedings associated with Petitioner despite the pendency of a habeas petition.

**Exhibit K**

PETITIONER'S **VERIFIED** REPLY TO RESPONDENT SHERIFF'S RESPONSE (DKT. 22) AND MOTION TO STRIKE
DEFECTIVE, MISLEADING, AND JURISDICTIONALLY INSUFFICIENT ASSERTIONS

**County Court at Law No. 2 (CCL2) Public Docket Screenshots**

Screenshots of the CCL2 public docket system, as of the dates shown, reflecting no searchable case, docket entries, or recorded proceedings corresponding to Petitioner's arrest, confinement, or alleged extradition.

**Exhibit L**

**Internal CCL2 Docket Screen (January 14, 2026)**

Photograph of the County Court at Law No. 2 internal docketing system, accessed in person on January 14, 2026, reflecting a docket entry continuing Petitioner's custody and resetting the matter to February 18, 2026. This entry is not publicly accessible online.

**Exhibit M**

**Defective Probable Cause Complaint of Arresting Officer (Williamson County, Texas)**

Sworn complaint executed by the arresting officer alleging "Fugitive from Justice – Out of State," asserting flight from the State of California, and referencing violations of California penal law in connection with a Florida warrant. The complaint contains internal jurisdictional contradictions, misidentifies the demanding state, alleges legally impossible facts, and fails to establish any lawful basis for fugitive or non-fugitive extradition jurisdiction.

*(Consists of the two-page probable cause complaint, including affiant signature page and magistrate notation.)*

**Exhibit N**

**Ultra Vires January 14, 2026 Order of County Court at Law No. 2 (CCL2)**

Order entered by Judge Laura Barker purporting to commit Petitioner to custody "until a Governor's Warrant issues," despite the absence of a requisition, the absence of a Governor's Warrant, lack of fugitive status, and absence of statutory authority under the UCEA or Texas

Code of Criminal Procedure Chapter 51. The order imposes no temporal limitation and authorizes indefinite detention without jurisdiction, rendering it void and ultra vires.

**Exhibit O**

**Filing / service + obstruction compilation**

Compilation showing the relevant CCL2 filings were (1) sent via certified mail and delivered, (2) e-filed, and (3) attempted in-person, plus the CCL2 internal docket computer photo/proof showing nothing was docketed / no public docketing despite delivery.

**Exhibit P**

**VERIFIED EMERGENCY NOTICE OF TERMINATION OF COUNSEL, SPECIAL LIMITED APPEARANCE, SIXTH AMENDMENT INVOCATION OF SELF-REPRESENTATION UNDER FARETTA, NOTICE TO PROCEED SUI JURIS AND IN PROPRIA PERSONA, AND NOTICE OF CLERK OBSTRUCTION**

Filed but not docketed

**Exhibit Q**

**VERIFIED EMERGENCY MOTION AND DEMAND FOR PROMPT IDENTITY HEARING, AND OBJECTION TO ERRONEOUS FUGITIVE STATUS, AND FURTHER EXTRADITION PROCEEDINGS WITHOUT A FINDING OF IDENTITY**

Filed but not docketed

**Exhibit R**

**VERIFIED EMERGENCY MOTION FOR IMMEDIATE BOND HEARING AND OBJECTION TO CONTINUED DETENTION WITHOUT STATUTORY AUTHORITY AND REQUEST FOR IMMEDIATE RELEASE AND PR BOND**

Filed but not docketed

PETITIONER'S **VERIFIED** REPLY TO RESPONDENT SHERIFF'S RESPONSE (DKT. 22) AND MOTION TO STRIKE
DEFECTIVE, MISLEADING, AND JURISDICTIONALLY INSUFFICIENT ASSERTIONS

**Exhibit S**

**VERIFIED EMERGENCY PETITION AND DEMAND FOR WRIT OF HABEAS CORPUS DUE TO NO FUGITIVE STATUS, NO NOTICE OR DUE PROCESS, NO GOVERNOR'S WARRANT, NO PROBABLE CAUSE, AND UNLAWFUL TEXAS RESTRAINT, WITH HOLD HARMLESS AND INDEMNITY OFFER AND AGREEMENT HEREIN**

Filed but not docketed

**Exhibit T**

**VERIFIED AFFIDAVIT OF FACTS IN SUPPORT OF MANDATORY IMMEDIATE RELEASE, NON-FUGITIVE STATUS, UNLAWFUL IMPRISONMENT, AND VOID EXTRADITION**

Filed but not docketed

**Exhibit U**

**VERIFIED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS CHALLENGING UNLAWFUL DETENTION, DENIAL OF BAIL, AND EXTRADITION WITHOUT LAWFUL AUTHORITY WITH GLOBAL RELEASE AND HOLD HARMLESS HEREIN**

Filed but not docketed

**Exhibit V**

**Respondents' Exhibit 6 – Incomplete State Habeas Submission**

First page only of the State Application for Writ of Habeas Corpus, omitting remaining pages addressing lack of requisition, absence of Governor's Warrant, and statutory discharge or bail mandates.

**Exhibit W**

**Complete State Application for Writ of Habeas Corpus (Stalled Extradition)**

Full, unredacted State habeas filing, including all pages and arguments concerning lack of requisition, absence of Governor's Warrant, and mandatory discharge or bail provisions.

**Exhibit X**

**Verified Emergency Notice of Clerk Obstruction, Counsel Record Fraud, Sixth Amendment Violations, and Unlawful Administrative Detention, including internal Exhibits A–F**

Collectively documenting obstruction by County Court at Law No. 2 clerk and court, denial of access to filings, and impossibility of state exhaustion.

Date: February 7, 2026

# **CERTIFICATE / P R O O F  O F  S E R V I C E**

STATE OF TEXAS                    )

                                  )        ss.

COUNTY OF WILLIAMSON              )

     I am competent, over the age of eighteen years, and not a party to the within action.  My mailing address is, **care of:** 2082 Highway 183 #170-229.  On or about **February 7, 2026**, I served the within documents:

1.  PETITIONER'S **VERIFIED** REPLY TO RESPONDENT SHERIFF'S RESPONSE (DKT. 22) AND MOTION TO STRIKE DEFECTIVE, MISLEADING, AND JURISDICTIONALLY INSUFFICIENT ASSERTIONS

2.  EXHIBITS E, F, and M-X

Date: February 7, 2026

# SERVICE LIST

**By Certified Mail.** I placed a true and correct copy of the foregoing document in a sealed envelope, addressed to each person listed below, and deposited the envelopes into the custody of the United States Postal Service in Williamson County, Texas, with proper postage affixed, sent via **Certified Mail, Return Receipt Requested (USPS Form 3811)**. The mailing occurred in Williamson County, Texas, on the date indicated below. Service by mail is complete upon mailing.

**Sheriff of Williamson County, Texas**
In his official capacity as custodian of the Williamson County Jail
Williamson County Sheriff's Office
508 S. Rock Street
Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 2739 9241 42

**Office of the Governor of Texas**
Criminal Justice Division – Extradition
P.O. Box 12428
Austin, TX 78711
Certified Mail No. 9589 0710 5270 2739 9241 59

**By Electronic Service.** I transmitted a true and correct copy of the foregoing document by electronic service to each recipient listed below by sending the document to their publicly available or designated official email address. Transmission was completed from Williamson County, Texas, on the date indicated below. Electronic service is deemed complete upon successful transmission.

**United States Attorney**
Western District of Texas
Austin Division
**Email: *usa.txw@usdoj.gov***

PETITIONER'S **VERIFIED** REPLY TO RESPONDENT SHERIFF'S RESPONSE (DKT. 22) AND MOTION TO STRIKE
DEFECTIVE, MISLEADING, AND JURISDICTIONALLY INSUFFICIENT ASSERTIONS

Date: February 7, 2026

**Office of the Texas Attorney General**
Criminal Justice Division
**Email:** *criminaljustice@oag.texas.gov*

**Bridget Chapman**
Williamson County Attorney's Office
*Email: bridget.chapman@wilcotx.gov*

**Office of the Texas Attorney General**
Criminal Justice Division
Attn: Tomee Heining, Assistant Attorney General
*Email: caddocket@oag.texas.gov*

**Gunnar P. Seaquist**
Counsel for Williamson County Sheriff
*Email: gseaquist@bickerstaff.com*

**Sara Labashosky**
Counsel for Williamson County Sheriff
*Email: slabashosky@bickerstaff.com*

**Canon P. Hill**
Counsel for Williamson County Sheriff
*Email: chill@bickerstaff.com*

**Cara Hanna**
*Attorney in charge - Office Of The Attorney General Of Texas*
*Email: cara.hanna@oag.texas.gov*

 

I declare under penalty of perjury under the laws of the United States and the State of Texas that the foregoing is true and correct. Executed on February 7, 2026, in Williamson County, Texas.

 

                             *__/s/Chris Yarbra/__*
                               Chris Yarbra

PETITIONER'S **VERIFIED** REPLY TO RESPONDENT SHERIFF'S RESPONSE (DKT. 22) AND MOTION TO STRIKE DEFECTIVE, MISLEADING, AND JURISDICTIONALLY INSUFFICIENT ASSERTIONS

-Exhibit E-



# ARREST WARRANT



MARTIN COUNTY, FLORIDA

STATE OF FLORIDA
-vs-
KEVIN LEWIS WALKER
Defendant

Clerk Case No: 25000913CFAXMX

Agency: Martin County Sheriff's Office
Agency#: 2025-00060821
Lead Officer: Detective Jennifer C Jaques
ASA: Kaitlin Lustgarten
ASA Approve Date: Jul 28, 2025

In the name of the State of Florida -
To all and Singular Sheriffs of the State of Florida and to Any State Attorney Investigator - Greetings:

You are HEREBY COMMANDED to arrest:

Def Name:    KEVIN LEWIS WALKER
Address:     ███████ Temecula California, ██
DOB:
Race/Sex:
Ht/Wt:
Eye/Hair:
SSN:
DL#:         CA█████
FDLE:
FBI
Alias:

Whereas upon the sworn affidavit, complaint or other sworn testimony of Detective Jennifer C Jaques of the Martin County Sheriff's Office the undersigned Judge, has found that there exists probable cause to believe that one KEVIN LEWIS WALKER, in Martin County, Florida did commit the below listed offense(s), contrary to the provisions of Florida Statutes.

| Count(s) | Offense Code | Charge Description | Bond Amt | Total Amt |
|---|---|---|---|---|
| 1 | FSS 817.535 (2)(a) | FRAUD-FALSE STATEMENT - UNLAWFULLY FILE FALSE DOCUMENT – F/3 | $10,000.00 | $10,000.00 |
| 1 | FSS 836.05 (1) | EXTORT - EXTORT OR THREATEN ANOTHER PERSON – F/2 | $40,000.00 | $40,000.00 |

COUNT 1  UNLAWFUL FILING OF FALSE DOCUMENTS AGAINST PROPERTY (F 3)
COUNT 2  EXTORTION (F 2)

COUNT 1:  On or Between March 28, 2025 and June 9, 2025 Kevin Lewis Walker did file or directed a filer to file, with the intent to defraud or harass another, any instrument containing a materially false, fictitious, or fraudulent statement or representation that purports to affect an owner's interest in the property described in the instrument, in violation of Florida Statute 817.535(2)(a);

| Agency Name: **Martin County Sheriff's Office** | Defendant Name: KEVIN LEWIS WALKER |
|---|---|
| Agency Case # 2025-00060821 | SA Case ID: 2025-43-000416 |
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

COUNT 2:  On or Between March 28, 2025 and June 9, 2025 Kevin Lewis Walker  did unlawfully, by verbal, written, or printed communication, maliciously threaten to accuse another of a crime or offense, or maliciously threaten an injury to the person, property or reputation of another, or maliciously threaten to expose another to disgrace, or to expose any secret affecting another or to impute a deformity or lack of chastity to another, with the intent thereby to extort money or any pecuniary advantage whatsoever, or with the intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against the person's will, in violation of Florida Statute 836.05;

These Are Therefore to Command you to forthwith arrest and bring the above-named defendant before me to be dealt with according to law.

Given under my hand and seal this 28th day of Jul, 2025.

*William Roby*

Judge William L Roby
19TH JUDICIAL CIRCUIT - MARTIN
COUNTY OF MARTIN
STATE OF FLORIDA

Condition of Bond Release/Release on Recognizance:

[X] No Contact with Victim:  Until further order of the Court or the charge is dismissed by the State, the Defendant shall not directly or indirectly contact the victim  in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. This restriction shall include the following condition(s), if marked:

> [X] Defendant may not knowingly come closer than 50 feet to the victim at any public place, except for court proceedings, or within 500 feet of the victim's residence or place of employment, or 100 feet of any vehicle regularly driven by the victim.

> [] Defendant may go to victim's residence one time with a law enforcement officer to get Defendant's clothing and personal effects.

> [] Defendant may speak to victim on the telephone *only* to discuss sharing parental responsibility for their minor child(ren).

> [X] If marked, Defendant shall be held without bond until the First Appearance Hearing.
> [] OTHER BOND CONDITIONS:

| Agency Name: **Martin County Sheriff's Office** | Defendant Name: KEVIN LEWIS WALKER |
|---|---|
| Agency Case # 2025-00060821 | SA Case ID: 2025-43-000416 |
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on:  Jul 28, 2025 |

Page 14

# IN THE CIRCUIT/COUNTY COURT 19th JUDICIAL CIRCUIT IN AND FOR MARTIN COUNTY FLORIDA

**AFFIDAVIT**

| | |
|---|---|
| Court Case Number | State of Florida |
| **25000913CFAXMX** | **vs. KEVIN LEWIS WALKER** |
| Agency Case Number | In MARTIN COUNTY, |
| **2025-00060821** | State of Florida |

To all and singular Sheriffs of the State of Florida whereas Detective Jennifer C Jaques has made an oath on  Jul 22, 2025, that KEVIN LEWIS WALKER in the aforesaid county did unlawfully violate

| Count(s) | Offense Code | Charge Description |
|---|---|---|
| 1 | FSS 817.535 (2)(a) | FRAUD-FALSE STATEMENT - UNLAWFULLY FILE FALSE DOCUMENT |
| 1 | FSS 836.05 (1) | EXTORT - EXTORT OR THREATEN ANOTHER PERSON |

contrary to the law in such case and provided, and against the peace and dignity of the State of Florida

## Statement of Probable Cause / Narrative

Date of Crime: 03-28-2025 to 06-09-2025
Time of Crime: 08:00

On April 17, 2025, I was advised of a possible fictitious real estate document which was trying to be recorded with the Martin County Clerk's Office. Lt. M. Skowronski was notified by Martin County Clerk of the Circuit Court and Comptroller, Carolyn Timmann, that they believed Bruce Quinn, a property owner in Martin County, was the victim of someone trying to take his property in Sailfish Point. Lt. Skoronski provided me with paperwork, and stated Timmann reached out to Quinn, who was expecting our call.

I spoke to Timmann and Chief Deputy Clerk, Cheri Vancora, regarding the documents and the background regarding this incident. I learned someone by the name of Kevin Walker sent an "Affidavit of Lis Pendens and Constructive Notice of Secure Equitable Interest in Real Property Located at 3016 SE Dune Drive, Stuart, FL 34996", via mail to the Official Records Department. The affidavit was sent to their P.O. Box, which is an accepted way to file official recordings/records in Martin County. The document stated it should be returned to Real Private IRR Trust, c/o ▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Temecula, California ▆▆▆▆▆ It identified Walker as the "Authorized Representative" of Real Private IRR Trust.

Timmann and Vancora told me the record/instrument Walker was trying to record did not meet the statutory requirements to record it and had a technical flaw, therefore it was "suspended", and returned to Walker.

On April 14, 2025, at 12:08PM, Brianna Gagliardo, manager of the Official Records, received an email from ▆▆▆▆▆▆▆▆▆▆▆ with the subject line being "Unlawful Rejection of Recordable Instrument: Affidavit of Lis Pendens (State Case #25000368CAAXMX)". It was from Kevin Walker, who addressed himself as "Attorney-In-Fact", with the Walkernova Group. The email was to "*address your office's refusal to record…. Such refusal, without written cause or statutory authority, constitutes an obstruction of a lawful filing and may amount to willful administrative misconduct.*" The email argued that everything was done correctly, and she was "hereby instructed" to record the Affidavit of Lis Pendens, or "*provide a written statement citing the precise statutory authority under which your office claims the legal basis for the denial of this filing*".

| | |
|---|---|
| Agency Name: **Martin County Sheriff's Office** | Defendant Name: KEVIN LEWIS WALKER |
| Agency Case # 2025-00060821 | SA Case ID: 2025-43-000416 |
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on:  Jul 28, 2025 |

Page 1

At 12:12, Gagliardo got the same exact email from ███████████com. At 12:17PM, she got another email from this email address, requesting a written explanation citing the specific statute that prohibits its recordation, and argues as to why it should have been recorded. Later, Walker called in to the Clerk's Office, to argue his point using aggressive behavior, profanity, and calling the employees vulgar names. Gagliardo brought the emails and phone call to Timmann's attention, who reviewed them and let Lt. Skowronski know. Timmann told me her office is very aware of the ongoing trend in which criminals file fraudulent instruments and take over real property. They pay special attention to the documents in relation to this.

Timmann explained that while Walker sent the document via USPS mail to be recorded in the Official Records, he also filed documents on the Clerk's Office E-Filing Portal, which allows electronic filing of documents for court cases 24 hours a day, 7 days a week. I was provided with his profile page on the E-portal  which shows his name is "Kevin W", and he is self-represented. The address provided is ████████ The phone number associated is ███████ and the email address is ███████com.

Sergeant Deckard and I met Quinn at his home at 3016 SE Dune Drive, in Sailfish Point. Quinn told us he listed his home for sale in September of 2024. He told us he was told by the Broker at Sailfish Point Realty that there was an offer of $45,000,000 by a trust. Quinn stated he told the broker to schedule a meeting, however the interested party never followed through or agreed. Quinn stated he thought that was the end of it until he began to receive notices of court filings against him. Quinn told me "Real Private IRR Trust By and Through its Fiduciary and Executor Kevin Walker" filed the Lis Pendens on his property, which put a cloud on it. Quin told me since then, other filings have been filed against him, his wife Susan, and one of his LLC's, Q2 Management. He told me that also listed in the lawsuit is Martin Conroy, Susan Turner, and Sailfish Point Realty LLC.

Quinn told us that his attorney was involved and did research into Kevin Walker and learned he has an Instagram account ███████ Quinn told us the account appears to be dedicated to telling people how to take over real property and pushing ███████ Quinn told me he felt Walker was threatening him with the lawsuits, and didn't like the verbiage he used such as "...stands ready to finalize this matter peacefully and equitably". Also in the letter, Walker says "Real Private IRR Trust.... Remains open to immediate conveyance, recording, or other honorable closure to prevent unnecessary litigation, legal costs, or further exposure". Walker has been sending the documents via USPS to his address. The latest mailed documents have a handwritten note on it which says "We come peace. Have you been credited $45,000,000.00?". Quinn provided me with copies of the emails, and the letters sent.

On April 24, 2025, I spoke to Martin Conroy, who is the Broker/Managing Partner with Sailfish Point Realty. Conroy told me on March 28, 2025, the suspect, Kevin Walker, sent an email to Susan Turner, a Realtor with Cocoran Real Estate Group. Conroy provided me with the emails which are outlined below:

- March 28, 2025, at 11:37AM, initial email to Susan from Kevin Walker. The email states: *"Hi Susan, There is interest in making an offer for the asking price ($45,000,000.00) and acquiring the property located at 3016 SE Dune Drive, Stuart, Florida 34996. - https://www.zillow.com/homedetails/3016-SE-Dune-Dr-Stuart-FL-34996/54567377_zpid/ Would you be able to provide a purchase agreement for review? This would be a straightforward, no-contingency purchase, with the property titled to a*

| Agency Name: **Martin County Sheriff's Office** | Defendant Name: KEVIN LEWIS WALKER |
|---|---|
| Agency Case # 2025-00060821 | SA Case ID: 2025-43-000416 |
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

*private trust. Please note that both the funds and the acquisition are private. A executed purchase agreement is required to appropriately handle the obligation. Best, Kevin".*

- March 28, 2025, at 8:41AM, Susan responded with "Please Explain".

- March 28, 2025, at 12:03PM, Walker responded: *"Hi Susan, Thank you for your response. To clarify: There is sincere interest in acquiring the property located at 3016 SE Dune Drive, Stuart, Florida 34996, at the full asking price of $45,000,000.00. This would be a straightforward, no-contingency transaction, with the property to be titled to a private trust. The funds and the acquisition process are private, and the structure is already in place to proceed. To move forward appropriately, we are requesting a purchase agreement for review and execution, as this is a necessary instrument to formally handle and process the obligation. We're prepared to close within a customary or expedited timeline based on your preference."*

- March 28, 2025, at 11:21AM, Susan responds: *"Kevin, Would this be in a Florida Land Trust? May we schedule a ZOOM call so that I can ask you a few questions and find out more specifics? Thank you, Susan".*

- March 28, 2025, at 11:46AM, Walker responded: *Hi, Yes, the title would be held in a private trust, and a Florida Land Trust structure is certainly within consideration depending on how the title company prefers to handle the conveyance and recording. The goal is to preserve privacy and administrative flexibility. At this time, I'm traveling and prefer to keep all communications in writing to ensure clarity, accuracy, and a clear paper trail for all parties involved. I've found this approach also helps maintain discretion and avoids any misunderstandings that can sometimes arise from informal or verbal exchanges. I'd be happy to answer any specific questions you may have—feel free to send them over, and I'll respond promptly and thoroughly."*

- March 28, 2025, at 8:01PM, Walker sends Susan and Conroy: *"Hi Susan and Martin, Attached to this email is a binding offer (if accepted) for the purchase of 3016 SE Dune Drive, Stuart, Florida 34996, at the full asking price of $45,000,000.00. The offer reflects a private, no-contingency acquisition, with the property to be titled in a private trust and funded through privately administered means. All relevant terms are outlined in the attached document for your review and consideration. Please feel free to return the signed offer via email—an electronic signature and scanned or digital copy is perfectly acceptable for our records. Kindly note that this offer will remain valid for 72 hours from the time of this email and will expire thereafter unless accepted in writing. Looking forward to your response. Kevin, Authorized Representative".*

I reviewed the attached binding offer, which was only signed by Walker.

- March 29, 2025, at 11:28AM, Conroy sends Walker: *"Good afternoon Kevin, The seller is interested in your offer and has requested a phone call between you, Susan and me to discuss further. Would you prefer that we give you a call, or would you like to call us? The owner has asked that we connect either today or tomorrow. You can reach Susan at ▉▉▉▉ and me at ▉▉▉▉ Thanks, Martin".*

- The next email Walker sent is to Conroy and Susan and was sent April 5, 2025, at 5:06PM. The email states" *Dear Martin Conroy and Susan Turner, I hope this message finds you well. This email serves to confirm that you received, acknowledged, and expressed interest in the offer to purchase the property at 3016 SE Dune Drive, dated March 28, 2025, including a proposed Zoom meeting which I*

| Agency Name: **Martin County Sheriff's Office** | Defendant Name: KEVIN LEWIS WALKER |
| Agency Case # 2025-00060821 | SA Case ID: 2025-43-000416 |
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

Page 3

*did not reject or cancel, but simply did not respond to while traveling. Nonetheless, your actions—including continued communication and the removal of the property from the market shortly thereafter—constitute consideration, acceptance, and performance in line with the terms of the original offer. These actions are consistent with a meeting of the minds and the formation of a binding agreement under both contract and commercial law. Please find attached the formal Affidavit of Sale, Tender, Accepted Offer, Discharge, and Vesting of Title in Real Private IRR Trust, with Demand for Grant Deed and Close of Escrow. This affidavit documents the relevant facts and preserves the record of this transaction. Should you require anything further to proceed with the completion of escrow and delivery of title, please advise via registered or express mail within three (3) calendar days. Thank you in advance for your attention and honorable cooperation."*

- On April 5, 2025, at 7:22PM, Walker sends another email to Conroy and Susan with an "amended affidavit".

- On April 6, 2025, at 10:48AM, Walker sends Conroy, Susan, Bruce Quinn, and his wife Susan Quinn, and email which states: *"Dear Martin Conroy, Susan Turner, Bruce W. Quinn, Susan L. Quinn, Fiduciary(ies), I hope this message finds you well. Please find attached a duly executed Affidavit of Perfected Security Interest, Equitable Claim, and Demand for Lawful Deed of Conveyance concerning the real property located at: 3016 SE Dune Drive, Stuart, Florida 34996. This affidavit has been submitted in good faith, with clean hands, and in accordance with commercial law, equity, and public policy. It serves as both actual and constructive notice of a perfected and recorded security interest by the Real Private IRR Trust, Lawful tender and acceptance by conduct under UCC Article 2 and 3, And a formal demand for deed and transfer of title in accordance with the original instrument delivered and accepted in performance. The affidavit includes all supporting exhibits, proof of service, and reference to the prior unrebutted affidavit already served. A rebuttal or good faith response is respectfully requested within the timeline specified therein. If any further information, clarification, or documentation is required to complete the lawful conveyance, please advise promptly by registered or express mail to the address provided within the affidavit, or via email and registered or express mail. Thank you for your attention to this important matter. We respectfully seek resolution in peace and equity."*

- On April 6, 2025, at 5:35PM, Walker sends them another email which states: *"I hope this email finds you well. This message serves as a final good faith communication regarding the property located at: 3016 SE Dune Drive, Stuart, Florida 34996. As you are aware, a signed commercial offer and negotiable instrument were tendered on or about March 28, 2025, by Real Private IRR Trust, and acknowledged via email. On or about April 1, 2025, the property was removed from the market, evidencing acceptance by conduct and forming a binding agreement under equity, contract law, and the Uniform Commercial Code. To date, no formal response, deed transfer, or escrow closing has taken place. The instrument has not been returned, rebutted, or dishonored. Accordingly, value has been lawfully tendered and accepted by operation of law. Please be advised that if no communication or performance is received within 72 hours, the undersigned may proceed to file IRS Forms 1099-A and 1099-OID, reflecting the acquisition and value recognition of the secured property; And, if necessary, IRS Form 1099-C for discharge of obligation. These filings will reflect the status of the transaction, the retained instrument, and any commercial benefit derived by the receiving party. This process is lawful and proper under 26 U.S.C. § 6041, 31 U.S.C. § 5118, and UCC §§ 3-303, 3-603, and 9-509, and will create a permanent federal record. Please understand this is not a threat, but an opportunity to resolve this matter peacefully, privately, and equitably. If there is any intention to move forward in good faith, please respond via registered or express mail and email within 72 hours*

| Agency Name: **Martin County Sheriff's Office** | Defendant Name: KEVIN LEWIS WALKER |
|---|---|
| Agency Case # 2025-00060821 | SA Case ID: 2025-43-000416 |
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

*of this notice. I look forward to your good faith reply and a proper conclusion in honor.— "Silence where there is a duty to speak is fraud." "He who does not deny, admits.".*

- On April 8, 2025, at 10:29AM, Walker sends them another email, reiterating the above. It states: *"This message serves as a follow-up to our prior communication regarding the lawful tender and acquisition of the property located at: 3016 SE Dune Drive, Stuart, Florida 34996. As outlined previously, a valid commercial tender and negotiable instrument were executed and delivered on March 28, 2025, and acknowledged via email correspondence. The subsequent removal of the property from the market on or about April 1, 2025, confirmed acceptance by conduct under established contract law, equity, and UCC §§ 2-204, 2-206, 3-104, 3-303, 3-601, and 3-603. To date, there has been no formal deed transfer, escrow closure, or good faith reply. The tendered instrument remains unrebutted and undischarged. Unless a good faith response or closure communication is received today by 12:33 PM Pacific Time, the undersigned intends to proceed with the filing of the attached Affidavit of Lis Pendens and Constructive Notice of Secured Equitable Interest, along with the associated instruments and records in the public domain. The filing will establish and perfect the Trust's constructive and commercial claim on the property, pending further judicial or equitable remedy. This final outreach is made in good faith, in equity, and with clean hands, in pursuit of peaceful settlement. We continue to welcome a prompt, honorable resolution without the need for further enforcement action.".*

- On April 8, 2025, at 12:50PM, Walker sends another email which states: *"This message serves as a final follow-up to our prior communications concerning the lawful acquisition of the real property located at: 3016 SE Dune Drive, Stuart, Florida 34996. As previously stated, a valid commercial tender and negotiable instrument were executed and delivered on March 28, 2025, by Real Private IRR Trust. These were acknowledged via email correspondence from your office. On or about April 1, 2025, the property was removed from the market—constituting material acceptance by conduct, constructive performance, and meeting of the minds, thereby forming a binding agreement under contract law, equity, and governing provisions of the Uniform Commercial Code, including: UCC § 2-204 & § 2-206 – Contract formation by conduct and acceptance. UCC § 3-104 & § 3-303 – Valid negotiable instrument and value. UCC § 3-601 & § 3-603 – Discharge of obligation by tender. No formal deed transfer, escrow closure, or good faith response has been received. The instrument remains unrebutted, undischarged, and by all standards, accepted as lawful tender. Accordingly: The Affidavit of Lis Pendens and Constructive Notice of Secured Equitable Interest has now been filed and perfected in the public record. Attorney fees and enforcement costs are now accruing, and failure to perform may soon constitute obstruction and commercial bad faith. If the deed is not conveyed and escrow is not closed by April 11, 2025, a Quiet Title Action will be filed on April 14, 2025 in the appropriate jurisdiction. Continued silence may trigger personal and fiduciary liability, as well as federal claims under 18 U.S.C. §§ 1341, 1343, 241, and related commercial statutes. This communication is made with clean hands and in good faith, in equity and commerce. A peaceful resolution remains preferred and open until the deadline stated above.".*

- On April 8, 2025, at 6:53PM, Walker sends another email to them, which states: *"This message serves as a final opportunity to settle and close the matter concerning the property located at: 3016 SE Dune Drive, Stuart, Florida 34996. As a good faith gesture, we now offer a private and final opportunity to peacefully resolve this matter. Enclosed is a formal "FINAL NOTICE AND DEMAND FOR CONVEYANCE, RELEASE, AND EQUITABLE CLOSURE," with Hold Harmless Agreement and Mutual Release of Claims," which ensures that, upon proper transfer of title and lawful closure of escrow by April 11, 2025 (preferably April 9, 2025), all parties shall be held harmless and released*

| Agency Name: **Martin County Sheriff's Office** | Defendant Name: KEVIN LEWIS WALKER |
|---|---|
| Agency Case # 2025-00060821 | SA Case ID: 2025-43-000416 |
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

*from further claims, damages, or proceedings. This is an opportunity to conclude this transaction privately, equitably, and with clean hands, without further liability, recordation delays, or federal action. If the property and deed are conveyed by April 11, 2025 (preferably April 9, 2025), no further enforcement or public filings will be pursued. Failure to do so will result in Filing of a Verified Quiet Title Action in equity; Federal claims for obstruction, fraud, or conversion; Additional damages and legal fees due to breach of equity and failure to respond under commercial obligation. This is your opportunity to settle all claims in peace and honor. Kindly respond or perform in good faith.".*

- On April 9, 2025, at 10:26AM, Walker sends them another email, which states: *"I am writing to provide you with a courtesy copy of the Verified Complaint to Quiet Title and for Equitable Relief prepared by the REAL PRIVATE IRR TRUST, regarding the property located at 3016 SE Dune Drive, Stuart, Florida 34996. As you are aware, a lawful and unconditional commercial tender was delivered and remains unrebutted, and multiple notices and affidavits have been served in good faith under both commercial and equitable standards. This trust has remained committed to transparency, good conscience, and peaceful resolution at every stage of this matter. While the Verified Complaint is now finalized and ready for immediate filing, I would still prefer that we avoid unnecessary litigation. In that spirit, I am extending this final opportunity to complete escrow, convey title, and settle the matter honorably and privately. Please be advised: Upon filing, the opportunity for a hold harmless release and mutual release of claims—previously extended in good faith—will expire. Any legal costs (At least $10,000,000), time, and court intervention associated with the complaint will then proceed in the public record. I remain available to resolve this efficiently, amicably, and equitably. A peaceful closure is still possible, but time is of the essence. Please review the attached Verified Complaint in full. I encourage you or your legal counsel to respond within, should you wish to resolve this matter privately and in honor. Please note: A simple, good faith email, text message, or written acknowledgment stating that "escrow will close" will suffice to pause litigation and avoid further commercial default. Such communication—however brief—will preserve the opportunity to resolve this matter peacefully, and will prevent unnecessary legal action, fees, and potential exposure to civil liabilities and federal violations arising from nonperformance, misrepresentation, or constructive fraud.".*

- On April 9, 20205, at 12:56PM, Walker sends an email to them, which states: *"This communication serves as formal notice following your phone call dated April 9, 2025, wherein you explicitly admitted that you are "ignoring" all prior emails, notices, and affidavits served lawfully and in good faith concerning the property located at: 3016 SE Dune Drive, Stuart, Florida 34996. Your statement constitutes an intentional act of bad faith, commercial dishonor, and administrative default under both equity and commercial law. It confirms willful nonperformance and refusal to cure — despite full, lawful tender and multiple opportunities for peaceful closure. As such, please be advised that: The Verified Complaint to Quiet Title and for Equitable Relief will be filed in court, along with all affidavits, emails, the accepted offer and negotiable instrument, and other evidence. Attached is the duly executed Affidavit of Commercial Dishonor, now part of the permanent record and forming the basis of judicial enforcement. This affidavit establishes, under penalty of perjury: That a $45,000,000 negotiable instrument was lawfully delivered, not returned, not rebutted, and remains dishonored; That you, as an agent of record, have retained the instrument or its benefit in violation of fair dealing and equity; That no effort has been made to perform, rebut, or resolve; and instead a verbal admission of disregard was made. Accordingly, all equitable protections previously extended — including the opportunity for private closure, mutual release of claims, and hold harmless protections — are now rescinded. Per your words and bad faith actions the matter will proceed in court.".*

| Agency Name: **Martin County Sheriff's Office** | Defendant Name: KEVIN LEWIS WALKER |
|---|---|
| Agency Case # 2025-00060821 | SA Case ID: 2025-43-000416 |
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

- Following that, on April 10, 2025, at 2:16PM, Walker sends Conroy an email which states: "*Dear Martin, I trust this message finds you well. As you are aware, a Verified Complaint has now been formally filed regarding the matter involving the property at 3016 SE Dune Drive, and all relevant filings and affidavits have been entered into the public and administrative record. Despite this action, I want to reiterate that we continue to operate in good faith, honor, and equity. We remain open to any form of equitable settlement, conveyance, or mutually beneficial resolution that can bring this matter to a peaceful and efficient close. If you, Sailfish Point Realty, Q2 Management, Bruce, Susan, or any other involved party would like to engage in settlement discussions or propose a good-will resolution, we are fully prepared to consider all lawful offers and act with fairness. That said, continued silence, evasion, or bad faith actions will be construed as willful dishonor and breach of fiduciary duty. Let it be known that all named Defendants are now administratively presumed to be in dishonor unless and until rebutted by sworn affidavit or lawful performance. Should this matter not be resolved equitably and in good faith, we are fully prepared to escalate the case to federal court. Additional claims for criminal conspiracy, commercial fraud, mail fraud, and breach of fiduciary duty may be asserted under Title 18 U.S. Code and applicable Florida and federal statutes. Every act of obstruction or concealment going forward will compound liability. This invitation stands as an opportunity to resolve matters privately and without unnecessary prolonging of litigation or increased legal expense. Our intent remains the peaceful finalization of what has already occurred in fact and in commerce. Please feel free to reach out directly should you wish to initiate a constructive dialogue.*".

- On April 11, 2025, at 12:58PM, Walker sends all of them another email, which states: "*In continued good faith and honor, please find attached the following two documents for your formal attention and acknowledgment: 1. Private Settlement Offer to Convey Title – outlining final opportunity to resolve this matter peacefully, with mutual release of claims upon timely deed conveyance. 2. Affirmation of Acceptance by Conduct and Equity – documenting the legal and equitable basis for contract formation based on your prior communications, agency conduct, and removal of the property from public listing. As you are aware, your prior response confirming the seller's interest and requesting a call to move forward, followed by the subsequent delisting of the property, constitutes acceptance by conduct under both UCC §§ 2-204 and 2-206, and is further recognized in equity. No further performance is required on our part. The offer has been lawfully tendered, accepted, and unrebutted. A Lis Pendens has been recorded in Martin County and Court and remains active. That said, the Trust remains open to a peaceful, honorable, and efficient resolution. You may prevent further judicial enforcement by coordinating immediate execution and recording of the General Warranty Deed in favor of: "Real Private IRR Trust, dated February 7, 2022". Failure to respond, delay, or continued silence will be treated as further dishonor. As previously stated, all Defendants are presumed in default. We are prepared to escalate the matter to federal court for constructive trust, breach of fiduciary duty, and further relief if equity is not observed. Please confirm receipt and your intent within 72 hours of this notice.*"

- On April 14, 2025, at 11:30AM, Walker sends Conroy and Susan an email which states: "*This message serves as a final good faith communication and notice of intent to sue you BOTH, personally and in your public capacities. We have noticed you, emailed you, called you, and already filed a lawsuit. Regardless, you continue to willfully and intentionally violate State and Federal law. Despite our repeated efforts to resolve this matter honorably and equitably, including private settlement offers, notices, affidavits, and recorded filings, no meaningful response, rebuttal, or good-faith remedy has been provided. Your continued silence and failure to perform have created commercial default, breach of fiduciary duty, and dishonor under both equity and law. Absent immediate remedy or lawful closure, a federal lawsuit will be filed against both you and Susan Turner in your individual*

| Agency Name: **Martin County Sheriff's Office** | Defendant Name: KEVIN LEWIS WALKER |
|---|---|
| Agency Case # 2025-00060821 | SA Case ID: 2025-43-000416 |
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

*and commercial capacities for, including but not limited to: Fraudulent concealment and breach of fiduciary duty. Conversion of commercial instruments and failure to return tender. Constructive fraud and bad faith dealings. Violations of 18 U.S.C. § 1341 (Mail Fraud). Intentional interference with a lawful contract and trust transaction. Civil RICO violations under 18 U.S.C. § 1964 (if applicable pattern established). The record clearly shows acknowledgment of the offer, acceptance by conduct, and failure to perform — followed by an explicit admission of willful ignorance. These facts, combined with unrebutted affidavits, perfected security interest filings, and the removal of the subject property from the market, give rise to clear legal standing for action in both equity and federal jurisdiction. Should you wish to resolve this matter without further escalation, we remain open to peace, equity, and private remedy. Time is of the essence. Please reply or have counsel respond within 24 hours of receipt of this notice, or the SUMMONS, CIVIL COVER SHEET, VERIFIED COMPLAINT, and EVIDENCE will be filed in Federal court against you personally, and this will become a public matter covered by new channels and media outlets.*".

Along with the numerous emails outlined above from ████████████████ Conroy was served with court documents which were being served upon him, via email from ████████████ which is the group Walker is affiliated with. The documents were filed using the E-filing portal system Timmann told me about. The emails and court documents in relation are listed below:

| Date: | Parties: | Document: | Case #: | Notes: |
|---|---|---|---|---|
| 4/9/2025 | Real Private IRR Trust vs Martin Conroy | 1. Verified Complaint to Quiet Title and For Equitable Relief, 2. Exhibits A through M | Filing #220698109 | Sender: "Chris on behalf of, Plaintiffs ███████ From ████████████ To: Conroy, Turner cc'd |
| 4/10/2025 | Real Private IRR Trust vs Martin Conroy | 1. Verified Complaint to Quiet Title and For Equitable Relief, 2. Exhibits A through M, 3. Summons | 25000368CAAXMX | Sender: "Chris on behalf of, Plaintiffs ███████ From ████████████ Conroy, Turner and Walker cc'd |
| 4/11/2025 | Real Private IRR Trust vs Martin Conroy | 1. Notice of Filing Exhibits/Evidentiary Materials, 2. Exhibits A through M | 25000368CAAXMX | Sender: "Chris on behalf of, Plaintiffs ███████ From ████████████ to Conroy and Turner cc'd |
| 4/19/2025 | Real Private IRR Trust vs Martin Conroy | 1. Demand for Summary Judgement in Equity, 2. Notice of Filing Proposed Final Judgement, 3. Proposed Final Judgement Quieting Title | 25000368CAAXMX | Sender: "Chris on behalf of, Plaintiffs ███████ From ████████████ to Conroy and Turner. |
| 4/19/2025 | Real Private IRR Trust vs Martin Conroy | 1. Amended Verified Complaint to Quiet Title and for Equitable Relief, 2. Exhibits A through M | 25000368CAAXMX | Sender: "Chris on behalf of, Plaintiffs ███████ From |

| Agency Name: **Martin County Sheriff's Office** | Defendant Name: KEVIN LEWIS WALKER |
|---|---|
| Agency Case # 2025-00060821 | SA Case ID: 2025-43-000416 |
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

| | | | | ████████████ |
|---|---|---|---|---|
| | | | | to Conroy and Turner cc'd |

On April 29, 2025, Conroy and Sailfish Point Realty LLC's attorney, Douglas Kress, filed a "Motion to Dismiss Amended Verified Complaint to Quiet Title and for Equitable Relief with Supporting Memorandum of Law". On June 3,2025, Judge M. McNicholas granted the motion to dismiss. On June 9, 2025, Walker, who is now going by "Kevin: Realworldfare" filed a federal lawsuit against Kress, Conroy, Sailfish Point Realty, Bruce and Susan Quinn, and Judge McNicholas for civil rights violations.

I investigated the Instagram account Quinn stated was Walker's and confirmed the things Quinn saw. In December of 2023, the ████████████ begin to present themselves as he ends his posts with ████████████ which means "means having full legal capacity to act on one's own behalf: not subject to the authority of another 2. qualified to enjoy full rights of citizenship.". He talks about how the government is corrupt, and that there is no such thing as money. Walker states things like "I formally reject any presumption that I am a citizen of the United States", and "The money of the ████████ is his credit, he is the wealth for which no substance on earth can establish a value for." There are posts about the US Code, and claims to an instrument, and an affidavit certificate of non-response and judgement, which may be relevant to this case.

Through investigation, I learned Kevin L. Walker is a real person, with an address of ████████ Temecula, California ████ His DOB is ████ and his phone number is listed as ████████ He lives with his girlfriend ████████████ who is the mother of two of his children. The address used in all the court documents at ████████████ Temecula, California, is a Postal Annex business which holds post office boxes.

On April 29, 2025, I sent subpoena requests to the State Attorney's Office for subpoena issuance to Google, to confirm Walker is the owner of the email address which is sending the emails, to Domains By Proxy, which was identified as the domain host for ████████ and Instagram (Meta), for subscriber information and IP addresses linked to the Instagram account Quinn believes is Walker.

On May 6, 2025, I received the responsive records from Google in reference to the subpoena I sent them on this case. I learned the email address ████████ was created on December 19, 2015, and is in the name of Kevin W. The SMS recovery phone number linked to the account is ████████ which is identified as a Bandwidth phone number. The IP address captured during the last login to the account is ████████████ This comes back to Charter Communications with a location in Temecula, California.

On June 12, 2025, I received the records from Instagram (Meta). They were unable to provide any IP address records, however I learned the Instagram account has a vanity name of "kevinlwalker", and an email address of ████████████

On June 18, 2025, I received the responsive records from Domains By Proxy, in reference to the subpoena I sent them on this case regarding the email address walkernovagroup.com. Records provided indicate the Registrant Contact, Technical Contact, Administrative Contact, and Billing Contact is "Kevin Walker". His email is identified as ████████ The address is ████████ Temecula, CA ████ His phone number is identified as ████████ Based on the evidence collected, it is apparent the email address is being operated by Walker, the same one I located at this address in Temecula, CA.

| Agency Name: **Martin County Sheriff's Office** | Defendant Name: KEVIN LEWIS WALKER |
|---|---|
| Agency Case # 2025-00060821 | SA Case ID: 2025-43-000416 |
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

I spoke to Conroy and Susan Turner with Quinn at his residence. They confirmed no money was ever exchanged, and no contract or agreement was ever signed or spoken of. They all believe Walker is filing lawsuits against them, in an effort to get them to pay him, so that the lawsuits will be dismissed.

I attempted contact with Walker on June 27, 2025, however there was no answer. I tried again on July 8, 2025, and to date Walker hasn't returned my calls, or reached out to me.

Based on the totality of the circumstances, and evidence collected, there is probable cause to believe Walker is in violation of F.S.S. 817.535(2)(a), as he directed a filer to file, with the intent to defraud or harass the identified victims, an instrument (Affidavit of Lis Pendens and Constructive Notice of Secure Equitable Interest in Real Property Located at 3016 SE Dune Drive, Stuart, FL 34996) containing materially false, fictitious, or fraudulent statement or representation ("On or about March 28, 2025, a valid negotiable instrument constituting lawful tender was submitted to Martin Conroy and/or Susan Turner of Sailfish Point Realty, acting as fiduciaries on behalf of Q2 Management LLC, constituting a binding offer to purchase the subject property"). that purports to affect an owner's interest in the property described in the instrument ("This Affidavit of Lis Pendens is intended for recording in the public land records of Martin County, Florida, to serve as a formal notice under applicable Florida and equity law, and to provide third parties, buyers, and interested entities with constructive notice of the Claimant's secured, vested, and superior interest in the subject property, which shall take legal precedence over any subsequent or competing claimants who fail to rebut this filing in law or equity.").

There is also probable cause to believe Walker is in violation of F.S.S. 836.05, extortion. Walker made several written communications to the victims in this case (Bruce Quinn and Susan Quinn) who own the property on Dune Circle.  The communications threatened to injure the property of the Quinn's, and were made maliciously, with the intent to extort money and/or their property. Walker also violated that statute when he made several written communications to Susan Turner, and Martin Conroy, and in the communications, he threatened to injure their reputation and expose them to disgrace. The threat was made maliciously, with the intent to extort money and/or Quinn's property.

## Witnesses

### Victims
W/M, Bruce W. Quinn, DOB: ▉▉▉▉▉
▉▉▉▉▉▉▉▉▉

W/F, Susan Quinn, DOB: ▉▉▉▉▉
▉▉▉▉▉▉▉▉

W/M, Martin Conroy, DOB: ▉▉▉▉
▉▉▉▉▉▉▉▉

W/F, Susan M. Turner, DOB: ▉▉▉▉
▉▉▉▉▉▉▉

| Agency Name: **Martin County Sheriff's Office** | Defendant Name: KEVIN LEWIS WALKER |
|---|---|
| Agency Case # 2025-00060821 | SA Case ID: 2025-43-000416 |
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on:  Jul 28, 2025 |

Page 10



## Vehicles

I hereby request that an arrest warrant be issued for KEVIN LEWIS WALKER for violation of Florida State Statute(s) listed above. Under penalties of perjury, I, Detective Jennifer C Jaques, declare that I have read the foregoing and that the facts stated therein are true and correct to the best of my knowledge and belief.

*Jennifer Jaques*

Detective Jennifer C Jaques
Affiant

SWORN TO AND SUBSCRIBED before me on this the 23rd day of Jul, 2025.

*Joe Deckard*

Sergeant Joe Deckard

Law Enforcement Officer Authorized to Administer Oaths under F.S. 117.10.

| Agency Name: **Martin County Sheriff's Office** | Defendant Name: KEVIN LEWIS WALKER |
|---|---|
| Agency Case # 2025-00060821 | SA Case ID: 2025-43-000416 |
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on:  Jul 28, 2025 |

Page 11

-Exhibit F-



Cause No. E25-049-2

THE STATE OF TEXAS )
)        IN THE NAME OF THE STATE OF TEXAS
COUNTY OF WILLIAMSON )

To any Sheriff, Constable, or other Peace Officer of the State of Texas, or any other authorized officer -

Greetings:

Whereas, Complaint under oath in writing has been presented to me, charging that **KEVIN LEWIS WALKER** did commit the hereinafter-named offense, and is now pending in the County Court of Williamson County, Texas, wherein said defendant is charged with the offense of **FUGITIVE FROM JUSTICE** contrary to the statutes in such cases made and provided, and against the peace and dignity of the State, and whereas the undersigned magistrate finds probable cause to arrest said person for said offense.

These are therefore to command you to arrest said **KEVIN LEWIS WALKER** and bring him before the Williamson County Court at Law in the City of Georgetown, instanter, to answer said complaint and the charge now pending in said Court.

HEREIN FAIL NOT, but due service and return make of this Writ as the law directs.

Given under my hand at office, this the _____ day of _____ 20_____

_____
Judge Presiding
Williamson County, Texas

Total Pages - 27    Total Pages Selected - 0

oduction | ccpublic

# -Exhibit M-



COUNTY COURT-AT-LAW ONE
STANDING ORDER

TO THE SHERIFF OF WILLIAMSON COUNTY, TEXAS:

RE: ALL PERSONS ARRESTED AND JAILED IN THE WILLIAMSON COUNTY JAIL FOR
CAPIAS PRO FINE WARRANTS ISSUED BY COUNTY COURT-AT-LAW ONE

| ◄ | ◄ | Page [ ] of 16 | ► | ►| |

E25-048-2

Case Number: _____
L.P.D. Case: ___32-1059___

COMPLAINT: Fugitive from Justice - Out Of State

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

I, C. Alvarez, do solemnly swear that I have good reason to believe, and do believe, that
Kevin Lewis Walker (B/M Hgt: 510 Wgt: 150 DOB: 05/19/1587 CADL: B6723591),
who is hereafter called "Defendant", on or about the 29th day of November105 A.D., and
before the making and filing of this complaint, in the County of Williamson and the State
of Texas, did unlawfully then and there knowingly or intentionally commit the offense of
Fugitive From Justice – Out Of State and had then and there fled from state of
California in Williamson County, Texas, and is wanted on Arrest Warrant #25913CFA
issued by the Martin County Sheriff's Office for the State of Florida charging him with
the Offense of Extortion, in violation of the Penal Laws of the State of California.

Affiant's belief is based on the following:
Affiant is a Texas Peace Officer with approximately 4 years experience and is
commissioned by the Leander Police Department.

On: 11/28/2025 at approximately 16:43 hours Ofc. Loudenback was running
stationary traffic at approximately the 2000 block of Hero Way Leander, TX.
Williamson County, when he observed a black 2319 Lamborghini Urus (CALF.
97B3E120) traveling westbound on Hero Way at the above listed block range at
approximately 40MPH in a 30MPH speed zone.

Ofc. Loudenback activated his overhead emergency lights to conduct a traffic stop at
the intersection of RM 2241/Adalis St. on the above listed vehicle information. He
made contact with the driver of the vehicle who was later identified by name and date
of birth as Kevin Lewis Walker (DOB: 05/19/1917).

Ofc. Loudenback conducted a TCIC/NCIC query of Kevin, who has an active driver's
license (CADL: B6723591), and received an alert that Kevin has an active warrant
(Warrant #25913CFA) issued by the Martin County Sheriff's Office. The query
indicated that Kevin had an address out of Riverside County California, which he
later admitted to being in Riverside County, CA. Once Ofc. Loudenback was able to
confirm with Leander Communications that Kevin did in fact have an active warrant
from Martin County, Fla. Ofc. Loudenback asked Kevin to exit the vehicle. Kevin
was later detained in handcuffs that were double-locked and checked for proper fit.

I later advised operators and other Ofc. arriving the warrant was confirmed. Kevin was placed into
custody. I transporting Kevin to the Williamson County Jail, where he was retained to
await arrest without further incident.

Results - Page 1 of 1    Total Pages - 27    Total Pages Selected : 0
7th 2025 | 3:21 pm | Production | ccpublic

DELL



-Exhibit N-

CAUSE NO. E25-049-2

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| V. | § | AT LAW NO. 2 |
| | § | |
| KEVIN LEWIS WALKER | § | WILLIAMSON COUNTY, TEXAS |

## **ORDER**

This case was called for a hearing on January 14, 2026. Bridget Chapman, Assistant District Attorney, appeared for the State of Texas. Kevin Lewis Walker ("Walker"), appeared *pro se*. At the hearing, on the record, the Court reviewed the case and made the following findings and orders:

1) On November 28, 2025 Walker was arrested.

2) On November 29, 2025, Walker was magistrate.

3) On November 30, 2025, at Walker's request, Attorney Lytza Rojas was appointed as course to represent Walker in this proceeding.

4) On December 12, 2025, this case was filed.

5) On December 15, 2025, a hearing was held. Bridget Chapman, Assistant District Attorney, appeared for the State of Texas. Lytza Rojas, appointed counsel for Kevin Lewis Walker, appeared. The hearing was recessed.

6) On December 17, 2025, the hearing resumed. Bridget Chapman, Assistant District Attorney, appeared for the State of Texas. Lytza Rojas, appointed counsel for Kevin Lewis Walker, appeared. At the hearing, on the record:

   - At Walker's request, the Court granted the Motion to Withdraw filed by attorney Lytza Rojas on December 15, 2025.

   - The Court granted Walker's request to represent himself in this case, pro se.

   - Walker confirmed that he did not want to waive a formal extradition hearing.

   - Walker was committed to custody of the Williamson County Sheriff until the Governor's Warrant Hearing as allowed by law.

   - The Court scheduled a hearing on January 14, 2026.

7) The State confirmed that on December 29, 2025, a Writ of Habeas Corpus was filed in Case No. 1:25-cv-02153-ADA; Kevin Lewis Walker v. The State of Texas and The Sheriff of Williamson County, Texas; In the U.S. District Court for the Western District of Texas.

8) The State advised the Court that the Governor's Warrant is in process and is currently pending with the Governor's Office, State of Florida.

9) Walker again confirmed that he did not want to waive a formal extradition hearing.

10) Walker was committed to custody of the Williamson County Sheriff until the Governor's Warrant Hearing as allowed by law.

11) The Court scheduled a hearing on ___February 18  at 1:30 pm___, 2026.

SIGNED ___January 14, 2026___.

JUDGE LAURA BARKER

FILED

at 2:00 o'clock P M

ES

JAN 1 4 2026

Nancy E. Rister

County Clerk, Williamson Co., TX

-Exhibit O-





## CCL2 files and certified delivery

| | filing | date delivered | USPS certified no. | E-mail service | In Person attempt |
|---|---|---|---|---|---|
| 1. | VERIFIED EMERGENCY NOTICE OF TERMINATION OF COUNSEL, SPECIAL LIMITED APPEARANCE, SIXTH AMENDMENT INVOCATION OF SELF-REPRESENTATION UNDER FARETTA, NOTICE TO PROCEED SUI JURIS AND IN PROPRIA PERSONA, AND NOTICE OF CLERK OBSTRUCTION | 12/17/25 1:12pm | 9589 0710 5270 3357 9373 85 | 12/15/25 2:06pm | 12/17/25 3:25pm |
| 2. | **EMERGENCY MOTION TO RECOGNIZE TERMINATION OF COUNSEL** AND TO ACKNOWLEDGE SELF-REPRESENTATION UNDER FARETTA | 12/22/25 1:28pm | 9589 0710 5270 3357 9374 22 | 12/12/25 4:05am | 12/12/25 8:35am |
| 3. | **VERIFIED EMERGENCY MOTION AND DEMAND FOR PROMPT IDENTITY HEARING,** AND OBJECTION TO ERRONEOUS FUGITIVE STATUS, AND FURTHER EXTRADITION PROCEEDINGS WITHOUT A FINDING OF IDENTITY | 12/22/25 1:28pm | 9589 0710 5270 3357 9374 22 | **12/12/25 4:05am** | **12/12/25 8:35am** |
| 4. | **VERIFIED EMERGENCY MOTION FOR IMMEDIATE BOND HEARING** AND OBJECTION TO CONTINUED DETENTION WITHOUT STATUTORY AUTHORITY AND REQUEST FOR IMMEDIATE RELEASE AND PR BOND | 12/22/25 1:28pm | 9589 0710 5270 3357 9374 22 | **12/12/25 4:05am** | **12/12/25 8:35am** |
| 5. | **VERIFIED AFFIDAVIT OF FACTS** IN SUPPORT OF MANDATORY IMMEDIATE RELEASE, NON-FUGITIVE STATUS, UNLAWFUL IMPRISONMENT, AND VOID EXTRADITION | 12/22/25 1:28pm | 9589 0710 5270 3357 9374 22 | **12/12/25 4:05am** | **12/12/25 8:35am** |
| 6. | VERIFIED EMERGENCY NOTICE OF CLERK OBSTRUCTION, COUNSEL RECORD FRAUD, SIXTH AMENDMENT VIOLATIONS, AND UNLAWFUL ADMINISTRATIVE DETENTION | **12/22/25 1:28pm** | **9589 0710 5270 3357 9374 22** | 12/16/25 11:49am | |
| 7. | VERIFIED EMERGENCY PETITION AND DEMAND FOR WRIT OF HABEAS CORPUS DUE TO NO FUGITIVE STATUS, NO NOTICE OR DUE PROCESS, NO GOVERNOR'S WARRANT, NO PROBABLE CAUSE, AND UNLAWFUL TEXAS RESTRAINT, WITH HOLD HARMLESS AND INDEMNITY OFFER AND AGREEMENT HEREIN | **12/22/25 1:28pm** | 9589 0710 5270 3357 9374 22 | 12/16/25 2:25pm | |
| 8. | **VERIFIED AFFIDAVIT OF FACTS** IN SUPPORT OF MANDATORY IMMEDIATE RELEASE, NON-FUGITIVE STATUS, UNLAWFUL IMPRISONMENT, AND VOID EXTRADITION | **12/22/25 1:28pm** | **9589 0710 5270 3357 9374 22** | 12/17/25 12:41pm | |
| 9. | VERIFIED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS CHALLENGING UNLAWFUL DETENTION, DENIAL OF BAIL, AND EXTRADITION WITHOUT LAWFUL AUTHORITY WITH GLOBAL RELEASE AND HOLD HARMLESS HEREIN | 12/22/25 1:28pm | 9589 0710 5270 3357 9374 22 | 12/17/25 11:39am | 12/17/25 3:25pm |

**Tracking Number:**

**9589071052703357937385**

 Copy    Add to Informed Delivery

**Latest Update**

Your item was delivered to the front desk, reception area, or mail room at 1:12 pm on December 17, 2025 in GEORGETOWN, TX 78626.

Get More Out of USPS Tracking:

 USPS Tracking Plus®

 **Delivered**

**Delivered, Front Desk/Reception/Mail Room**

GEORGETOWN, TX 78626
December 17, 2025, 1:12 pm

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?**

**Tracking Number:**

**9589071052703357937422**

 Copy     Add to Informed Delivery

### Latest Update

Your item was delivered to the front desk, reception area, or mail room at 1:28 pm on December 22, 2025 in GEORGETOWN, TX 78626.

Get More Out of USPS Tracking:

USPS Tracking Plus®

✓ **Delivered**
**Delivered, Front Desk/Reception/Mail Room**
GEORGETOWN, TX 78626
December 22, 2025, 1:28 pm

See All Tracking History

What Do USPS Tracking Statuses Mean?



Clerk of Court,

Please find the attached **Verified Notice of Termination of Counsel and Invocation of Self-Representation**. Kindly **file and docket this document immediately** and update the case record accordingly.

Thank you for your assistance.

| Court in which proceeding is pending: | **IN THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY, TEXAS** |
|---|---|
| Trust Action/Case Number: | E25-049-2 |
| Name of initial party on each side: | **STATE OF TEXAS v KEVIN LEWIS WALKER (ens legis)** |
| Title of each documents served: | 1. VERIFIED EMERGENCY NOTICE OF TERMINATION OF COUNSEL, SPECIAL LIMITED APPEARANCE, SIXTH AMENDMENT INVOCATION OF SELF-REPRESENTATION UNDER FARETTA, NOTICE TO PROCEED SUI JURIS AND IN PROPRIA PERSONA, AND NOTICE OF CLERK OBSTRUCTION |
| Sender's name & telephone Number: | Chris Yarbra, on behalf of the *Real Party In Interest, Injured Party in Fact, Creditor, Heir*<br><br>(310) 923-8521 |



1. VERIFIED EMERG...ON.pdf



**Kevin L. Walker**                                              ✉ Sent - iCloud    December 12, 2025 at 4:05 AM

(Cause/Case No.: E25-049-2) EMERGENCY Filing for Friday 9:00AM Hearing – Verified Emergency Motions and Af...

To: Flor.Salas@wilcotx.gov,  Bcc: Donnabelle                                                    Details

Dear Court Administrator,

I am writing regarding the extradition matter currently set for hearing tomorrow, December 12, 2025, at 9:00 a.m. before Judge Barker in County Court at Law No. 2, involving:

**Defendant:** Kevin Lewis Walker
**Cause/Case No.:** E25-049-2

I was advised by court staff that, because e-filing is not available for extradition matters, I may submit filings by email and that they will be entered into the court's system.

Attached for filing into County Court at Law No. 2 are the following documents, all dated December 11, 2025:

1. <span style="color:red">**VERIFIED EMERGENCY NOTICE OF TERMINATION OF COUNSEL, NOTICE OF SELF-REPRESENTATION UNDER FARETTA, NOTICE TO PROCEED SUI JURIS / IN PROPRIA PERSONA, SPECIAL LIMITED APPEARANCE, AND FORMAL OBJECTION TO ANY FURTHER APPEARANCE OR ACTION BY COUNSEL**</span>

2. <span style="color:red">**EMERGENCY MOTION TO RECOGNIZE TERMINATION OF COUNSEL AND TO ACKNOWLEDGE SELF-REPRESENTATION UNDER FARETTA**</span>

3. **VERIFIED EMERGENCY MOTION AND DEMAND FOR PROMPT IDENTITY HEARING, AND OBJECTION TO ERRONEOUS FUGITIVE STATUS, AND FURTHER EXTRADITION PROCEEDINGS WITHOUT A FINDING OF IDENTITY**

4. **VERIFIED EMERGENCY MOTION FOR IMMEDIATE BOND HEARING AND OBJECTION TO CONTINUED DETENTION WITHOUT STATUTORY AUTHORITY AND REQUEST FOR IMMEDIATE RELEASE AND PR BOND**

5. **VERIFIED AFFIDAVIT OF FACTS IN SUPPORT OF MANDATORY IMMEDIATE RELEASE, NON-FUGITIVE STATUS, UNLAWFUL IMPRISONMENT, AND VOID EXTRADITION**

I respectfully request that these filings be:

- Accepted for filing into the case,

- Docketed as soon as possible prior to tomorrow's hearing, and

- Provided to Judge Barker's staff for review in advance of the 9:00 a.m. setting.

Please let me know if there is any issue with the format, if any document needs to be resent, or if the Court requires hard copies to be delivered in addition to this emailed submission. I will comply with any further instructions immediately.

Thank you for your assistance and for ensuring these filings are made part of the record before tomorrow's hearing.


Sincerely,
Chris Yarbra, on behalf of Kevin




1. VERIFIED
EMERG...EL.pdf

Please let me know if there is any issue with the format, if any document needs to be resent, or if the Court requires hard copies to be delivered in addition to this emailed submission. I will comply with any further instructions immediately.

Thank you for your assistance and for ensuring these filings are made part of the record before tomorrow's hearing.


Sincerely,
Chris Yarbra, on behalf of Kevin



1. VERIFIED
EMERG...EL.pdf



2. EMERGENCY
MOTIO...TA .pdf



3. VERIFIED
EMERG...ITY.pdf



4. VERIFIED
EMERG...ND.pdf



VERIFIED
AFFIDA...ON.pdf



**Kevin L. Walker**
Attempted Filing Refused – This Morning (Cause/Case No.: E25-049-2)
To: Flor.Salas@wilcotx.gov

Sent - iCloud    December 12, 2025 at 9:00 AM

Good morning,

At approximately 8:35am, I attempted in person to file written emergency objections and motions related to this morning's 9:00am hearing. The clerk and Sam, the assistant supervisor, refused to accept the filing and declined to provide documentation of the refusal.

1. **VERIFIED EMERGENCY NOTICE OF TERMINATION OF COUNSEL, NOTICE OF SELF-REPRESENTATION UNDER FARETTA, NOTICE TO PROCEED SUI JURIS / IN PROPRIA PERSONA, SPECIAL LIMITED APPEARANCE, AND FORMAL OBJECTION TO ANY FURTHER APPEARANCE OR ACTION BY COUNSEL**

2. **EMERGENCY MOTION TO RECOGNIZE TERMINATION OF COUNSEL AND TO ACKNOWLEDGE SELF-REPRESENTATION UNDER FARETTA**

3. **VERIFIED EMERGENCY MOTION AND DEMAND FOR PROMPT IDENTITY HEARING, AND OBJECTION TO ERRONEOUS FUGITIVE STATUS, AND FURTHER EXTRADITION PROCEEDINGS WITHOUT A FINDING OF IDENTITY**

4. **VERIFIED EMERGENCY MOTION FOR IMMEDIATE BOND HEARING AND OBJECTION TO CONTINUED DETENTION WITHOUT STATUTORY AUTHORITY AND REQUEST FOR IMMEDIATE RELEASE AND PR BOND**

5. **VERIFIED AFFIDAVIT OF FACTS IN SUPPORT OF MANDATORY IMMEDIATE RELEASE, NON-FUGITIVE STATUS, UNLAWFUL IMPRISONMENT, AND VOID EXTRADITION**

These were also emailed to you earlier this morning, as I was told by court staff that I could e-mail them to you, in lieu of e-filing, as it is not available for extradition hearings.

I am documenting this for the record.

Thank you,
donnabelle Mortel for kevin walker



**Kevin L. Walker**

Service of Court Document - Cause/Case No. E25-049-2

Sent - iCloud    December 17, 2025 at 12:41 PM

To: nrister@wilco.org,   Flor.Salas@wilcotx.gov,   Cc: Lytza Rojas,   ldavid@wilco.org   & 6 more

Details

Clerk of Court,

Please find the attached VERIFIED AFFIDAVIT OF FACTS IN SUPPORT OF MANDATORY IMMEDIATE RELEASE, NON-FUGITIVE STATUS, UNLAWFUL IMPRISONMENT, AND VOID EXTRADITION. Kindly **file and docket this document immediately** and update the case record accordingly.

Thank you for your assistance.

| | |
|---|---|
| Court in which proceeding is pending: | **IN THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY, TEXAS** |
| Trust Action/Case Number: | E25-049-2 |
| Name of initial party on each side: | **STATE OF TEXAS v KEVIN LEWIS WALKER (ens legis)** |
| Title of each documents served: | **1. VERIFIED AFFIDAVIT OF FACTS** IN SUPPORT OF MANDATORY IMMEDIATE RELEASE, NON-FUGITIVE STATUS, UNLAWFUL IMPRISONMENT, AND VOID EXTRADITION |
| Sender's name & telephone Number: | Chris Yarbra, on behalf of the *Real Party In Interest, Injured Party in Fact, Creditor, Heir*<br><br>(310) 923-8521 |



12/17 CCL2
VERIFI...ON.pdf



Kevin L. Walker
Service of Court Document(s) – Cause/Case No. E25-049-2                    Sent – iCloud    December 16, 2025 at 11:49 AM
To: nrister@wilco.org,    flor.Salas@wilcotx.gov,    Cc: Lytza Rojas,    bridget.chapman@wilcotx.gov    & 6 more                    Details

Clerk of Court,

Please find the attached document(s). Kindly **file and docket this document immediately** and update the case record accordingly.

Thank you for your assistance.

| | |
|---|---|
| Court in which proceeding is pending: | **IN THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY, TEXAS** |
| Trust Action/Case Number: | E25-049-2 |
| Name of initial party on each side: | **STATE OF TEXAS v KEVIN LEWIS WALKER** |
| Title of each documents served: | 1. VERIFIED EMERGENCY NOTICE OF CLERK OBSTRUCTION, COUNSEL RECORD FRAUD, SIXTH AMENDMENT VIOLATIONS, AND UNLAWFUL ADMINISTRATIVE DETENTION<br><br>2. Exhibits A-F |
| Sender's name & telephone Number: | Chris Yarbra, on behalf of the *Real Party In Interest, Injured Party in Fact, Creditor, Heir*<br><br>(310) 923-8521 |



VERIFIED
EMERG...ITS.pdf



Kevin L. Walker

Service of Court Document - Verified Petition and Demand for Habeas Corpus (Related Cause No. E25-049-2)    Sent - iCloud    December 18, 2025 at 2:25 PM

To: nrister@wilco.org,  Flor.Salas@wilcotx.gov,  Cc:  Lytza Rojas,  bridget.chapman@wilcotx.gov,  Bcc: Donnabelle    Details

**Clerk of Court,**

Please find the attached **Verified Petition for Writ of Habeas Corpus**, submitted for filing in **County Court at Law No. 2.**

We have been advised that extradition-related habeas petitions in CCL2 are **docketed through the Court Coordinator**, who is responsible for **creating the new cause number** and placing the matter on the Court's docket. This filing is therefore submitted for **immediate docketing and cause-number assignment** consistent with that procedure.

Filing and docketing of a habeas corpus petition is a **ministerial duty** of the Clerk, as habeas relief is a **constitutional right** and must be accepted and entered upon presentation.

Please confirm filing, docketing, and cause-number assignment at your earliest convenience.

Thank you for your assistance.

| | |
|---|---|
| Court in which proceeding is pending: | **IN THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY, TEXAS** |
| Trust Action/Case Number: | TBD/Pending (Related Cause No. E25-049-2) |
| Name of initial party on each side: | **STATE OF TEXAS v KEVIN LEWIS WALKER** |
| Title of each documents served: | 1. **VERIFIED EMERGENCY PETITION AND DEMAND FOR WRIT OF HABEAS CORPUS DUE TO NO FUGITIVE STATUS, NO NOTICE OR DUE PROCESS, NO GOVERNOR'S WARRANT, NO PROBABLE CAUSE, AND UNLAWFUL TEXAS RESTRAINT, WITH HOLD HARMLESS AND INDEMNITY OFFER AND AGREEMENT HEREIN** |
| Sender's name & telephone Number: | Chris Yarbra, on behalf of the *Real Party In Interest, Injured Party in Fact, Creditor, Heir*<br><br>(310) 923-8521 |



CCL2 Verified
Habeas.pdf



Kevin L. Walker

Request to Disregard Prior Submission and File New Cause Number Requested (Related Cause No. E25-049-2)

To: nrister@wilco.org,  Flor.Salas@wilcotx.gov,  Cc: Lytza Rojas,  bridget.chapman@wilcotx.gov,  districtclerk@wilco.org  & 5 more

⬜ Sent - iCloud      December 17, 2025 at 11:39 AM

Clerk of Court,

Please **disregard my prior email submission** relating to the Petition for Writ of Habeas Corpus sent earlier today (12/17/25 at 10:50am).

Attached is the **corrected and final** VERIFIED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS CHALLENGING UNLAWFUL DETENTION, DENIAL OF BAIL, AND EXTRADITION WITHOUT LAWFUL AUTHORITY WITH GLOBAL RELEASE AND HOLD HARMLESS HEREIN, which is intended to be **filed as a new habeas action**. I respectfully request that the Clerk **perform their ministerial duty, and accept this filing, and generate a new cause number** for this writ in County Court at Law No. 2.

This filing seeks immediate review of the legality of present restraint and requires prompt docketing.

Thank you for your assistance and attention to this matter.

| Court in which proceeding is pending: | IN THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY, TEXAS |
|---|---|
| Trust Action/Case Number: | Cause No.<br><br>(Related Cause No. E25-049-2) |
| Name of initial party on each side: | kevin-lewis: walker, sui juris, in propria persona<br>Petitioner, Movant in Equity, Injured Party in Fact<br><br>v.<br><br>**WILLIAMSON COUNTY SHERIFF,**<br>Custodial Respondent;<br><br>**WILLIAMSON COUNTY JAIL ADMINISTRATOR,**<br>Custodial Co-Respondent;<br><br>**WILLIAMSON COUNTY JAIL**<br>Custodial Respondent;<br><br>**STATE OF TEXAS**<br>Respondent;<br><br>**Bridget Chapman**<br>Respondent;<br><br>**G. COLE SPAINHOUR,**<br>Magistrate Judge of Williamson County,<br>Respondent (Judicial Officer); |
| Title of each documents served: | 1. VERIFIED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS CHALLENGING UNLAWFUL DETENTION, DENIAL OF BAIL, AND EXTRADITION WITHOUT LAWFUL AUTHORITY WITH GLOBAL RELEASE AND HOLD HARMLESS HEREIN |

| Title of each documents served: | **1.** VERIFIED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS CHALLENGING UNLAWFUL DETENTION, DENIAL OF BAIL, AND EXTRADITION WITHOUT LAWFUL AUTHORITY WITH GLOBAL RELEASE AND HOLD HARMLESS HEREIN |
|---|---|
| Sender's name & telephone Number: | Chris Yarbra, on behalf of the *Real Party In Interest, Injured Party in Fact, Creditor, Heir*<br><br>(310) 923-8521 |



12/17 VERIFIED
EMERG...FIN.pdf



**From:** DB <donnabellemortel@gmail.com>
**Date:** December 17, 2025 at 7:42:14 PM CST
**To:** nrister@wilco.com, Flor Salas <flor.salas@wilco.org>
**Cc:** rojas@rojastexaslaw.com, bridget.chapman@wilcotx.gov, districtclerk@wilco.org, ldavid@wilco.org, 3rdAdmin@txcourts.gov, oca@txcourts.gov
**Subject: Record of In-Person Filing Attempt and Refusal to Accept Filings — CCL2 (Williamson County)**

Clerk of Court / County Court at Law No. 2 (CCL2),

My name is **donnabelle**, spouse of **kevin: walker** ("Kevin"). I am sending this email solely **to memorialize the events that occurred today** when I appeared **in person** at the CCL2 clerk's office to obtain a docket update and to tender filings for submission.

**Date/Time:** Today, **December 17, 2025**, at approximately **3:25 PM**
**Location:** Williamson County, **County Court at Law No. 2 (CCL2) Clerk's Office**

### 1) Initial contact / request for docket update

At approximately 3:25 PM, I approached the clerk counter to request a **docket update**. The desk worker did not greet me. Upon seeing me, she said "hold on a minute," went to the back, and then **"Sam," identified as an assistant supervisor**, came to the counter.

I asked Sam for a docket update. **Sam would not provide one**, and instead stated I could use the public computer in the waiting area, telling me words to the effect of:

> "That computer shows everything we see here on our computer."

### 2) Attempted filing: Notice of Termination of Counsel

After checking the public computer, I returned to Sam and stated I wanted to file a **Notice of Termination** regarding appointed counsel, because Kevin had seen the judge approximately **1–2 hours earlier**, and appointed counsel should be removed.

Sam asked me to wait while he "checked on something." He returned and stated that **the judge told him that only kevin can file into the case, from jail.**

### 3) Attempted filing: Habeas corpus petition (request to file and generate cause number)

I then asked Sam to accept and file a **writ/petition for habeas corpus**. Sam asked whether I should be filing a civil case. I responded that the clerk has a **ministerial duty to receive and file** the tendered filing and, as applicable, to **generate a new cause number**.

Sam again said he needed to "check on that." After several minutes, he returned and stated that **the judge told him nothing could be filed related to kevin's case number at all**, and that **everything would need to be sent by Kevin from jail.**

### 4) Refusal to document refusal

I requested that the refusal be documented in writing or otherwise recorded. Sam stated he **would not be able to document his refusal.**

---

This email is sent **for record-keeping** and to preserve an accurate timeline of the clerk's office's communications and actions today concerning **access to the docket and refusal to accept filings** tendered in person.

Please confirm, in writing:

1. Whether CCL2 will accept **in-person tendered filings** relating to kevin's matter from a family member/agent for delivery to the clerk;

2. Whether CCL2 will accept a **Notice of Termination of Counsel** for filing;

3. Whether CCL2 will accept a **habeas filing** for docketing and/or will **assign a new cause number** where required; and

4. If the clerk's office position is that **nothing may be filed at all** "related to kevin's case number," please identify the **written policy, rule, or signed court order** that is being relied upon for that position.


Respectfully,

**donnabelle**
Spouse of kevin: walker

-Exhibit P-

Date: December 15, 2025

kevin-lewis: walker, *sui juris, in propria persona*
™**KEVIN LEWIS WALKER©,**
™**KEVIN LEWIS WALKER© ESTATE**
**Care of:** 2082 Highway 183 #170-229
            Leander, Texas
***non-domestic without*** the United States
Email: kevinlwalker@me.com

***Respondent, Real Party in Interest, Injured Party in Fact,***
***Secured Party, Executor, Heir, Master Beneficiary***

**IN THE COUNTY COURT AT LAW NO. 2**
**OF WILLIAMSON COUNTY, TEXAS**

|  |  |
|---|---|
| | Case/Cause No. E25-049-2 |
| **STATE OF TEXAS,**<br>            Purported Plaintiff,<br><br>v.<br><br>**KEVIN LEWIS WALKER (ens legis / legal person),**<br>        Purported Defendant,<br>**kevin-lewis: walker, sui juris, in propria persona,**<br>        Respondent /Executor /Injured Party In Fact | VERIFIED EMERGENCY NOTICE OF TERMINATION OF COUNSEL, SPECIAL LIMITED APPEARANCE, SIXTH AMENDMENT INVOCATION OF SELF-REPRESENTATION UNDER FARETTA, NOTICE TO PROCEED SUI JURIS AND IN PROPRIA PERSONA, AND NOTICE OF CLERK OBSTRUCTION<br><br>(*SPECIAL LIMITED APPEARANCE* / OBJECTION TO JURISDICTION — IN EQUITY ONLY — EQUITY JURISDICTION PRESERVED) |

TO THE COURT AND ALL PARTIES:

This filing is made under the Sixth Amendment right to self-representation and under Faretta v. California, 422 U.S. 806 (1975). Clerks may not refuse filing of a constitutional Notice of Termination of Counsel.

Page 1 of 9

Date: December 15, 2025

This is a NOTICE, not a motion, and must be filed immediately pursuant to the Rules of Court. No attorney signature required.

COMES NOW kevin-lewis: of the walker family, proceeding *sui juris*, *in propria persona (not pro se)*, by special limited appearance only, in private capacity, not consenting to act as surety, not consenting to be treated as an ens legis, statutory person, or legal fiction, reserving all unalienable rights, and invoking equity, justice, good conscience, and all protections secured by the United States Constitution, the Texas Constitution, and the Bill of Rights, and hereby provides formal notice to the Court and all parties as follows:

## I. TERMINATION OF LYTZA MARIE ROJAS AS COUNSEL

1. Movant hereby revokes, withdraws, and terminates any and all authority previously granted, implied, appointed, or presumed to **Lytza Marie Rojas**, alleged counsel of record or public defender in this matter.

2. Effective immediately, **Ms. Rojas is discharged** and is expressly forbidden from:
   - filing anything on Movant's behalf,
   - entering any appearance,
   - asserting any waiver,
   - negotiating or facilitating extradition,
   - making any agreement,
   - or taking any action that binds Movant in any capacity.

3. Movant **objects to and rejects** any further representation by Ms. Rojas and places the Court on notice that **any appearance, filing, or action** taken by her after service of this Notice is **unauthorized, void, and without consent**.

## II. TERMINATION OF JOHN WOFFORD AS COUNSEL (IF APPLICABLE)

4. To the extent that **John Wofford** has been retained, assigned, appointed, consulted, or otherwise presumed to be counsel in any capacity, Movant hereby **revokes, withdraws, and terminates any such authority**.

5. Mr. Wofford is hereby ordered to **cease and desist** from any further participation, appearance, filing, negotiation, or action on Movant's behalf in this matter.

**6.** Movant specifically **rejects any presumption of representation** by Mr. Wofford and provides clear written notice that **no attorney—private or court-appointed—may appear for Movant**, as Movant has expressly elected to proceed **in propria persona, sui juris**, pursuant to the Sixth Amendment and *Faretta v. California*.

### III. RIGHT TO SELF-REPRESENTATION (FARETTA) — SIXTH AMENDMENT INVOCATION

**7.** Movant hereby **expressly invokes and asserts the Sixth Amendment right to self-representation**, as guaranteed by:

- **U.S. Const. Amend. VI**,
- **Faretta v. California, 422 U.S. 806 (1975)**,
- **28 U.S.C. § 1654**,
- **Texas Constitution, Art. I §§ 10, 13, and 19**,
- and all other applicable constitutional and statutory authority.

8. Movant **knowingly, voluntarily, intelligently, and unequivocally elects** to conduct his own defense and to proceed **in propria persona, sui juris**, and places the Court and all parties on formal notice of this election.

9. Movant **affirmatively rejects and objects to any attempt** by the Court, the prosecution, or any other actor to impose counsel against his will. Any such compulsion would constitute a **direct violation of the Sixth Amendment**, the holding of *Faretta*, and clearly established Supreme Court precedent.

Date: December 15, 2025

## IV. NOTICE OF SPECIAL LIMITED APPEARANCE

10. Movant proceeds **only in special limited appearance**, **not generally**, solely to challenge jurisdiction, identity, and all defective extradition processes.

11. Movant does not consent to general jurisdiction, personage substitution, suretyship, or any presumption that he is the statutory person or accused corporate fiction.

### NOTICE OF CLERK OBSTRUCTION AND DENIAL OF ACCESS TO COURT

12. Affiant hereby gives formal notice that **since the first day of detention**, Affiant has repeatedly attempted to file documents in this matter and has been **continuously obstructed by the clerk's office**, which has refused to accept filings on the stated ground that appointed counsel remains on record.

13. This obstruction **predates** the pending motion to withdraw and has occurred **from day one**, effectively denying Affiant meaningful access to the Court and the ability to be heard in his own case.

14. It appears this obstruction may stem from the purported appointment of counsel following an attempted **Article 16.22 proceeding**, which was procedurally defective and insufficient to impose counsel or restrict Affiant's right to self-representation. Regardless of the asserted basis, **no lawful authority exists** to block filings by a competent litigant who has expressly terminated counsel and is proceeding sui juris, in propria persona.

15. Affiant places the Court and all officers on notice that continued refusal to accept filings constitutes **ongoing denial of access to the courts**, violation of due process, and obstruction of judicial proceedings. This Notice is submitted to preserve the record and to ensure that no further obstruction occurs following termination of counsel.

### V. OBJECTION TO ANY ACTION TAKEN BY COUNSEL AFTER TERMINATION

16. Movant hereby places the Court on notice that:

    1. Any filing, representation, or signature by the terminated attorneys is **void**,

    2. Any waiver or stipulation is **unauthorized**,

Page 4 of 9

Date: December 15, 2025

3.   Any extradition agreement or waiver is **invalid**,

4.   Any purported representation violates Movant's constitutional rights.

## VI. DEMAND FOR DOCKET CORRECTION AND COURT RECOGNITION OF STATUS

17.  Movant demands that the Clerk of the Court and the Court itself:

1.   Immediately remove all attorneys from the docket as counsel of record;

2.   Update the docket to reflect:

    **"Respondent specially appears in propria persona, sui juris."**

3.   Enter this Notice into the record;

4.   Formally recognize Movant's self-represented status and objection to any further appearance or action by counsel;

5.   Protect Movant's autonomy, access to court, and Sixth Amendment rights;

6.   Provide written confirmation that the docket has been corrected accordingly.

VERIFIED EMERGENCY NOTICE OF TERMINATION OF COUNSEL, SPECIAL LIMITED APPEARANCE, SIXTH AMENDMENT INVOCATION OF SELF-REPRESENTATION UNDER FARETTA, NOTICE TO PROCEED SUI JURIS AND IN PROPRIA PERSONA, AND NOTICE OF CLERK OBSTRUCTION

Date: December 15, 2025

**VERIFICATION:**

**Pursuant to Texas Civil Practice & Remedies Code § 132.001 and 28 U.S.C. § 1746**,

I, kevin: of the walker family, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America and the State of Texas**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith and with clean hands**.

Executed, signed, and sealed this 15th day of December, 2025, *without* the United States**.**

**All rights reserved without prejudice and without recourse, UCC § 1-308, 3-402.**

By: _____

    **kevin: walker**, *Respondent, Executor, Real Party In Interest, Secured Party, Injured Party In Fact, Heir, Creditor*

## CERTIFICATE / P R O O F  O F  S E R V I C E

STATE OF TEXAS                          )

                                        )        ss.

COUNTY OF WILLIAMSON                    )

I am competent, over the age of eighteen years, and not a party to the within action.  My

mailing address is, **care of:** 2082 Highway 183 #170-229.  On or about **December 15, 2025**, I

served the within documents:

1. VERIFIED EMERGENCY NOTICE OF TERMINATION OF COUNSEL, SPECIAL
   LIMITED APPEARANCE, SIXTH AMENDMENT INVOCATION OF SELF-
   REPRESENTATION UNDER FARETTA, NOTICE TO PROCEED SUI JURIS AND IN
   PROPRIA PERSONA, AND NOTICE OF CLERK OBSTRUCTION

## SERVICE LIST

**By Certified Mail.** I placed a true and correct copy of the foregoing document in a sealed

envelope, addressed to each person listed below, and deposited the envelopes into the custody of the

United States Postal Service in Williamson County, Texas, with proper postage affixed, sent via

**Certified Mail, Return Receipt Requested (USPS Form 3811).** The mailing occurred in

Williamson County, Texas, on the date indicated below.


1. Williamson County Sheriff
Williamson County Justice Center
405 Martin Luther King Jr. Street
Georgetown, Texas 78626
Certified No. 9589 0710 5270 3357 9373 61

2. Williamson County Jail Administrator
306 W. 4th Street
Georgetown, Texas 78626
Certified Mail No. 9589 0710 5270 3357 9373 78

3. Nancy E. Rister, Williamson County Clerk
County Court at Law No. 2 (Criminal Division)
405 Martin Luther King Jr. Street
Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 3357 9373 85

Page 7 of 9

Date: December 15, 2025

4. G. Cole Spainhour, Magistrate Judge
Williamson County Justice Center
405 Martin Luther King Jr Street
Georgetown, Texas 78626
Certified No. 9589 0710 5270 3357 9373 92

5. Judge Betsy Lambeth
Williamson County District Court
405 Martin Luther King Jr Street
Georgetown, Texas 78626
Certified No. 9589 0710 5270 3357 9374 46

On or about **December 15, 2025,** I served the within documents **by Electronic Service.** Based on

a court order and/or an **<u>agreement of the parties</u>** to accept service by electronic transmission, I

caused the

 documents to be sent to the persons at the electronic notification addresses listed below.

1. John H. Wofford
Law Office of John H. Wofford
1901 Alamo Heights Ave.
Austin, TX 78754
Email: jwofford@gmail.com

2. Lytza Marie Rojas
The Law Office of Lytza Rojas, PLLC
203 S. Austin Ave.
Georgetown, TX 78626
Email: rojas@rojastexaslaw.com

3.  STATE OF TEXAS c/o Bridget Chapman
Prosecutor Assigned to This Extradition Case
Williamson County Attorney's Office
Email: bridget.chapman@wilcotx.gov

4. Flor Salas, Court Administrator for Judge Barker
County Court at Law No. 2
405 Martin Luther King,
Georgetown, TX 78628
Email: flor.salas@wilcotx.gov

5. Nancy E. Rister, Williamson County Clerk
County Court at Law No. 2 (Criminal Division)

Date: December 15, 2025

1  405 Martin Luther King Jr. Street
   Georgetown, TX 78626
2  Email: nrister@wilco.org

3  6. Lisa David, Williamson County Clerk
   District Court
4  405 Martin Luther King Jr. Street
5  Georgetown, TX 78626
   Email: ldavid@wilco.org
6          districtclerk@wilco.org

7

8          I declare under penalty of perjury under the laws of the State of Texas that the foregoing is

9  true and correct. Executed on December 15, 2025, in Williamson County, Texas.

                                                        */s/Chris Yarbra/*
10                                                      Chris Yarbra

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              Page 9 of 9

VERIFIED EMERGENCY NOTICE OF TERMINATION OF COUNSEL, SPECIAL LIMITED APPEARANCE, SIXTH AMENDMENT INVOCATION OF SELF-REPRESENTATION UNDER
FARETTA, NOTICE TO PROCEED SUI JURIS AND IN PROPRIA PERSONA, AND NOTICE OF CLERK OBSTRUCTION

-Exhibit Q-

Date: December 11, 2025

1  Kevin: Walker, *sui juris, in propria persona*
2  ™**KEVIN LEWIS WALKER©,**
   ™**KEVIN LEWIS WALKER© ESTATE**
3  **Care of:** 2082 Highway 183 #170-229
         Leander, Texas
4  ***non-domestic without*** the U̱nited S̱tates
   Email: kevinlwalker@me.com
5
6  ***Respondent, Real Party in Interest, Injured Party in Fact,***
   ***Secured Party, Executor, Heir, Master Beneficiary***
7
8                    **FILE ON DEMAND**
9            **IN THE COUNTY COURT AT LAW NO. 2**
              **OF WILLIAMSON COUNTY, TEXAS**
10
11
12                                              │  Case/Cause No. E25-049-2
13                                              │
14  **STATE OF TEXAS,**                          │
15            Purported Plaintiff,               │  **<span style="color:blue">VERIFIED</span> <span style="color:red">EMERGENCY</span>**
                                                 │  **MOTION AND DEMAND FOR**
16  v.                                           │  **PROMPT IDENTITY HEARING,**
                                                 │  AND OBJECTION TO ERRONEOUS
17                                               │  FUGITIVE STATUS, AND
18  **KEVIN LEWIS WALKER** (ens legis / legal person),  │  FURTHER EXTRADITION
         Purported Defendant,                    │  PROCEEDINGS WITHOUT A
19  **kevin-lewis: walker, sui juris, in propria persona,**  │  FINDING OF IDENTITY
         Respondent /Executor /Injured Party In Fact  │
20                                               │
21                                               │  (*SPECIAL LIMITED APPEARANCE* /
22                                               │  OBJECTION TO JURISDICTION — IN
                                                 │  EQUITY ONLY — EQUITY
23                                               │  JURISDICTION PRESERVED)
24  ─────────────────────────────────           │
25  TO THE COURT AND ALL PARTIES:

26  **COMES NOW kevin: of the walker family**, proceeding *sui juris, in propria persona (not pro se)*,

27  **by special limited appearance only**, in **private capacity**, **not consenting to act as surety**, **not**

28                         Page 1 of 11

**consenting to be treated as an ens legis, statutory person, or legal fiction**, reserving all

**unalienable rights**, and **invoking equity, justice, good conscience, and all protections secured**

**by the United States Constitution, the Texas Constitution, and the Bill of Rights**, and hereby

respectfully **demands a prompt and proper judicial determination of identity** pursuant to:

- **Texas Code of Criminal Procedure Art. 51.13 (Uniform Criminal Extradition Act),**

- **Sections 3, 10, and 20**,

- **U.S. Constitution, Art. IV, § 2**,

- **Fourth and Fourteenth Amendments**, and

- **binding Texas case law**.

**In support thereof, Movant shows the Court as follows:**


## I. Identity is a mandatory threshold requirement in ALL extradition proceedings.

Texas courts have repeatedly held:

**No extradition may proceed unless and until the Court makes a formal judicial finding that**

**the accused is the same person sought by the demanding state.**

— *Ex parte Moore*, 436 S.W.2d 141 (Tex. Crim. App. 1969).

— *Ex parte Harrison*, 568 S.W.2d 339 (Tex. Crim. App. 1978).

This is a **jurisdictional prerequisite**.

The Court **cannot lawfully extradite** without a proper identity finding.

Movant **contests identity** and demands that the State meet its burden with competent evidence.


## II. Movant Has Never Been Physically Present in Florida — Presence Is a Required Element of Fugitive Status; Movant Is Therefore Not a Fugitive and Is Entitled to Bond as a Matter of Law

Movant affirmatively states that he **has never been physically present in the State of Florida at**

**any time relevant to the allegations** in the requisition materials. Physical presence in the

VERIFIED EMERGENCY **MOTION AND DEMAND FOR PROMPT IDENTITY HEARING,** AND OBJECTION TO ERRONEOUS
FUGITIVE STATUS, AND FURTHER EXTRADITION PROCEEDINGS WITHOUT A FINDING OF IDENTITY

demanding state at the time of the alleged offense is an **essential, jurisdictional element** of

"fugitive" status.

The United States Supreme Court has held unequivocally:

- **"To be a fugitive from justice, one must have been within the demanding State when**

  **the crime is alleged to have been committed, and have left that State thereafter."**

  — *Hyatt v. Corkran*, **188 U.S. 691, 713–714 (1903)**.

- A person who was **never in the demanding state** cannot be extradited as a fugitive "under

  any circumstances."

  — *Hyatt*, at 714–715.

Texas courts are bound by this rule. See also:

- **Tex. Code Crim. Proc. art. 51.13 §§ 2, 3, and 10**, which collectively require:

  **(a)** identity of the person charged, and

  **(b)** proof that the accused is a fugitive from the demanding state.

Thus, **two mandatory elements** must be established before extradition may proceed:

1. **Identity** — the accused must be shown to be the person charged; and

2. **Presence and Flight** — the accused must have been physically present in Florida at the time

   of the alleged offense and thereafter left, constituting "flight."

Florida has supplied **no evidence**—certified or otherwise—establishing physical presence or flight.

Texas may not infer, assume, cure, or supply these missing elements on Florida's behalf.

**Because Movant was never in Florida, he cannot, as a matter of constitutional and statutory**

**law, be deemed a fugitive.**

Accordingly, **Movant is entitled to immediate release on bond under Article 51.13 § 10**, which

mandates bond where no Governor's Warrant has issued and the case does not involve a capital

offense.


### **III. A lawful identity determination requires specific mandatory evidence.**

The following items are **required** for a lawful identity hearing:

VERIFIED EMERGENCY **MOTION AND DEMAND FOR PROMPT IDENTITY HEARING,** AND OBJECTION TO ERRONEOUS
FUGITIVE STATUS, AND FURTHER EXTRADITION PROCEEDINGS WITHOUT A FINDING OF IDENTITY

Date: December 11, 2025

**A. Fingerprint comparison**

- Texas must produce **certified fingerprints** from Florida.

- Jail prints must be matched by a qualified witness or expert.

- A fingerprint card must be authenticated.

**B. Photographic / biometric comparison**

- Booking photo or DMV photo from Florida.

- Side-by-side visual comparison by witness testimony.

**C. Competent, sworn testimony**

The State must produce a witness with **first-hand knowledge**, capable of testifying:

- how the identity was verified,

- how the documents were authenticated,

- how biometrics match.

**D. Certified copies of charging documents**

Under Art. 51.13 §3, the following documents must be:

- certified by the Governor of Florida or

- authenticated under seal:

1. Arrest warrant or information,

2. Affidavit made before a magistrate,

3. Charging instrument,

4. Supporting probable cause materials.


**IV. The following items ARE NOT LEGALLY SUFFICIENT to establish identity.**

Texas courts have held — repeatedly — that the following are **NOT enough** to justify extradition or

identity:

**A. Name and Date of Birth alone**

1   — legally insufficient

2   — NOT proof of identity

3   — does NOT establish personhood

4   **B. NCIC hit alone**

5   — hearsay data

6   — may be inaccurate

7   — NOT admissible proof of identity

8   — NOT proof the person was in the demanding state

9   **C. Unverified police reports**

10  Without certification and testimony, they are inadmissible.

11  **D. A warrant bearing the same name**

12  — does NOT prove physical identity

13  — does NOT prove presence

14  — does NOT satisfy Art. 51.13 standards

15  **E. A complainant's affidavit or "statement"**

16  — does NOT establish identity

17  — does NOT prove Movant was the person involved

18  — does NOT prove Florida presence

19  **F. Database entries or unsigned attachments**

20  — no chain of custody

21  — no authentication

22  — no cross-examination possible

23  **G. An out-of-state affidavit not made before a magistrate**

24  — fails Art. 51.13 §3

25  — invalidates the extradition package

26  **If Florida has supplied ONLY a name, DOB, a police narrative, or an NCIC hit, then identity**

27  **is FAILED as a matter of law.**

28

Date: December 11, 2025

## V. No competent identity evidence has been provided to Movant.

Movant has not been shown:

- any fingerprint match,
- any photograph comparison,
- any biometric record,
- any authenticated documentation,
- any sworn witness testimony.

Accordingly:

**This Court lacks authority to proceed.**

## VI. Movant objects to any extradition hearing, waiver, or ruling prior to a valid identity determination.

Proceeding without identity violates:

- **Due Process**,
- **Tex. Code Crim. Proc. Art. 51.13 §§ 3, 10**,
- **Texas Constitution Art. I §§ 10, 13, 19**,
- **Fourth Amendment**.

**Any extradition action without identity is void.**

## VII. Movant Is Not a Flight Risk and Is Entitled to Immediate Release on Personal Recognizance

Movant affirms that he is **not a flight risk**, has been **fully cooperative** with all Texas authorities, and has never attempted to evade service, notice, or judicial process. Movant has a **pregnant wife**, **two young children**, and a **stable home in Texas**, where he has longstanding ties to the community. Movant operates openly under his own name, maintains consistent contact information, and has demonstrated honor, transparency, and good-faith cooperation throughout these proceedings.

1  Under Tex. Const. Art. I §§ 11, 13, and 19, and Tex. Code Crim. Proc. arts. 1.04, 1.08, 1.09, and

2  51.13, a non-fugitive cannot lawfully be denied bond. Because Movant has never been in Florida

3  and therefore cannot be classified as a fugitive under controlling precedent (Hyatt v. Corkran, 188

4  U.S. 691 (1903)), and because none of the statutory requirements for pretrial detention have been

5  met, Movant is **mandatorily entitled** to a **personal recognizance bond** or immediate release as a

6  matter of constitutional, statutory, and equitable right.

7

8  ## <u>RELIEF REQUESTED AND DEMANDED</u>

9  Movant respectfully demands:

**1.** **A prompt identity hearing** as required by Tex. Code Crim. Proc. art. 51.13 and controlling due-process principles, **before any extradition step may lawfully proceed.**

**2.** **A written judicial finding of identity** supported by competent, admissible, and constitutionally sufficient evidence, not mere allegations or unverified out-of-state assertions.

**3.** **An order staying all extradition actions** unless and until identity is properly adjudicated on the record.

**4.** **A mandatory personal recognizance bond or immediate release**, because Movant is **unequivocally evidenced to be a non-fugitive**, and Texas courts have **no lawful authority** to detain a non-fugitive without bail under Tex. Code Crim. Proc. arts. 51.13 §§ 3, 10, 14, and 15, Art. I §§ 11, 13, and 19 of the Texas Constitution, and the Fourth and Fourteenth Amendments.

**5.** **Immediate release from custody** on the independent ground that the current detention is **unlawful, unconstitutional, and statutorily unauthorized**, given that:

- ○  No Governor's Warrant exists,

- ○  No certified requisition documents have been filed,

- ○  No sworn charging instrument is before this Court, and

VERIFIED EMERGENCY MOTION AND DEMAND FOR PROMPT IDENTITY HEARING, AND OBJECTION TO ERRONEOUS
FUGITIVE STATUS, AND FURTHER EXTRADITION PROCEEDINGS WITHOUT A FINDING OF IDENTITY

Page 56 of 205

- No evidence exists that Movant ever fled the State of Florida or has ever been present there.

**6.** **Any and all further relief** to which Movant is entitled in law or equity.

VERIFIED EMERGENCY MOTION AND DEMAND FOR PROMPT IDENTITY HEARING, AND OBJECTION TO ERRONEOUS
FUGITIVE STATUS, AND FURTHER EXTRADITION PROCEEDINGS WITHOUT A FINDING OF IDENTITY

Date: December 11, 2025

## **VERIFICATION:**
### *(Executed With Physical Signature Applied by Authorized Agent)*

**Pursuant to Texas Civil Practice & Remedies Code § 132.001 and 28 U.S.C. § 1746,** I, **kevin: of the walker family**, over the age of 18, competent to testify, and having firsthand knowledge of the facts stated herein, do hereby **declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America and the State of Texas** that the foregoing statements are **true, correct, complete, and accurate** to the best of my understanding, knowledge, and belief, and are made **voluntarily, knowingly, intentionally, and in good faith**.

This Verification is executed by **my expressly authorized agent, donnabelle mortel**, who is applying my physical autograph **solely at my direction and with my express authorization and instruction** due to my present inability to sign personally. All statements herein remain **my statements**, affirmed by me as the Real Party in Interest.

**Autographed, signed, and sealed this 11th Day of December, 2025, without the United States and without prejudice.**
**All rights reserved without prejudice or recourse.**

Autograph

**For:** *kevin: walker*
**By:** _Kevin: walker_____
   **donnabelle mortel, Authorized Agent:**
   **autograph applied by authorized agent pursuant to the**
   **express direction and instruction of kevin: of the walker**
   **family**

**kevin: walker**
Real Party in Interest, Secured Party, Injured Party, Living
Man, Heir, Sole Master Beneficiary

VERIFIED EMERGENCY MOTION AND DEMAND FOR PROMPT IDENTITY HEARING, AND OBJECTION TO ERRONEOUS
FUGITIVE STATUS, AND FURTHER EXTRADITION PROCEEDINGS WITHOUT A FINDING OF IDENTITY

1

## CERTIFICATE / P R O O F   O F   S E R V I C E

2  STATE OF TEXAS                     )

3                                     )          ss.

4  COUNTY OF WILLIAMSON               )

5          I am competent, over the age of eighteen years, and not a party to the within action.  My

6  mailing address is the Walkernova Group, **care of:** 2082 Highway 183 #170-229.  On or about

7  **December 11, 2025**, I served the within documents:

8      1.  VERIFIED EMERGENCY MOTION AND DEMAND FOR PROMPT IDENTITY

9          HEARING, AND OBJECTION TO ERRONEOUS FUGITIVE STATUS, AND FURTHER

10         EXTRADITION PROCEEDINGS WITHOUT A FINDING OF IDENTITY

11

12

13                          ## SERVICE LIST

14  **By Certified Mail.** I placed a true and correct copy of the foregoing document in a sealed

15  envelope, addressed to each person listed below, and deposited the envelopes into the custody of the

16  United States Postal Service in Williamson County, Texas, with proper postage affixed, sent via

17  **Certified Mail, Return Receipt Requested (USPS Form 3811).** The mailing occurred in

18  Williamson County, Texas, on the date indicated below.

19

20

21  1. Williamson County Attorney's Office – Criminal / Extradition Division
22  405 Martin Luther King Jr. Street
    Georgetown, TX 78626
23  Certified Mail No. 9589 0710 5270 3357 9373 85

24

25  2. Bridget Chapman – Prosecutor Assigned to This Extradition Case
    Williamson County Attorney's Office
26  405 Martin Luther King Jr. Street
    Georgetown, TX 78626
27  Certified Mail No. 9589 0710 5270 3357 9373 92

28

VERIFIED EMERGENCY MOTION AND DEMAND FOR PROMPT IDENTITY HEARING, AND OBJECTION TO ERRONEOUS
FUGITIVE STATUS, AND FURTHER EXTRADITION PROCEEDINGS WITHOUT A FINDING OF IDENTITY

Date: December 11, 2025

1

2   3. Williamson County Sheriff's Office
    508 S. Rock Street
3   Georgetown, TX 78626
    Certified Mail No. 9589 0710 5270 3357 9374 08

4   4. Williamson County Jail Administrator
    306 W. 4th Street
5   Georgetown, TX 78626
    Certified Mail No. 9589 0710 5270 3357 9374 15
6

7   5. Williamson County Clerk – County Court at Law No. 2 (Lisa David)
    405 Martin Luther King Jr. Street
8   Georgetown, TX 78626
    Mailing: P.O. Box 24
9   Georgetown, TX 78627
    Certified Mail No. 9589 0710 5270 3357 9374 22
10

11  6. Courtesy Copy — Presiding Judge of CCL2 (Judge Barker)
    (via County Clerk)
12  405 Martin Luther King Jr. Street
    Georgetown, TX 78626
13  Hand Delivery / Clerk Routing

14

15  7. Office of the Governor – Extradition Unit
    P.O. Box 12428
16  Austin, TX 78711
    Certified Mail No. 9589 0710 5270 3357 9374 39

17

18      I declare under penalty of perjury under the laws of the State of Texas that the

19  foregoing is true and correct. Executed on December 11, 2025, in Williamson County,

20  Texas.

21                                          _____/s/Chris Yarbra/_____

22                                              Chris Yarbra

23

24

25

26

27

28
                            Page 11 of 11

VERIFIED EMERGENCY MOTION AND DEMAND FOR PROMPT IDENTITY HEARING, AND OBJECTION TO ERRONEOUS
FUGITIVE STATUS, AND FURTHER EXTRADITION PROCEEDINGS WITHOUT A FINDING OF IDENTITY

-Exhibit R-

Date: December 11, 2025

1
Kevin: Walker, *sui juris, in propria persona*
™**KEVIN LEWIS WALKER©,**
2
™**KEVIN LEWIS WALKER© ESTATE**
**Care of:** 2082 Highway 183 #170-229
3
          Leander, Texas
4
***non-domestic without*** the United States
Email: kevinlwalker@me.com
5

6
***Respondent, Real Party in Interest, Injured Party in Fact,***
***Secured Party, Executor, Heir, Master Beneficiary***
7

8
                    **FILE ON DEMAND**

9
              **IN THE COUNTY COURT AT LAW NO. 2**
                 **OF WILLIAMSON COUNTY, TEXAS**
10

11

12                                         | Case/Cause No. E25-049-2

13

14
**STATE OF TEXAS,**
15
          Purported Plaintiff,
16
v.                                         | **VERIFIED EMERGENCY**
                                           **MOTION FOR IMMEDIATE**
17                                         **BOND HEARING** AND
                                           OBJECTION TO CONTINUED
18
**KEVIN LEWIS WALKER (ens legis / legal person),**   DETENTION WITHOUT
          Purported Defendant,             STATUTORY AUTHORITY AND
19
**kevin-lewis: walker, sui juris, in propria persona,**   REQUEST FOR IMMEDIATE
          Respondent /Executor /Injured Party In Fact   RELEASE AND PR BOND
20

21

22                                         (*SPECIAL LIMITED APPEARANCE* /
                                           OBJECTION TO JURISDICTION — IN
23                                         EQUITY ONLY — EQUITY
                                           JURISDICTION PRESERVED)
24

25 **TO THE COURT AND ALL PARTIES:**

26 COMES NOW **kevin: of the walker family**, proceeding sui juris, in propria persona (not pro se),

27 by special limited appearance only, in private capacity, not consenting to act as surety, not

28
                          Page 1 of 7

consenting to be treated as an ens legis, statutory person, or legal fiction, reserving all unalienable

rights, and invoking equity, justice, good conscience, and all protections secured by the United

States Constitution, the Texas Constitution, and the Bill of Rights, and hereby respectfully **moves**

**and demands** from this Honorable Court an **immediate bond hearing**, showing:


### I. Texas law MANDATES bond unless a Governor's Warrant has issued.

Under **Tex. Code Crim. Proc. art. 51.13 § 10**, an accused **must be admitted to bail** unless:

1.    **A Governor's Warrant has issued** (it has **NOT**), or

2.    The offense is punishable by **death or life imprisonment** (it is **NOT**).

Therefore, as a matter of **statutory command**, Movant is **automatically entitled** to a **reasonable**

**bond**, including a **personal recognizance bond**.


### II. Movant is NOT a fugitive under controlling law and cannot lawfully be treated as one.

A "fugitive from justice" requires **physical presence in the demanding state followed by**

**departure**.

See **Hyatt v. Corkran, 188 U.S. 691 (1903)**; **Appleyard v. Massachusetts, 203 U.S. 222 (1906)**;

**Munsey v. Clough, 196 U.S. 364 (1905)**.

Florida's own documents—NONE of which are certified—affirm:

•    No proof Movant was ever in Florida,

•    No biometric or physical identification,

•    No certified charging instrument,

•    No sworn evidence of flight.

Therefore, as a matter of **constitutional, statutory, and Supreme Court precedent**, Movant

**cannot be a fugitive**, and **Texas cannot classify him as one**.

A non-fugitive → **must be released on bond** under Texas Constitution **Art. I § 11** and **Art. 51.13**,

which governs extraditions.

Date: December 11, 2025

**III. Movant has been held more than ten days on a mere NCIC hit with NO lawful commitment.**

Detention without a sworn complaint, certified documents, probable cause determination, identity determination, or commitment order is unlawful.

Continued detention violates:

- **Art. 51.13 §§ 10, 15**,
- **Texas Const. Art. I §§ 11, 13, 19**,
- **Fourth & Fourteenth Amendments**.

The **10-day limitation** on holding someone *prior to requisition* applies under **Tex. Code Crim. Proc. art. 51.03 & 51.13**, and unlawful detention beyond this period requires **immediate release or bond**.


**IV. No identity determination has been made, making all detention unlawful.**

Movant has undergone **no identity hearing** and no judicial finding supported by competent evidence under:

- **Art. 51.13 § 3**,
- **Texas Const. Art. I §§ 9, 10**,
- **Gerstein v. Pugh, 420 U.S. 103 (1975)**.

No fingerprints match.

No mugshot.

No Florida booking record.

No physical description match beyond generic data.

Without identity → **no jurisdiction** → **no lawful detention**.


**V. Movant Is NOT a Flight Risk, Has Deep Texas Ties, and Is Entitled to Immediate PR Bond.**

Movant:

- maintains a **stable home in Texas**,

Page 3 of 7

VERIFIED EMERGENCY **MOTION FOR IMMEDIATE BOND HEARING** AND OBJECTION TO CONTINUED DETENTION WITHOUT STATUTORY AUTHORITY AND REQUEST FOR IMMEDIATE RELEASE AND PR BOND

Page 64 of 205

Date: December 11, 2025

- has a **pregnant wife**,
- is the father of **two young children**,
- has strong and documented **community ties**,
- has demonstrated **full cooperation** with authorities,
- has **no connection whatsoever to Florida**,
- has made **no attempt to flee**, hide, or obstruct,
- stands ready to appear voluntarily for all proceedings.

Under **Tex. Const. Art. I §§ 11, 13, 19** and **Art. 1.07, 1.08, 1.09 CCP**, denial of bond is **flatly illegal** in this posture.

A **non-violent, non-capital, non-fugitive** with a stable home, pregnant wife, minor children, and full cooperation is **mandatorily entitled** to a **personal recognizance bond immediately**.

## REQUEST AND DEMAND FOR RELIEF

Movant respectfully **demands**:

1. **An immediate bond hearing** without delay.

2. **A finding that Movant is statutorily entitled to bond** under Texas law, as no Governor's Warrant exists.

3. **Issuance of a reasonable bond**, specifically a **Personal Recognizance Bond**, as Movant is **not a fugitive**, **poses zero flight risk**, and detention is **unlawful**.

4. **Any and all further relief** to which Movant is entitled in law or equity.

Page 4 of 7

Date: December 11, 2025

## **VERIFICATION:**
### *(Executed With Physical Signature Applied by Authorized Agent)*

**Pursuant to Texas Civil Practice & Remedies Code § 132.001 and 28 U.S.C. § 1746**, I, **kevin: of the walker family**, over the age of 18, competent to testify, and having firsthand knowledge of the facts stated herein, do hereby **declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America and the State of Texas** that the foregoing statements are **true, correct, complete, and accurate** to the best of my understanding, knowledge, and belief, and are made **voluntarily, knowingly, intentionally, and in good faith**.

This Verification is executed by **my expressly authorized agent, donnabelle mortel**, who is applying my physical autograph **solely at my direction and with my express authorization and instruction** due to my present inability to sign personally. All statements herein remain **my statements**, affirmed by me as the Real Party in Interest.

**Autographed, signed, and sealed this 11th Day of December, 2025, without the United States and without prejudice.**
**All rights reserved without prejudice or recourse.**

**Autograph**

> **For:** *kevin: walker*
> **By:**  Kevin : walker
> **donnabelle mortel, Authorized Agent:**
> **autograph applied by authorized agent pursuant to the**
> **express direction and instruction of kevin: of the walker**
> **family**
>
> **kevin: walker**
> Real Party in Interest, Secured Party, Injured Party, Living
> Man, Heir, Sole Master Beneficiary

1

## CERTIFICATE / P R O O F  O F  S E R V I C E

2  STATE OF TEXAS                    )

3                                    )        ss.

4  COUNTY OF WILLIAMSON              )

5         I am competent, over the age of eighteen years, and not a party to the within action.  My

6  mailing address is the Walkernova Group, **care of:** 2082 Highway 183 #170-229.  On or about

7  **December 11, 2025**, I served the within documents:

8      1.  VERIFIED EMERGENCY MOTION FOR IMMEDIATE BOND HEARING AND

9          OBJECTION TO CONTINUED DETENTION WITHOUT STATUTORY AUTHORITY

10          AND REQUEST FOR IMMEDIATE RELEASE AND PR BOND

11

12

13                              ## SERVICE LIST

14   **By Certified Mail.** I placed a true and correct copy of the foregoing document in a sealed

15  envelope, addressed to each person listed below, and deposited the envelopes into the custody of the

16  United States Postal Service in Williamson County, Texas, with proper postage affixed, sent via

17  **Certified Mail, Return Receipt Requested (USPS Form 3811)**. The mailing occurred in

18  Williamson County, Texas, on the date indicated below.

19  1. Williamson County Attorney's Office – Criminal / Extradition Division
20  405 Martin Luther King Jr. Street
    Georgetown, TX 78626
21  Certified Mail No. 9589 0710 5270 3357 9373 85

22

23  2. Bridget Chapman – Prosecutor Assigned to This Extradition Case
    Williamson County Attorney's Office
24  405 Martin Luther King Jr. Street
    Georgetown, TX 78626
25  Certified Mail No. 9589 0710 5270 3357 9373 92

26

27  3. Williamson County Sheriff's Office

28

Date: December 11, 2025

508 S. Rock Street
Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 3357 9374 08

4. Williamson County Jail Administrator
306 W. 4th Street
Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 3357 9374 15

5. Williamson County Clerk – County Court at Law No. 2 (Lisa David)
405 Martin Luther King Jr. Street
Georgetown, TX 78626
Mailing: P.O. Box 24
Georgetown, TX 78627
Certified Mail No. 9589 0710 5270 3357 9374 22

6. Courtesy Copy — Presiding Judge of CCL2 (Judge Barker)
(via County Clerk)
405 Martin Luther King Jr. Street
Georgetown, TX 78626
Hand Delivery / Clerk Routing

7. Office of the Governor – Extradition Unit
P.O. Box 12428
Austin, TX 78711
Certified Mail No. 9589 0710 5270 3357 9374 39

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct. Executed on December 11, 2025, in Williamson County, Texas.

*/s/Chris Yarbra/*
Chris Yarbra

VERIFIED EMERGENCY **MOTION FOR IMMEDIATE BOND HEARING** AND OBJECTION TO CONTINUED DETENTION WITHOUT STATUTORY AUTHORITY AND REQUEST FOR IMMEDIATE RELEASE AND PR BOND

-Exhibit S-

Date: December 16, 2025

kevin-lewis: walker, *sui juris, in propria persona*
™**KEVIN LEWIS WALKER©,**
™**KEVIN LEWIS WALKER© ESTATE**
**Care of:** 2082 Highway 183 #170-229
            Leander, Texas
***non-domestic without*** the U̲nited S̲tates
Email: kevinlwalker@me.com

***Petitioner, Real Party in Interest, Injured Party in Fact,***
***Secured Party, Executor, Heir, Master Beneficiary***

**IN THE COUNTY COURT AT LAW NO. 2**

**OF WILLIAMSON COUNTY, TEXAS**

| | |
|---|---|
| **kevin-lewis: walker,** sui juris, in propria persona<br>Petitioner, Movant in Equity, Injured Party in Fact<br><br>v.<br><br>**WILLIAMSON COUNTY SHERIFF,**<br>Custodial Respondent;<br><br>**WILLIAMSON COUNTY JAIL ADMINISTRATOR,**<br>Custodial Co-Respondent;<br><br>**WILLIAMSON COUNTY JAIL**<br>Custodial Respondent;<br><br>**STATE OF TEXAS**<br>Respondent;<br><br>**Bridget Chapman**<br>Respondent;<br><br>**G. COLE SPAINHOUR,**<br>Magistrate Judge of Williamson County,<br>Respondent (Judicial Officer); | Cause No.<br><br>(Related Cause No. E25-049-2)<br><br><u>**VERIFIED EMERGENCY PETITION AND DEMAND FOR WRIT OF HABEAS CORPUS DUE TO NO FUGITIVE STATUS, NO NOTICE OR DUE PROCESS, NO GOVERNOR'S WARRANT, NO PROBABLE CAUSE, AND UNLAWFUL TEXAS RESTRAINT, WITH HOLD HARMLESS AND INDEMNITY OFFER AND AGREEMENT HEREIN**</u><br><br>(*SPECIAL LIMITED APPEARANCE* / OBJECTION TO JURISDICTION — IN EQUITY ONLY — EQUITY JURISDICTION PRESERVED) |

TO THE COURT AND ALL PARTIES:

COMES NOW, **kevin-lewis: of the walker family**, proceeding **sui juris**, in propria persona, by

**special limited appearance**, with **all rights reserved**, and invoking the **Texas Constitution**, the

Page 1 of 35

**Texas Bill of Rights**, the **United States Constitution**, and the **inalienable right to petition for habeas corpus**, and hereby challenges the legality of his **unlawful arrest, continued detention, and attempted extradition to the State of Florida**.

Petitioner specially appears **under threat, duress, and coercion**, and **without consent**, in his natural private capacity as a living man, **not** as any artificial entity, legal fiction, statutory "person," or 14th Amendment "U.S. citizen," and expressly **does not consent** to any presumption of suretyship, wardship, or **parens patriae** authority.

This challenge is brought pursuant to **Article I, Sections 12, 13, and 19 of the Texas Constitution**, which secure the **right to habeas corpus**, guarantee **due course of law**, and forbid **unlawful restraint**, as well as under the **Uniform Criminal Extradition Act**, including **Texas Code of Criminal Procedure Article 51.13** and its Uniform Act counterpart **§ 54-166**, which expressly authorizes habeas relief where a person is **illegally restrained under extradition proceedings**. Petitioner further invokes **Article IV, § 2, cl. 2 of the United States Constitution**, **18 U.S.C. § 3182**, and the **Bill of Rights**, all of which strictly limit extradition authority and prohibit detention absent **constitutional compliance, lawful jurisdiction, and mandatory statutory prerequisites**. Petitioner asserts that his confinement is **unlawful, unconstitutional, and void**, having been executed **without fugitive status, without mandatory bail, without a valid commitment order, without proof of identity once challenged, and without compliance with the governing extradition statutes**, in violation of **both state and federal law**.


# I. INTRODUCTION AND THRESHOLD STATEMENT OF INVALIDITY

This case presents a textbook example of **unlawful imprisonment under color of law** arising from a complete failure to satisfy the **United States Constitution**, the **Texas Constitution**, and the **Uniform Criminal Extradition Act** ("UCEA"), codified in Texas at **Tex. Code Crim. Proc. art. 51.13** (formerly **UCEA §§ 54-159, 54-166, 54-171, 54-172**).

Petitioner is **not lawfully detained** under any valid criminal jurisdiction, executive authority, or judicial commitment. Petitioner is restrained solely on the basis of an out-of-state accusation and a demanding warrant that is void on its face and that fails—**on its face and as a matter of law**—to satisfy the **mandatory constitutional and statutory prerequisites** for interstate rendition. Because a void warrant confers no authority and cannot support extradition, **continued detention is void ab initio**, and **release is mandatory**.

Under **Article IV, § 2, cl. 2 of the United States Constitution**, **18 U.S.C. § 3182**, **Article 51.13 §§ 2 and 3**, and their Uniform Act counterparts (**§§ 54-159 and 54-172**), extradition is a **strictly limited executive function**, not a criminal prosecution and not a discretionary judicial proceeding. Courts possess **no authority** to expand, relax, waive, or excuse the Act's requirements. Where the demanding warrant or papers are facially invalid, extradition is prohibited as a matter of law. **Noncompliance requires discharge.**

Those **non-negotiable prerequisites** include, at minimum:

1. **Proof of identity once challenged** (Art. 51.13; due process);
2. **Fugitive status**, requiring **physical presence in the demanding state at the time of the alleged offense and flight thereafter** (Art. 51.13 §§ 2–3; UCEA § 54-159);
3. **A facially valid demanding warrant and charging basis sufficient for executive recognition** under **Article 51.13 § 3 / UCEA § 54-172**;
4. **Mandatory bail**, absent a capital offense (**Art. 51.13 §§ 16–18 / UCEA § 54-172**);
5. **A valid written commitment order** lawfully authorizing confinement pending a Governor's Warrant (**Art. 51.13 §§ 16–18; UCEA §§ 54-171, 54-172**).

**None exists here.**

**Fugitive Status Is Absent — and Extradition Authority Fails at the Threshold**

Petitioner is **not a fugitive as a matter of constitutional and statutory law**. The demanding papers **do not allege—and cannot allege—physical presence in Florida at the time of the alleged conduct, nor flight thereafter**, as required by **Article 51.13 §§ 2–3** and **UCEA § 54-159**. Under

binding United States Supreme Court precedent, including **Hyatt v. Corkran**, **absence of presence alone is dispositive and fatal**. Without fugitive status, **no extradition authority exists**, and **any gubernatorial action would be ultra vires**.

**Identity Has Been Challenged — and Not Proven**

Petitioner has **affirmatively challenged identity**. The State has produced **no competent proof**—no fingerprints, no biometrics, no eyewitness identification, no admissible evidence—sufficient to meet its burden. Administrative belief, biographical similarity, and unauthenticated images are **legally insufficient**. Detention without identity proof violates **due process** and **independently requires release**.

**Mandatory Bail Was Denied in Violation of Law**

Petitioner has been **categorically denied bail from the moment of arrest**, in direct violation of **Texas Constitution Article I, §§ 11 and 13** and **Article 51.13 §§ 16–18 / UCEA § 54-172**, which mandate bail unless the offense is punishable by death or life imprisonment. The alleged Florida offenses are **neither**. **Denial of bail under these circumstances is per se unconstitutional**, rendering the detention unlawful.

**No Valid Commitment Order Exists**

Critically, **no valid extradition commitment order exists**. There is **no written order** that:

- Invokes **Article 51.13** as the legal basis for restraint;
- **Sets mandatory bail** as required by law;
- **Authorizes confinement pending a Governor's Warrant** within statutory limits;
- Or otherwise **lawfully commits Petitioner** under the Act.

Detention without such an order violates **Article 51.13 §§ 16–18 / UCEA §§ 54-171 and 54-172** and constitutes **illegal imprisonment**, not lawful "custody."

**Section 6 Does Not Apply — and Is Dead on Its Face**

The State may attempt to invoke **Article 51.13 § 6 (UCEA § 6)**. That effort fails as a matter of law. Section 6 is a **narrow, exceptional provision** applicable only where a **specific intentional act**,

committed outside the demanding state, **intentionally results in a crime within the demanding state**. The demanding papers allege **no such intentional criminal act**; they describe **remote civil communications and lawful process**. Section 6 therefore **does not apply**, **cannot cure the absence of fugitive status**, and **cannot override §§ 2–3, the Constitution, or mandatory bail provisions**. It is **dead on arrival**.

**Temporal Safeguards Were Triggered — and Front-End Violations Require Release**

The UCEA's temporal safeguards are **independent and mandatory**. The **30-day Governor's Warrant limitation** in **Article 51.13 §§ 17–18 / UCEA § 54-171 runs from the moment of arrest**, not from a later court appearance. Separately, the Act contemplates a **prompt initial commitment with bail**; where that **front-end commitment fails**, detention is **void at inception** and **cannot be salvaged by time**. Additionally, the Act's **prompt-appearance and short-term commitment structure** (often referenced as a **10-day initial period**) was not satisfied here. **Time does not cure illegality.**

**Unlawful Imprisonment Requires Discharge**

At bottom, Petitioner is restrained **without fugitive status**, **without identity proof**, **without bail**, **without a valid commitment order**, **without criminal jurisdiction**, and **in defiance of the Texas and United States Constitutions**. Under **Article 51.13 § 16 / UCEA § 54-166, habeas corpus is expressly authorized**, and where the Act is not satisfied, **discharge is required**.

**This Court has no discretion to sustain such a detention.**

**Release is mandatory.**

**The writ must issue.**

Any single defect identified above independently mandates immediate release as a matter of law; because every such defect is present here, Petitioner's continued detention is not merely unlawful but void ab initio, leaving this Court with only one lawful outcome: discharge.

## II. PARTIES

Page 5 of 35

VERIFIED EMERGENCY PETITION AND DEMAND FOR WRIT OF HABEAS CORPUS DUE TO NO FUGITIVE STATUS, NO NOTICE OR DUE PROCESS, NO GOVERNOR'S WARRANT, NO PROBABLE CAUSE, AND UNLAWFUL TEXAS RESTRAINT, WITH HOLD HARMLESS AND INDEMNITY OFFER AND AGREEMENT HEREIN

Page 74 of 205

Date: December 16, 2025

**A. Petitioner / Movant in Equity**

**kevin-lewis: walker**, sui juris, in propria persona,

Petitioner, Movant in Equity, Real Party in Interest, and Injured Party in Fact.

Petitioner is a natural living man presently restrained of liberty and confined in the Williamson County Jail under the administrative name "KEVIN LEWIS WALKER." Petitioner challenges the legality of his arrest, commitment, and continued detention as unlawful, unconstitutional, and void ab initio.

**B. Respondents**

**1. Williamson County Sheriff**

**Custodial Respondent**

The Williamson County Sheriff is the official exercising present physical custody over Petitioner and is the officer capable of producing Petitioner before the Court and executing any writ of habeas corpus issued herein. The Sheriff is a necessary and indispensable respondent to this action.

**2. Williamson County Jail Administrator**

**Custodial Co-Respondent**

The Williamson County Jail Administrator is the official responsible for the administration, operation, and execution of Petitioner's confinement and continued physical restraint. This Respondent maintains and enforces Petitioner's detention and is therefore a proper habeas respondent.

**3. Williamson County Jail**

**Custodial Respondent (Institutional)**

VERIFIED EMERGENCY PETITION AND DEMAND FOR WRIT OF HABEAS CORPUS DUE TO NO FUGITIVE STATUS, NO NOTICE OR DUE PROCESS, NO GOVERNOR'S WARRANT, NO PROBABLE CAUSE, AND UNLAWFUL TEXAS RESTRAINT, WITH HOLD HARMLESS AND INDEMNITY OFFER AND AGREEMENT HEREIN

The Williamson County Jail is the facility in which Petitioner is presently confined and restrained of liberty. This Respondent is named for purposes of identifying the site and instrumentality of confinement and to ensure full execution and enforcement of any writ issued by this Court.

**4. STATE OF TEXAS**

**Respondent**

The STATE OF TEXAS is the sovereign authority asserting and enforcing the restraint of Petitioner's liberty under color of state law, including through purported extradition authority under Texas Code of Criminal Procedure Article 51.13. THE STATE OF TEXAS is responsible for the legal basis asserted for Petitioner's detention, denial of bail, and continued restraint, and is therefore a proper respondent in this habeas proceeding.

**5. Bridget Chapman**

**Respondent**

Bridget Chapman is the prosecutor acting on behalf of the State of Texas who is affirmatively participating in, advocating for, and maintaining the continued restraint of Petitioner through extradition-related proceedings. This Respondent is a legal cause of Petitioner's detention and is properly named as a respondent in her official capacity for purposes of habeas relief.

**6. G. Cole Spainhour, Magistrate Judge of Williamson County**

**Respondent (Judicial Officer)**

Judge G. Cole Spainhour is named in his official capacity only, as the judicial officer who issued detention-related orders affecting Petitioner's custody, including the denial of mandatory bail and the issuance of an ultra vires order purporting to act under Texas Code of Criminal Procedure Article 16.22. This Respondent is named solely for purposes of addressing void and jurisdictionally defective orders that form part of the present restraint of liberty.

Date: December 16, 2025

**C. Notice-Only Parties**

*(No Waiver, No Consent, No Submission to Jurisdiction)*

The following entities are provided **notice only** and are **not named as respondents, custodians, or parties exercising physical restraint**. Notice is provided solely to ensure full transparency, administrative awareness, and preservation of the record, and **does not constitute consent to jurisdiction, appearance, or participation** by any such entity.

1. **Office of the Governor of Texas**
   *(Extradition Authority)*

2. **Office of the Attorney General of Texas**
   *(Criminal Appeals Division)*

3. **Williamson County Attorney's Office**
   *(Criminal / Extradition Division)*

4. **Nancy E. Rister, Williamson County Clerk**
   *(County Court at Law No. 2 — Criminal Division)*

5. **Presiding Judge of County Court at Law No. 2**
   *(Courtesy Copy via County Clerk)*

6. **Martin County State Attorney's Office (Florida)**
   *(19th Judicial Circuit — Demanding Authority)*

7. **Sheriff John M. Budensiek**
   *(Martin County Sheriff's Office, Florida)*

Notice to the above entities is provided **without waiver, without consent, and without submission to jurisdiction**, and solely for purposes of notice regarding proceedings directly affecting Petitioner's liberty.

**D. Summary of Proper Party Alignment**

Each Respondent named herein either:

Date: December 16, 2025

1.   Exercises **present physical custody** over Petitioner, or

2.   **Legally causes, authorizes, enforces, or maintains** the restraint of Petitioner's liberty under color of law, or

3.   Issued **void or ultra vires orders** that directly affect custody and continued confinement.

Accordingly, all Respondents are properly before this Court in this habeas corpus proceeding.

### III. JURISDICTION AND POSTURE

Petitioner is restrained of liberty in the State of Texas pursuant solely to an alleged out-of-state accusation originating in Florida. **Petitioner has never been physically present in the State of Florida at any time relevant to the allegations, has never entered Florida, and has never fled Florida.**

Petitioner was unlawfully arrested on November 28, 2025 at approximately 5:17 p.m. in the State of Texas and has been continuously restrained since that moment.

This restraint is governed exclusively by:

•   **Article IV, § 2, cl. 2 of the United States Constitution** (Extradition Clause);

•   **18 U.S.C. § 3182** (Act of Congress governing interstate rendition);

•   **Texas Code of Criminal Procedure, Article 51.13** (Uniform Criminal Extradition Act; "UCEA");

•   **The United States Constitution, the Texas Constitution, and binding United States Supreme Court precedent.**

Petitioner has a pending writ of habeas corpus properly filed in the District Court, which divests any county, magistrate, or ancillary court of authority to continue restraint of liberty absent **strict, facial compliance** with the Extradition Act. **No court possesses discretion to ignore statutory prerequisites, constitutional limits, or jurisdictional defects.**

Petitioner has been **denied bond since day one**, without lawful basis, and **no valid commitment order authorizing continued confinement has ever been issued**. Detention without bond and

without a lawful commitment order violates **Texas Constitution Article I, §§ 11 and 13**, the UCEA, and the Due Process Clause, and is **unconstitutional, illegal, and void**.

Additionally, the State failed to satisfy the **initial commitment requirements immediately following arrest**, including lawful commitment with mandatory bail, and cannot cure that defect by reliance on later executive or judicial actions. **A detention that is void at inception cannot be salvaged by subsequent paperwork, time, or procedural improvisation.**

Compounding these jurisdictional defects, a Texas magistrate **purported to issue an order under Texas Code of Criminal Procedure Article 16.22**, a statute applicable solely to **Texas criminal prosecutions** involving mental health assessments. Petitioner is **not charged with any Texas offense**, is held **only on an extradition accusation**, and is therefore **outside the jurisdictional scope of Article 16.22**. The issuance of a 16.22 order in this context is **ultra vires, void, and legally absurd**, and further confirms the absence of lawful authority over Petitioner.

As a result of this void 16.22 order, Petitioner has been **prevented from filing pleadings into Petitioner's own case**, **obstructed from accessing the court**, and **forced to accept representation by a public defender over Petitioner's express objection**, in violation of **the Sixth Amendment right to self-representation** as guaranteed by *Faretta v. California* and its progeny. The State may not manufacture incompetence, impose counsel, or suspend constitutional rights to preserve an unlawful detention.

Petitioner further states that Petitioner has **no contracts, no voluntary nexus, and no consensual submission** to the State of Texas or the State of Florida—**no Texas driver's license, no Florida driver's license, no voluntary registration, no voluntary benefit election, and no voluntary contractual submission**—and therefore any attempt to treat Petitioner as having "consented" to detention or process is false. In any event, **extradition detention must still satisfy strict statutory authority and constitutional limits**, and cannot be justified by implied consent, administrative presumption, or forced representation.

VERIFIED EMERGENCY PETITION AND DEMAND FOR WRIT OF HABEAS CORPUS DUE TO NO FUGITIVE STATUS, NO NOTICE OR DUE PROCESS, NO GOVERNOR'S WARRANT, NO PROBABLE CAUSE, AND UNLAWFUL TEXAS RESTRAINT, WITH HOLD HARMLESS AND INDEMNITY OFFER AND AGREEMENT HEREIN

Page 79 of 205

Date: December 16, 2025

1   Petitioner is being held through **fraudulent and unlawful acts**, including but not limited to:

2   mischaracterizing constitutionally protected civil process as a crime; falsely labeling Petitioner a

3   fugitive despite Petitioner never having been in Florida; failing to prove identity once challenged;

4   denying mandatory bail; issuing a void 16.22 order; obstructing Petitioner's access to court; forcing

5   counsel upon Petitioner; and holding Petitioner without a valid commitment order. **These actions**

6   **constitute unlawful imprisonment and unlawful restraint of liberty under color of law.**

7

8                                   **IV. FACTUAL BACKGROUND**

9   Petitioner was unlawfully and illegally detained on November 28, 2025, at approximately 5:17 p.m.,

10  in Williamson County, Texas, during a routine traffic stop. The booking record reflects a single basis

11  for detention: **"Fugitive From Justice – Out of State (Florida)."**

12  At the time of arrest and booking:

13          • No Florida case number,

14          • No Florida cause number,

15          • No Florida warrant number,

16          • No judicial order from any Florida court, and

17          • No Governor's Warrant or requisition

18  were produced, presented, served, or shown to Petitioner **or to the arresting officers**.

19  Petitioner has never received:

20  a. a summons;

21  b. notice of charges;

22  c. notice of any Florida court date;

23  d. a copy of any affidavit, indictment, or information;

24  e. a copy of any Florida arrest warrant; or

25  f. any communication from any Florida court, prosecutor, law-enforcement agency, or judicial

26  officer.

27                                      Page 11 of 35

28

Petitioner further states that **he has never been contacted—at any time—by any law-enforcement agency, prosecutor, magistrate, investigator, sheriff, or court from Florida, California, Texas, or any other jurisdiction** regarding any allegation, inquiry, investigation, or proceeding. Petitioner had **absolute zero notice** that any warrant, accusation, or investigation purportedly existed and received **no due process of any kind** prior to his arrest.

Petitioner denies ever fleeing California, denies ever fleeing Florida, denies any attempt to evade prosecution, and denies ever being present in Martin County, Florida, or anywhere in the State of Florida at any time relevant to the alleged offenses. Petitioner has **never been physically present in Florida**, and therefore **cannot, as a matter of law**, be classified as a "fugitive from justice." Petitioner has never left California or any other state to avoid investigation, prosecution, service, or process, has never relocated to evade law enforcement, and has never fled from any jurisdiction for any purpose whatsoever. It is legally impossible to "flee" or "evade" a proceeding that was never communicated, served, noticed, or known.

Petitioner maintains a stable homestead, family, and community ties in Texas, including a pregnant wife and two young children, a fixed residence, ongoing responsibilities, and **no history of flight, evasion, or non-appearance**. Petitioner fully cooperated with law enforcement **under threat, duress, and coercion** at the time of arrest and did not resist or obstruct in any manner.

Following arrest, Petitioner was **categorically denied bail**, despite the absence of any capital offense, despite the lack of fugitive status, and despite the mandatory bail provisions of the Texas Constitution and Texas Code of Criminal Procedure Article 51.13. No lawful commitment order setting bail or authorizing continued confinement pending a Governor's Warrant was ever issued. Instead, Petitioner was subjected to continued confinement without jurisdiction and, compounding the illegality, a Texas magistrate purported to issue an **Article 16.22 order**, a statute applicable only to Texas criminal prosecutions. There is **no Texas criminal charge**, no Texas jurisdiction, and no lawful basis to invoke Article 16.22 in an extradition hold, rendering that order ultra vires and void.

Petitioner asserts that any alleged out-of-state warrant or accusation is retaliatory, procedurally

defective, unserved, and unsupported by sworn probable cause. Florida has failed to produce:

a. a sworn affidavit made before a magistrate establishing probable cause;

b. a judicially issued Florida arrest warrant supported by such affidavit;

c. a Governor's requisition or demand;

d. a certified indictment, information, or charging instrument;

e. any proof of physical presence in Florida; or

f. any evidence establishing jurisdiction as required by the Extradition Clause, 18 U.S.C. § 3182,

and Texas Code of Criminal Procedure Article 51.13.

Petitioner reiterates that he was never notified, never served, never warned, never contacted, and

never given an opportunity to respond or be heard. Accordingly, **no mens rea, intent, or**

**consciousness of guilt can be inferred**, and the foundational elements of "fugitive from justice"—

including presence, knowledge, intent, and flight—are entirely absent.

Florida has not produced **any** of the mandatory statutory documents required to authorize

Petitioner's detention or extradition from Texas. Respondents have therefore failed to establish **any**

**threshold jurisdictional basis** for Petitioner's continued restraint.

Petitioner asserts that his detention is unlawful, unconstitutional, retaliatory, and void, in violation

of the Texas Constitution, the United States Constitution, the Uniform Criminal Extradition Act, and

fundamental principles of due course and due process of law.


## V. GOVERNING LAW — NO JUDICIAL DISCRETION EXISTS

**A. Extradition Is a Limited Executive Function, Not Criminal Jurisdiction**

Extradition is not a criminal prosecution. It is a narrow, conditional executive process that exists

only by virtue of:

• Article IV, §2, cl. 2 of the United States Constitution

• **18 U.S.C. § 3182**

Page 13 of 35

1    • The Uniform Criminal Extradition Act (**Tex. Code Crim. Proc. art. 51.13**)

2   Courts possess no inherent power to expand extradition, dispense with prerequisites, or cure facial

3   statutory defects. Any detention not strictly authorized by these sources is void ab initio.

4   **B. Texas Constitutional Protections Independently Bar This Detention**

5   The Texas Constitution provides independent and controlling protections:

6    • **Article I, Section 11:** All prisoners shall be bailable by sufficient sureties, unless for capital

7      offenses when the proof is evident.

8    • **Article I, Section 13:** Excessive bail shall not be required, nor excessive fines imposed, nor

9      cruel or unusual punishment inflicted.

10  Petitioner's categorical denial of bail from day one, absent a capital offense and absent lawful

11  findings, violates the Texas Constitution on its face and independently mandates immediate release.

12

13  **VI. FAILURE OF IDENTITY PROOF — DETENTION IS VOID ON THIS BASIS ALONE**

14  **A. Identity May Be Presumed Only Until It Is Challenged**

15  In extradition proceedings, identity may be presumed only **until** affirmatively challenged. Once

16  identity is challenged, the burden immediately shifts to the State to prove—by competent evidence

17  —that the person in custody is the person named in the demanding papers.

18  Petitioner has affirmatively challenged identity.

19  **B. The State Has Produced No Competent, Certified Identity Evidence**

20  The State has produced **no competent identity evidence**, including:

21   • No certified fingerprint card from the demanding state;

22   • No biometric identification;

23   • No in-court identification by a witness with personal knowledge;

24   • No testimony from any officer who can identify Petitioner as the person sought;

25   • No authenticated booking photograph or certified identity affidavit from the demanding

26      state.

27                          Page 14 of 35

28
VERIFIED EMERGENCY PETITION AND DEMAND FOR WRIT OF HABEAS CORPUS DUE TO NO FUGITIVE STATUS, NO
NOTICE OR DUE PROCESS, NO GOVERNOR'S WARRANT, NO PROBABLE CAUSE, AND UNLAWFUL TEXAS RESTRAINT, WITH
HOLD HARMLESS AND INDEMNITY OFFER AND AGREEMENT HEREIN

Page 83 of 205

Instead, the State relies on:

- An administrative "personal data" sheet prepared by a detective;

- Biographical descriptors (name, DOB, race, height, weight);

- An unauthenticated social-media photograph.

That is not proof.

**C. Certification Is Mandatory — and It Must Be Formally Attested *In Writing***

Under Tex. R. Evid. 902(4) (and the parallel rule incorporated under the UCEA), extradition materials and public records offered to establish identity must be **certified** by the lawful custodian of records. A document is "certified" only where an authorized officer **formally attests in writing** that it is a **true, correct, and complete copy** of the original record kept in the ordinary course of business, and the document bears the customary indicia of authenticity (seal, stamp, certification statement, and signature).

Uncertified materials—including police printouts, investigator-generated summaries, NCIC or teletype entries without certification, DMV-type records without a seal, social-media photographs, or affidavits lacking formal certification—**do not satisfy** the statutory requirements for extradition and cannot be relied upon to prove identity, probable cause, or flight. Administrative belief is not evidence; investigative opinion is not proof; social-media images are not identification.

**D. Due Process Prohibits Continued Detention Without Identity Proof**

Once identity is challenged, continued detention without competent, certified identity proof violates due process, exceeds the limited authority granted by Article 51.13, and independently requires release. A person may not be extradited—or held pending extradition—on assumption, inference, clerical summaries, or administrative convenience.

**E. Fatal Jurisdictional Defect**

**Identity is a threshold jurisdictional fact.** Where identity is not proven by competent, certified evidence after being challenged, the court lacks lawful authority to restrain liberty **for one more**

**moment**. This defect alone is dispositive and requires **immediate release as a matter of law**, without weighing any other factor.

## VII. THE 16.22 ORDER IS ULTRA VIRES AND CONFIRMS THE LACK OF JURISDICTION

Following Petitioner's arrest, a Texas magistrate improperly issued a **Texas Code of Criminal Procedure art. 16.22** order, purporting to order a mental-health or competency-related evaluation. This action is jurisdictionally absurd and legally void.

**A. Article 16.22 Does Not Apply to Extradition Holds**

Article 16.22 applies to Texas criminal prosecutions where a defendant is charged with a Texas offense and competency may be at issue. It does not apply to:

- Extradition proceedings,
- Executive detention under Article 51.13,
- Individuals held solely on an out-of-state demand.

There is no Texas criminal case, no Texas charging instrument, and no jurisdiction to invoke 16.22.

**B. The 16.22 Order Confirms the Court's Lack of Authority**

Issuing a 16.22 order in an extradition context confirms:

- The court lacked lawful extradition authority;
- The court attempted to manufacture jurisdiction where none exists;
- The court treated Petitioner as a Texas criminal defendant when no such status exists.

A void detention cannot be cured by importing inapplicable criminal procedures.

## VIII. FUGITIVE STATUS IS A NON-NEGOTIABLE PREREQUISITE

**A. Statutory Command — § 54-159 / Art. 51.13 §§ 2 & 3**

The Uniform Criminal Extradition Act is explicit and mandatory:

Extradition applies only to a person "who has fled from justice" and is found in this State.

VERIFIED EMERGENCY PETITION AND DEMAND FOR WRIT OF HABEAS CORPUS DUE TO NO FUGITIVE STATUS, NO NOTICE OR DUE PROCESS, NO GOVERNOR'S WARRANT, NO PROBABLE CAUSE, AND UNLAWFUL TEXAS RESTRAINT, WITH HOLD HARMLESS AND INDEMNITY OFFER AND AGREEMENT HEREIN

The statute requires both:

- Physical presence in the demanding state at the time of the alleged offense, and
- Flight from that state thereafter

This language is jurisdictional, not discretionary. Absent these elements, no extradition authority exists.

**B. Constitutional Command — Hyatt v. Corkran**

The United States Supreme Court held unequivocally:

A person who was not physically present in the demanding state at the time of the alleged offense cannot be a fugitive from justice and cannot be extradited.

This rule remains binding, controlling, and undisturbed. No statute, interpretation, or judicial convenience may override it.

**C. The Charging Papers Affirmatively Defeat Fugitive Status**

The Florida arrest warrant and supporting papers do not allege:

- That Petitioner was ever physically present in Florida
- That Petitioner ever fled Florida
- That Petitioner escaped custody or violated bail

Instead, the documents allege remote communications, mailed documents, emails, and civil filings, all originating outside the State of Florida.

Failure to allege presence and flight is fatal. Without fugitive status, the Governor of Texas lacks authority to act, and all restraint collapses.


**IX. SECTION 6 UNEQUIVOCALLY DOES NOT APPLY — AS A MATTER OF LAW**

**A. Section 6 Is an Extremely Narrow Exception — Not an Alternative Path**

Section 6 permits extradition only where all of the following are affirmatively alleged:

- A specific intentional criminal act
- Committed in Texas or a third state

- Intentionally resulting in a crime in the demanding state

This is a strict pleading requirement. Section 6 does not eliminate constitutional safeguards, does not relax evidentiary burdens, and does not create extradition authority by label, inference, or recharacterization.

**B. Section 6 Fails on Its Face in This Case**

The State's own documents establish only:

- A civil real estate dispute
- Administrative recording disagreements
- Lawful legal correspondence
- Civil notices, demands, lis pendens, and equity filings
- Communications that are non-violent, non-threatening, procedural, and documentary

There is no intentional criminal act alleged—only lawful civil process retroactively recharacterized as criminal.

**C. Civil Notices and Legal Process Are Constitutionally Protected Activity**

Civil notices, demands, filings, and equity actions constitute constitutionally protected activity, including:

- The right to petition for redress of grievances
- The right of access to courts
- The use of lawful civil process

These activities cannot be criminalized without violating the First Amendment, due process, and fundamental principles of ordered liberty. Criminalizing lawful civil process is unconstitutional per se.

Weaponizing protected civil activity cannot satisfy Section 6, which requires an intentional criminal act, not the exercise of constitutional rights.

**D. Section 6 Cannot Be Used to Evade the Constitution**

Even if Section 6 were properly invoked (it is not), it cannot override:

- • The Bill of Rights and the United States Constitution (supreme law of the land)
- • Due process of law
- • The absolute right to habeas corpus
- • Mandatory bail provisions under Texas law and the Texas Constitution

Any interpretation that permits extradition without presence, without flight, without bail, and without a lawful commitment order is repugnant to the Constitution and void.

Statutes yield to the Constitution — not the reverse.


## X. TEMPORAL LIMITS ARE INDEPENDENT AND HAVE ALREADY BEEN TRIGGERED

**A. Failure of the Initial Commitment Requirement (Front-End Defect)**

Upon arrest for alleged extradition, the State must promptly bring the accused before a magistrate and lawfully commit the accused with bail set, unless a capital exception applies.

Here, Petitioner was denied bail from day one and no valid commitment order authorizing continued confinement was issued. This front-end failure renders the detention void at inception. A court cannot skip initial commitment requirements and later rely on executive timelines to justify confinement.

**B. What Makes a "Valid" Commitment Order — and Why None Exists Here**

A "valid" extradition commitment order must, at minimum:

- • Be a written order issued by a magistrate/judge with authority under **Tex. Code Crim. Proc. art. 51.13**;
- • Identify the legal basis for restraint (fugitive/extradition arrest under Article 51.13), not vague administrative detention;
- • Include a bail determination consistent with Article 51.13 and Texas Constitution Article I §11 (bail set unless capital exception applies), including the amount and conditions;

- Specify that the commitment is pending procurement of a Governor's Warrant and set the statutory period of confinement;
- Be signed and dated, and entered/recorded as an order authorizing custody.

No such order exists here. Petitioner has been held without a lawful written commitment authorizing confinement pending extradition, and with bail categorically denied. A purported "commitment" that omits mandatory bail, omits statutory authority, and omits lawful findings is void from the outset.

**C. The 10-Day Initial Commitment Window Expired**

Petitioner was arrested on November 28, 2025 at 5:17 p.m. Any applicable 10-day initial commitment/perfection window expired no later than:

**December 8, 2025 at 5:17 p.m.**

The State did not lawfully commit Petitioner within that period. Continued detention after that point is independently unlawful.

**D. The 30-Day Governor's Warrant Cap Is Separate and Mandatory (Not Yet Expired) — AND IT RUNS FROM ARREST, NOT COURT**

Independently, absent a Governor's Warrant, detention is capped at 30 days under the Act.

**This 30-day clock begins at the moment of arrest and initial restraint of liberty—not from the date of any later court appearance.** The statute limits custody "pending" procurement of a Governor's Warrant; it does not permit the State to reset the clock by delaying hearings or calendaring first appearances.

Thirty days from Petitioner's arrest on November 28, 2025 at 5:17 p.m. expires on:

**December 28, 2025 at 5:17 p.m.**

As of today, December 16, 2025, that 30-day cap has not yet expired. However, the State cannot lawfully detain Petitioner up to that cap when the detention is void at inception for lack of fugitive status, denial of mandatory bail, absence of a valid commitment order, and failure of identity proof once challenged.

VERIFIED EMERGENCY PETITION AND DEMAND FOR WRIT OF HABEAS CORPUS DUE TO NO FUGITIVE STATUS, NO NOTICE OR DUE PROCESS, NO GOVERNOR'S WARRANT, NO PROBABLE CAUSE, AND UNLAWFUL TEXAS RESTRAINT, WITH HOLD HARMLESS AND INDEMNITY OFFER AND AGREEMENT HEREIN

1

2

## XI. MANDATORY BAIL — DENIAL IS PER SE UNLAWFUL

3 **A. Statutory and Constitutional Mandate**

4 Under **Tex. Code Crim. Proc. art. 51.13** (including its bail provisions) and Texas Constitution

5 Article I, §§ 11 and 13:

6 Bail shall be granted unless the offense is punishable by death or life imprisonment.

7 The Florida charges are neither. Petitioner's denial of bail from day one is unlawful,

8 unconstitutional, and illegal.

9 **B. Continued Detention Is Illegal and Constitutes Unlawful Imprisonment**

10 Absent a Governor's Warrant, absent a valid commitment order, and absent identity proof once

11 challenged, continued restraint of a non-fugitive—without bail—constitutes unlawful imprisonment

12 and unlawful restraint of liberty.

13

14

## XII. WHERE AN INDICTMENT IS REQUIRED

15 **A. What Was Provided — and What It Does Not Cure**

16 Petitioner does not claim that "no paperwork exists." To the contrary: Florida provided an affidavit

17 of narration / narrative affidavit and an information/supported accusation through a detective (i.e., a

18 detective's sworn narrative-type affidavit used to support the out-of-state warrant and demand

19 materials).

20 Critically, the affidavit of narration is **not signed by any alleged victim or complaining witness**. It

21 is therefore **not victim testimony**, not a sworn victim complaint, and not firsthand evidence from

22 any injured party. It is, at best, a law-enforcement narrative summarizing third-party statements and

23 interpretations—i.e., **hearsay layered through an investigator**—and cannot be treated as a

24 substitute for competent proof of the dispositive extradition prerequisites (identity, fugitive status,

25 lawful commitment, and mandatory bail).

26

27

28

1  However, the existence of a detective narrative or an information supported by affidavit does **not**

2  cure the dispositive defects here, including:

3  •  Lack of fugitive status (no presence and no flight alleged),

4  •  **Any attempted reliance on Section 6 (which is dead on arrival as a matter of law)**,

5  •  Failure of identity proof once challenged,

6  •  Denial of mandatory bail,

7  •  Absence of a valid extradition commitment order.

8  Extradition authority still fails at the threshold if the demanding papers do not allege the statutory

9  prerequisites, and if Texas has not lawfully committed Petitioner under Article 51.13.

10  **Anticipated Argument — and Why It Fails:**

11  The State may attempt to lean on Section 6 as an alternative theory. That attempt fails categorically.

12  Section 6 requires a specifically pleaded **intentional criminal act** committed outside the

13  demanding state **intentionally** resulting in a crime within the demanding state. The demanding

14  papers plead no such act, plead no qualifying intent, and instead describe constitutionally protected

15  civil process. Section 6 therefore provides no jurisdictional bridge and cannot be invoked to bypass

16  the Act's mandatory prerequisites. It is **dead on arrival**.

17

18  **B. Indictment Requirement Under Article 51.13 §3 for Executive Recognition**

19  For an extradition demand to be recognized by the Governor under Article 51.13 (Texas UCEA),

20  Section 3 (Form of Demand), the demanding state must submit a proper charging basis, including:

21  •  A copy of an indictment found, or

22  •  An information supported by affidavit, or

23  •  An affidavit before a magistrate together with a copy of any warrant issued thereupon,

24      properly authenticated.

25  Thus, as a matter of Texas extradition law, the demanding state must produce one of these

26  qualifying charging instruments to trigger executive authority. **Even where an information/**

27                          Page 22 of 35

28

**affidavit exists**, it must still be authenticated and must still **substantially charge an offense** and satisfy the Act's **fugitive/presence-and-flight requirements** (or a validly pleaded Section 6 theory, which is absent here).

## C. Where an Indictment Is Required Under the Supreme Law of the Land

An indictment is required where the Constitution requires it: under the Fifth Amendment, for federal criminal prosecutions for capital or otherwise infamous crimes, the charging instrument must be an indictment returned by a grand jury. **The Bill of Rights and the Constitution are the supreme law of the land**, and no statute may be applied in a manner that defeats their protections.

Accordingly: Even if Article 51.13 §3 allows a demand package to be supported by an information/ affidavit for purposes of a limited executive extradition procedure, that does **not** transform a detective narrative into constitutional criminal process, does **not** create criminal jurisdiction, and does **not** waive constitutional protections.

A Governor's Warrant remains an executive delivery order—not an indictment—and cannot be used to substitute for constitutional charging requirements where the Constitution demands an indictment.

## D. A Governor's Warrant Is Not an Indictment

A Governor's Warrant is a purely executive delivery order. It is **not** an indictment, does **not** satisfy indictment requirements, and does **not** confer criminal jurisdiction. The State may not substitute executive paperwork for constitutional criminal process.

## XIII. VOID DEMANDING WARRANT — EXTRADITION MUST FAIL AS A MATTER OF LAW

## A. Habeas Review Properly Encompasses Facial Validity of the Demanding Papers

Page 23 of 35

VERIFIED EMERGENCY PETITION AND DEMAND FOR WRIT OF HABEAS CORPUS DUE TO NO FUGITIVE STATUS, NO NOTICE OR DUE PROCESS, NO GOVERNOR'S WARRANT, NO PROBABLE CAUSE, AND UNLAWFUL TEXAS RESTRAINT, WITH HOLD HARMLESS AND INDEMNITY OFFER AND AGREEMENT HEREIN

Page 92 of 205

Petitioner does not seek adjudication of guilt or innocence and does not request this Court to weigh

evidence or resolve disputed facts.

Petitioner challenges the **lawful authority for restraint itself**, which is predicated entirely upon the

facial sufficiency and constitutional validity of the demanding state's warrant and supporting

papers.

In interstate rendition proceedings, habeas corpus review in the asylum state properly extends to

determining whether the demanding documents, **on their face**, satisfy constitutional and statutory

prerequisites for detention and transfer. Where the demanding papers are void ab initio, custody

based upon them is unlawful and extradition must fail as a matter of law.

A warrant or supporting affidavit that fails to allege a criminal offense, fails to allege essential

elements, lacks probable cause, or rests on constitutionally protected conduct is **jurisdictionally**

**defective** and cannot support detention or extradition.


**B. A Void Warrant Cannot Confer Extradition Authority**

Extradition under Article IV, §2 of the United States Constitution, 18 U.S.C. § 3182, and the

Uniform Criminal Extradition Act presupposes the existence of a **valid criminal charge supported**

**by a lawful warrant**.

A void warrant is a nullity.

It confers no authority, creates no jurisdiction, and cannot be cured by subsequent proceedings,

executive discretion, or later-obtained paperwork. Custody predicated upon a void warrant is

unlawful regardless of the demanding state's intentions.

Accordingly, where the warrant or demanding papers are facially invalid, extradition is not

discretionary — **it is prohibited**.


**C. The Demanding Warrant Is Void on Its Face**

VERIFIED EMERGENCY PETITION AND DEMAND FOR WRIT OF HABEAS CORPUS DUE TO NO FUGITIVE STATUS, NO
NOTICE OR DUE PROCESS, NO GOVERNOR'S WARRANT, NO PROBABLE CAUSE, AND UNLAWFUL TEXAS RESTRAINT, WITH
HOLD HARMLESS AND INDEMNITY OFFER AND AGREEMENT HEREIN

Date: December 16, 2025

The Florida warrant and supporting affidavit are void on their face for multiple, independent, jurisdiction-destroying reasons apparent from the four corners of the documents:

**1. Failure to Allege Mens Rea**

The demanding papers do not allege facts establishing the requisite criminal intent for the offenses cited. The conduct described consists of civil filings, notices, recorded instruments, and legal communications asserting claimed rights and invoking lawful process.

Absent allegations of knowing falsity, malicious intent, or unlawful purpose, no criminal offense is charged as a matter of law. Mere disagreement with civil claims or legal filings cannot supply mens rea.

**2. Criminalization of Constitutionally Protected Activity**

The warrant relies on conduct that is facially protected by the First Amendment, including petitioning courts, recording instruments, serving notices, and pursuing civil remedies.

A warrant predicated on constitutionally protected petitioning and access-to-courts activity is void and cannot supply probable cause. The State may not convert civil process into a criminal offense by re-labeling lawful activity as "harassment," "extortion," or "fraud" without specific, non-conclusory allegations establishing criminal elements.

**3. Absence of Probable Cause**

The affidavit consists of conclusions, characterizations, and narrative opinion rather than objective facts that, if true, would constitute a crime. Probable cause cannot rest on subjective reactions, disagreement with civil positions, or retrospective interpretations of lawful filings.

Conclusory assertions are not probable cause. Where the affidavit fails to allege concrete facts establishing each element of a criminal offense, the warrant is void.

**4. Failure to Establish Jurisdictional Predicate for Extradition**

The demanding papers fail to establish facts conferring criminal jurisdiction, fugitive status, or lawful extradition authority under the Uniform Criminal Extradition Act. They do not allege physical presence in the demanding state, flight therefrom, or any valid Section 6 predicate.

Where jurisdiction is not shown on the face of the demanding papers, extradition authority does not arise.

**D. Extradition Must Fail Where the Warrant Is Void**

Because the demanding warrant is void ab initio, Texas lacks lawful authority to detain or surrender Petitioner to the demanding state. Extradition statutes do not authorize the transfer of a person based on an invalid, unconstitutional, or jurisdictionally defective warrant.

Where the demanding papers fail to allege a crime, fail to establish probable cause, or rest on constitutionally protected conduct, extradition is not merely improper — **it is barred**.

Continued detention predicated upon such a warrant violates due process and exceeds statutory authority.

**E. Mandatory Habeas Relief Is Required**

Where custody is based upon a void warrant, the Court has no discretion to defer relief, condition relief, or await further action by the demanding state. Habeas relief is mandatory because the restraint itself is unlawful.

Accordingly, Petitioner respectfully demands that the Court:

1. Declare the demanding warrant void ab initio;

2. Hold that extradition authority is absent and must fail as a matter of law; and

3. Order Petitioner's immediate release from custody.

**F. No Merits Determination Is Requested**

Petitioner reiterates that this challenge is jurisdictional and facial only. No determination of guilt or innocence is sought. The Court need only determine whether the warrant and demanding papers confer lawful authority for detention and extradition.

They do not.

1

## XIV. PROPOSED MUTUAL RELEASE, HOLD-HARMLESS, AND SETTLEMENT AGREEMENT UPON IMMEDIATE RELEASE

Petitioner states for the record that he seeks **peace, closure, and immediate resolution** of this matter without further conflict or litigation. Petitioner has no desire to pursue claims relating to this temporary detention **if** this matter is resolved within seventy-two (72), hours and without further restraint or extradition attempts.

Accordingly, Petitioner offers the following **Mutual Release & Hold-Harmless Settlement**:

**Upon my immediate release from custody and the termination of any hold, detainer, or extradition process, I am willing to consider that act of release as full and final agreement by all parties.**

**If I am released immediately, I agree to:**

- Treat the matter as fully resolved;
- Refrain from pursuing civil claims related solely to this temporary detention up to the moment of release;
- Hold harmless and release the Williamson County Sheriff, Williamson County, the State of Texas, and their officers or employees **from liability arising solely from this limited period of restraint**;
- Consider all parties discharged from further dispute, provided no additional actions or holds are taken against me.

**This offer requires no signatures, no paperwork, and no formal contract.**

**My immediate release from custody constitutes full acceptance and completion of this settlement.**

This proposal is made:

- voluntarily,
- in good faith,

- to create a peaceful, non-adversarial resolution,

- and solely for the purpose of ending this matter without further conflict, litigation, or risk to any party.

Petitioner is **not seeking damages, retaliation, or prolonged dispute**.

Petitioner seeks **only immediate release** so that he may return to his family, home, and responsibilities in Texas.

## XV. CONCLUSION AND DEMAND FOR IMMEDIATE RELIEF

This Court is now on formal notice of multiple independent, non-curable, and jurisdiction-destroying defects that render Petitioner's arrest, confinement, and continued restraint **void ab initio,** including the existence of a demanding warrant that is void on its face and incapable of conferring extradition authority as a matter of law.

This is not a close case.

This is not a discretionary matter.

This is not a balancing test.

This is a threshold failure of constitutional and statutory authority.

As fully demonstrated on the unrebutted record:

1.  **Petitioner is not, and has never been, a fugitive from justice** as a matter of constitutional law, statutory law, and binding United States Supreme Court precedent. Physical presence in the demanding state at the time of the alleged offense is absent and not alleged. Without presence and flight, extradition authority does not exist, and no Governor's Warrant may lawfully issue or be honored.

2.  **Identity has been affirmatively challenged and has not been proven** by competent, certified, admissible evidence. Once identity is challenged, continued detention without proof is a per se due process violation and independently mandates immediate release.

3. **Mandatory bail was denied from the moment of arrest**, in direct violation of the Texas Constitution and Texas Code of Criminal Procedure Article 51.13. Denial of bail under these circumstances is unconstitutional on its face and voids the restraint.

4. **No valid extradition commitment order exists** authorizing confinement pending a Governor's Warrant. Detention without a lawful written commitment order is unlawful imprisonment, not lawful custody.

5. Independently and dispositively, the demanding warrant itself is void ab initio. A void warrant is a legal nullity that creates no jurisdiction, supplies no lawful basis for detention, and cannot support extradition under Article IV, § 2 of the United States Constitution, 18 U.S.C. § 3182, or Article 51.13. Where the demanding warrant is void, extradition is not merely improper—it is prohibited as a matter of law.

6. **Article 51.13 §6 does not apply** as a matter of law and cannot be invoked to cure the absence of fugitive status or to criminalize constitutionally protected civil process. Any reliance on §6 is facially defective and constitutionally barred.

7. **The issuance of a Texas Code of Criminal Procedure Article 16.22 order was ultra vires**, void, and jurisdictionally absurd in an extradition-only matter, and further confirms the absence of lawful authority over Petitioner.

8. **The front-end statutory safeguards of the Uniform Criminal Extradition Act were violated**, including the initial lawful commitment and bail requirements. A detention that is void at inception cannot be cured by time, paperwork, or later executive action.

Each of these defects independently requires immediate discharge.

Together, they eliminate every conceivable basis for continued restraint.

Accordingly, **this Court lacks lawful authority to maintain Petitioner in custody for one more moment**.

**DEMAND**

WHEREFORE, Petitioner hereby **DEMANDS**, as a matter of constitutional right and statutory command, that this Court:

A. **IMMEDIATELY ISSUE THE WRIT OF HABEAS CORPUS** and order Petitioner's unconditional release from custody forthwith;

B. **ORDER THE TERMINATION OF ANY AND ALL HOLDS, DETAINERS, OR EXTRADITION-RELATED RESTRAINTS**, whether administrative, executive, or judicial, originating from Texas, Florida, or any other jurisdiction;

C. **ORDER THAT NO GOVERNOR'S WARRANT BE HONORED OR EFFECTUATED** as to Petitioner in the absence of lawful fugitive status, proven identity, and strict constitutional compliance;

D. **DECLARE THE ARREST, COMMITMENT, AND CONTINUED DETENTION VOID AB INITIO** for lack of jurisdiction, lack of statutory authority, and violation of the Texas and United States Constitutions;

E. **ORDER THAT PETITIONER SHALL NOT BE RE-ARRESTED OR RE-HELD ON THE SAME DEFECTIVE BASIS**, as such would constitute continued unlawful imprisonment under color of law.

**FINAL NOTICE TO THE COURT AND ALL RESPONDENTS**

Any continued restraint of Petitioner's liberty after notice of the defects set forth herein will be **knowing, willful, and ultra vires**, and will constitute unlawful imprisonment under color of law.

The law does not permit delay.

The Constitution does not permit discretion.

The statute does not permit improvisation.

**Release is mandatory.**

Respectfully submitted without waiver, without consent, and without prejudice.

Date: December 16, 2025

## **VERIFICATION:**

**Pursuant to Texas Civil Practice & Remedies Code § 132.001 and 28 U.S.C. § 1746**

I, kevin: of the walker family, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America and the State of Texas**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith and with clean hands**.

Executed, signed, and sealed this 16th day of December, 2025, *without* the United States**.**

**All rights reserved without prejudice and without recourse, UCC § 1-308, 3-402.**

By:  ___Kevin: Walker_____

**kevin: walker**, *Petitioner, Executor, Real Party In Interest, Secured Party, Injured Party In Fact, Heir, Creditor*

Page 31 of 35

VERIFIED EMERGENCY PETITION AND DEMAND FOR WRIT OF HABEAS CORPUS DUE TO NO FUGITIVE STATUS, NO NOTICE OR DUE PROCESS, NO GOVERNOR'S WARRANT, NO PROBABLE CAUSE, AND UNLAWFUL TEXAS RESTRAINT, WITH HOLD HARMLESS AND INDEMNITY OFFER AND AGREEMENT HEREIN

Page 100 of 205

Date: December 16, 2025

1

2

3

4                    <u>CERTIFICATE / P R O O F   O F   S E R V I C E</u>

5   STATE OF TEXAS                    )

6                                     )      ss.

7   COUNTY OF WILLIAMSON              )

8          I am competent, over the age of eighteen years, and not a party to the within action.  My

9   mailing address is, **care of:** 2082 Highway 183 #170-229.  On or about **December 16, 2025**, I

10  served the within documents:

11

12       1.  <u>VERIFIED EMERGENCY PETITION AND DEMAND FOR WRIT OF HABEAS</u>
13          <u>CORPUS DUE TO NO FUGITIVE STATUS, NO NOTICE OR DUE PROCESS, NO</u>
            <u>GOVERNOR'S WARRANT, NO PROBABLE CAUSE, AND UNLAWFUL TEXAS</u>
14          <u>RESTRAINT, WITH HOLD HARMLESS AND INDEMNITY OFFER AND</u>
            <u>AGREEMENT HEREIN</u>

15                                  <u>SERVICE LIST</u>

16

17   **By Certified Mail.** I placed a true and correct copy of the foregoing document in a sealed

18  envelope, addressed to each person listed below, and deposited the envelopes into the custody of the

19  United States Postal Service in Williamson County, Texas, with proper postage affixed, sent via

20  **Certified Mail, Return Receipt Requested (USPS Form 3811)**. The mailing occurred in

21  Williamson County, Texas, on the date indicated below.

22  1. Williamson County Sheriff
    Williamson County Justice Center
23  405 Martin Luther King Jr. Street
    Georgetown, Texas 78626
24  Certified No. 9589 0710 5270 3357 9374 08

25
    2. Williamson County Jail Administrator
26  306 W. 4th Street

27                        Page 32 of 35

28  _____

Georgetown, Texas 78626
Certified Mail No. 9589 0710 5270 3357 9374 15

3. Williamson County Jail
306 W. 4th Street
Georgetown, Texas 78626
Certified Mail No. 9589 0710 5270 3357 9374 15

4. Nancy E. Rister, Williamson County Clerk
County Court at Law No. 2 (Criminal Division)
405 Martin Luther King Jr. Street
Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 3357 9374 22

5. G. Cole Spainhour, Magistrate Judge
Williamson County Justice Center
405 Martin Luther King Jr Street
Georgetown, Texas 78626
Certified No. 9589 0710 5270 3357 9374 39

6. Judge Betsy Lambeth
Williamson County District Court
405 Martin Luther King Jr Street
Georgetown, Texas 78626
Certified No. 9589 0710 5270 3357 9374 53

7. Hon. David Evans, Presiding Judge
3rd Administrative Judicial Region of Texas
Travis County Courthouse
1000 Guadalupe Street
Austin, TX 78701
Email: 3rdAdmin@txcourts.gov
Certified No. 9589 0710 5270 3357 9374 60

8. Texas Office of Court Administration
Judicial Branch of Texas
1801 N. Congress Avenue, Suite 600
Austin, TX 78701
Email: oca@txcourts.gov
Certified No. 9589 0710 5270 3357 9374 77

9. Williamson County Attorney's Office – Criminal / Extradition Division

Page 33 of 35

Date: December 16, 2025

*Notice Only / Interested Party*
405 Martin Luther King Jr. Street
Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 3357 9374 84

10. Office of the Governor – Extradition Unit
*Courtesy Copy / Notice Only*
P.O. Box 12428
Austin, TX 78711
Certified Mail No. 9589 0710 5270 3357 9375 76

11. Office of the Attorney General of Texas
Criminal Appeals Division
*Courtesy Copy / Notice Only*
P.O. Box 12548
Austin, Texas 78711-2548
Certified Mail No. 9589 0710 5270 3357 9375 69

12. Courtesy Copy — Presiding Judge of CCL2 (Judge Barker)
(via County Clerk)
*Courtesy Copy / Notice Only*
405 Martin Luther King Jr. Street
Georgetown, TX 78626
Hand Delivery / Clerk Routing

On or about **December 16, 2025,** I served the within documents **by Electronic Service.** Based on a court order and/or an **agreement of the parties** to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

1. Lytza Marie Rojas
The Law Office of Lytza Rojas, PLLC
203 S. Austin Ave.
Georgetown, TX 78626
Email: rojas@rojastexaslaw.com

2.  STATE OF TEXAS c/o Bridget Chapman
Prosecutor Assigned to This Extradition Case
Williamson County Attorney's Office
Email: bridget.chapman@wilcotx.gov

Date: December 16, 2025

3. Flor Salas, Court Administrator for Judge Barker
County Court at Law No. 2
405 Martin Luther King,
Georgetown, TX 78628
Email: flor.salas@wilcotx.gov

4. Nancy E. Rister, Williamson County Clerk
County Court at Law No. 2 (Criminal Division)
405 Martin Luther King Jr. Street
Georgetown, TX 78626
Email: nrister@wilco.org

5. Lisa David, Williamson County Clerk
District Court
405 Martin Luther King Jr. Street
Georgetown, TX 78626
Email: ldavid@wilco.org
        districtclerk@wilco.org

6. Hon. David Evans, Presiding Judge
3rd Administrative Judicial Region of Texas
Travis County Courthouse
1000 Guadalupe Street
Austin, TX 78701
Email: 3rdAdmin@txcourts.gov

7. Texas Office of Court Administration
Judicial Branch of Texas
1801 N. Congress Avenue, Suite 600
Austin, TX 78701
Email: oca@txcourts.gov

     I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct. Executed on December 16, 2025, in Williamson County, Texas.

_/s/Chris Yarbra/_
Chris Yarbra

Page 35 of 35

-Exhibit T-

Date: December 17, 2025

kevin-lewis walker, *sui juris, in propria persona*
™**KEVIN LEWIS WALKER©,**
™**KEVIN LEWIS WALKER© ESTATE**
**Care of:** 2082 Highway 183 #170-229
          Leander, Texas
***non-domestic without*** the United States
Email: kevinlwalker@me.com

***Respondent, Real Party in Interest, Injured Party in Fact,***
***Secured Party, Executor, Heir, Master Beneficiary***

## IN THE COUNTY COURT AT LAW NO. 2
## OF WILLIAMSON COUNTY, TEXAS

|  |  |
|---|---|
| **STATE OF TEXAS,** | Case/Cause No. E25-049-2 |
|      Purported Plaintiff, | **<u>VERIFIED</u> <u>AFFIDAVIT OF FACTS</u> <u>IN</u>** |
| v. | **<u>SUPPORT OF MANDATORY IMMEDIATE</u>** |
|  | **<u>RELEASE, NON-FUGITIVE STATUS,</u>** |
|  | **<u>UNLAWFUL IMPRISONMENT, AND</u>** |
|  | **<u>VOID EXTRADITION</u>** |
| **KEVIN LEWIS WALKER (ens legis / legal person),** | |
|   Purported Defendant, | (*SPECIAL LIMITED APPEARANCE /* |
| **kevin-lewis: walker, sui juris, in propria persona,** | OBJECTION TO JURISDICTION — IN |
|   Respondent /Executor /Injured Party In Fact | EQUITY ONLY — EQUITY |
|  | JURISDICTION PRESERVED) |

**TO THE COURT AND ALL PARTIES:**

I, kevin-lewis: of the walker family, being of lawful age, competent to testify, and having personal

knowledge of the facts stated herein, do hereby affirm and declare the following under penalty of

perjury under the laws of the State of Texas, with good faith and clean hands.

## I. IDENTIFICATION OF AFFIANT

Page 1 of 18

Date: December 17, 2025

1    My name is kevin-lewis: of the walker family.

2    I am presently unlawfully and illegally confined and imprisoned in the Williamson County Jail,

3    Williamson County, Texas.

4    I make this affidavit voluntarily, based on firsthand knowledge, and for the purpose of establishing

5    the factual record relevant to my unlawful and illegal detention and to the extradition statutes

6    governing this matter.

7

8    **II. FACTUAL BASIS OF UNLAWFUL DETENTION**

9    I was unlawfully arrested in Texas on November 28, 2025, on the basis of an alleged out-of-state

10    detainer originating from the State of Florida.

11    At the time of this affidavit, no Governor's Warrant from the State of Texas has been issued or

12    served upon me.

13    I have not been provided with:

14    •    any certified requisition demand from the Governor of Florida;

15    •    any certified or authenticated indictment, information, or affidavit from Florida;

16    •    any certified document establishing identity;

17    •    any judicially signed commitment order establishing lawful grounds for detention.

18

19    **III. ABSENCE OF PRESENCE IN FLORIDA — NON-FUGITIVE STATUS**

20    I have never been physically present in the State of Florida.

21    I have never lived in Florida, visited Florida, traveled to Florida, worked in Florida, or conducted

22    any in-person business or activities within the State of Florida.

23    Because I have never been present in Florida, I could not have left Florida or fled Florida.

24    Therefore, I am not a fugitive from the State of Florida under:

25    •    U.S. Constitution, Art. IV, § 2

26    •    18 U.S.C. § 3182

27    •    Texas CCP Art. 51.13

28    •    Binding Supreme Court precedent including Hyatt v. Corkran, Doran, Biddinger, and Daily

Date: December 17, 2025

1    No officer, detective, attorney, or official from Florida has presented any evidence showing that I

2    was ever present in Florida.

3    No document has been shown to me that provides any factual basis indicating I was in the

4    demanding state at any relevant time.

5    Any assertion that I "fled" or "left" Florida is factually impossible.

6

7    **IV. ABSENCE OF IDENTITY EVIDENCE**

8    I have not been provided with any certified fingerprint card, booking sheet, photograph, affidavit, or

9    other authenticated document from Florida linking my identity to any Florida case.

10    All fingerprinting, photographing, and signature collection that occurred in Texas was performed

11    under compulsion, without a voluntary waiver of any rights, and does not establish identity for

12    extradition purposes.

13    No official has shown me any certified comparison between any Texas fingerprints and any Florida

14    fingerprints.

15    The only information Texas authorities appear to rely on is:

16    •    a name,

17    •    a date of birth,

18    •    and an unverified Social Security number.

19    These items are insufficient under Texas CCP Art. 51.13 to establish identity for extradition.

20

21    **V. ABSENCE OF A VALID COMMITMENT ORDER**

22    I have not been provided with a valid judicially-signed commitment order explaining the legal basis

23    for my confinement.

24    The only document presented to me was a generic pre-printed magistrate sheet, which I did not

25    sign, and which contains no findings of fact, no reference to a Governor's Warrant, and no lawful

26    authority for continued detention.

27    No Texas judge has issued a commitment establishing:

28    •    lawful cause for detention,

VERIFIED AFFIDAVIT OF FACTS IN SUPPORT OF MANDATORY IMMEDIATE RELEASE, NON-FUGITIVE STATUS, UNLAWFUL IMPRISONMENT, AND VOID EXTRADITION

1     •    probable cause supporting extradition,

2     •    or compliance with Art. 51.13's mandatory requirements.

3 Without a commitment order, my confinement is unlawful per se.

4

5             **VI. ABSENCE OF ANY AUTHENTICATED FLORIDA DOCUMENTS**

6 I have not been served with:

7     •    any Florida indictment,

8     •    any sworn affidavit,

9     •    any information,

10     •    any certification by the Florida Governor,

11     •    or any authenticated or certified documents required by Art. 51.13.

12 No officer or official has presented any document that meets the statutory requirements for

13 extradition.

14 I have received no proof that Florida has requested extradition in the manner required by law.

15

16     **VII. FAILURE OF TEXAS AND FLORIDA TO COMPLY WITH STATUTORY**

17                       **REQUIREMENTS**

18 At the time of this affidavit, Texas has not produced the documents required by law to restrain an

19 individual under Art. 51.13.

20 Florida has not produced authenticated documentation, identity proof, or jurisdictional evidence

21 supporting extradition.

22 As of this date, the detention is based solely on an unverified out-of-state detainer, which does not

23 authorize continued confinement without the statutory prerequisites.

24

25                **VIII. UNLAWFUL IMPRISONMENT**

26 Because:

27     •    no Governor's Warrant exists,

28     •    no certified Florida documents exist,

Page 4 of 18

Date: December 17, 2025

1 • no commitment order exists,

2 • no identity proof exists,

3 • and no evidence of presence or flight exists,

4 my continued detention is unlawful under:

5 • Tex. Const. Art. I §§ 11, 12, 13, 19

6 • Texas CCP Arts. 1.04, 1.08, 1.09, 51.13

7 • Fourth Amendment

8 • Fourteenth Amendment

9 Every hour of detention without statutory authority constitutes unlawful restraint.

10

11 **IX. TEN-DAY LIMIT ON PRE-REQUISITION CUSTODY (ART. 51.13 § 14)**

12 Under Texas Code of Criminal Procedure Art. 51.13 § 14, a person arrested before issuance of a

13 Governor's Warrant may only be held "for a period not exceeding ten days" while the demanding

14 state seeks a formal requisition.

15 I was arrested on November 28, 2025, and as of the date of this affidavit no Governor's Warrant, no

16 certified requisition packet, and no supporting documents have been filed or received by this Court.

17 The statutory ten-day period expired on December 8, 2025, with no extension requested or granted,

18 and no lawful progress toward a requisition.

19 Continued custody after December 8, 2025 violates Art. 51.13 § 14 and is unlawful as a matter of

20 law, requiring my immediate release.

21

22 **X. 30-DAY AND 60-DAY MANDATORY RELEASE DEADLINES**

23 I was arrested on November 28, 2025 at approximately 5:17 PM.

24 Under Art. 51.13, § 15, if the demanding state does not provide the required documentation within

25 30 days, release is mandatory unless a valid extension is granted.

26 No such documentation has been provided.

27 No extension has been requested.

28 Detention without progress toward lawful extradition violates the mandatory statutory timeline.

## XI. FORMAL STATEMENT

Every factual statement contained in this affidavit is true, correct, and based on my personal firsthand knowledge.

Nothing herein is speculative.

These facts are offered to the Court to demonstrate that my detention is unlawful, that I am not a fugitive, that the statutory requirements have not been met, and that immediate release is required as a matter of law.

Because I have never been in the State of Florida and cannot, as a matter of law, be classified as a "fugitive from justice," the mandatory protections of the Texas Code of Criminal Procedure apply. Under Tex. Code Crim. Proc. arts. 51.13, §§ 3, 10, and 15, a person who is not a fugitive is entitled to release on reasonable bail, and the court has no lawful authority to deny bond absent a capital offense or proof of actual flight from the demanding state. None of those conditions exist here. Accordingly, the Court is required as a matter of law to set a personal recognizance bond or minimal reasonable bond immediately.


## XII. LEGAL REQUIREMENTS FOR CERTIFIED DOCUMENTS AND CERTIFIED IDENTITY

The Texas Rules of Evidence and the Uniform Criminal Extradition Act require that all documents submitted by the demanding state be certified by the lawful custodian of those records. See Tex. R. Evid. 902(4) (self-authentication of certified public records); FRE 902(4) (same standard incorporated under the UCEA).

A document is "certified" only when an authorized officer—such as the clerk of court, custodian of records, or issuing agency—formally attests **in writing** that the document is a true, correct, and complete copy of the original kept in the ordinary course of business, and affixes a seal, stamp, certification statement, and signature confirming its authenticity.

Uncertified materials—including police printouts, investigator-generated summaries, NCIC entries without certification, DMV records without a seal, social-media photos, or affidavits lacking formal

VERIFIED AFFIDAVIT OF FACTS IN SUPPORT OF MANDATORY IMMEDIATE RELEASE, NON-FUGITIVE STATUS, UNLAWFUL IMPRISONMENT, AND VOID EXTRADITION

certification do not satisfy the statutory requirements for extradition and cannot be relied upon to prove identity, probable cause, or flight.

The demanding state must also provide certified identity evidence, which requires biometric confirmation—such as certified fingerprints, a certified booking photograph, or a certified sworn affidavit establishing identity. Texas may not presume identity, infer identity, or rely on uncertified hearsay. See Tex. Code Crim. Proc. art. 51.13; Ex parte Moore, 436 S.W.2d 901 (Tex. Crim. App. 1968).

Florida has produced no certified documents whatsoever:

- No certified Governor's Warrant;
- No certified charging instrument;
- No certified requisition packet;
- No certified affidavit establishing probable cause;
- No certified biometric identity evidence.

Because none of the required paperwork has been certified by the lawful custodian of records in Florida, Texas has no lawful authority to detain me, proceed with extradition, or treat any uncertified materials as legally valid.

Any continued detention in the absence of certified documents violates Tex. Code Crim. Proc. arts. 51.13, §§ 3, 10, 14, and 15, the Fourth Amendment, the Fourteenth Amendment, and Tex. Const. Art. I, §§ 11, 12, 13, and 19.


### XIII. TEXAS CANNOT CURE FLORIDA'S DEFECTS OR SUPPLY MISSING JURISDICTIONAL ELEMENTS (ART. 51.13 §§ 2 & 6)

The Extradition Clause and the Uniform Criminal Extradition Act strictly limit the authority of the asylum state. Under Tex. Code Crim. Proc. art. 51.13, extradition may proceed only under two statutory pathways:

§ 2 — Fugitive Extradition: Requires proof that the accused was present in the demanding state at the time of the alleged offense and subsequently fled from that state;

§ 6 — Non-Fugitive Extradition: Applies only where the demanding governor submits a formal, certified demand for a person lawfully charged but not physically present in the demanding state. Florida has satisfied neither statutory track. Florida has not produced:

(a) a Governor's Warrant under §2 or §6;

(b) a certified requisition packet authenticated by the Governor of Florida;

(c) any sworn charging instrument establishing probable cause; or

(d) any evidence whatsoever of flight from justice, which is a mandatory prerequisite under §2. Because Florida has not invoked § 6, has not submitted a formal, certified demand, and has not produced a Governor's Warrant, Texas has no lawful authority to treat this as a non-fugitive extradition. And because Florida's own documents affirm that I have never been physically present in Florida, Texas has no lawful authority to treat this as a fugitive extradition under §2.

These defects are fatal, and Texas may not lawfully "backfill," infer, substitute, or fabricate missing jurisdictional elements on Florida's behalf. Neither Pete Hughey, a Criminal Investigator for the Williamson County District Attorney's Office, nor any Assistant District Attorney, nor the Williamson County District Attorney, nor any Texas official or agent, may attempt to create jurisdiction where the demanding state has failed to provide it.

Texas courts are bound by Art. 51.13, §§ 2, 3, 6, 10, 14, and 15, all of which strictly prohibit extradition absent (1) a proper, certified demand, (2) a Governor's Warrant, and (3) proof that the accused is a fugitive or that the demanding governor has formally requested a non-fugitive under §6. None of these prerequisites exist here.

As a matter of constitutional and statutory law:

Texas cannot transform a non-fugitive into a fugitive;

Texas cannot convert a §2 extradition into a §6 extradition without Florida's certified demand;

Texas cannot cure Florida's missing Governor's Warrant, missing certification, or missing proof of presence; and

Texas cannot lawfully continue detention when the demanding state has wholly failed to meet its mandatory burden.

Page 8 of 18

VERIFIED AFFIDAVIT OF FACTS IN SUPPORT OF MANDATORY IMMEDIATE RELEASE, NON-FUGITIVE STATUS, UNLAWFUL IMPRISONMENT, AND VOID EXTRADITION

1   Any attempt by Texas officials to proceed despite Florida's missing prerequisite documents would

2   constitute an ultra vires, unlawful, and constitutionally void act—violating the Fourth and

3   Fourteenth Amendments, the Texas Constitution, and the plain text of Art. 51.13.

4   **Additionally:** even if Texas attempts to "lean on" § 6 as a workaround, the Constitution controls.

5   Any construction or application of § 6 that would permit extradition detention without certified

6   executive demand, without due process, without identity proof, without bail, and while

7   criminalizing constitutionally protected petitioning activity is repugnant to the United States

8   Constitution and therefore void as applied. The Constitution and Bill of Rights supersede any statute

9   or interpretation used to evade mandatory safeguards.

10

11   **XIV. FLORIDA'S OWN DOCUMENTS CONFIRM I AM NOT A FUGITIVE AND WERE**

12   **NEVER CERTIFIED**

13   Every document produced by Florida—including the "Personal Data Information Sheet,"

14   investigator summaries, NCIC entries, and the affidavit submitted by Det. Jaques—affirmatively

15   states that I have never been in the State of Florida, have no Florida address, have never been

16   booked in Florida, and that no fingerprints or biometric identifiers exist for me in Florida's custody.

17   Under the Uniform Criminal Extradition Act and Tex. Code Crim. Proc. art. 51.13, a "fugitive from

18   justice" requires physical presence in the demanding state at the time of the alleged offense

19   followed by departure from that state. Florida's own paperwork conclusively establishes that

20   physical presence never occurred; therefore, as a matter of binding law, I cannot be classified as a

21   fugitive.

22   Florida has submitted no certified documents of any kind as required by:

23   Tex. R. Evid. 902(4) (certified public records required),

24   FRE 902(4) (same standard incorporated through the UCEA), and

25   Tex. Code Crim. Proc. art. 51.13, §§ 3, 10, 14, and 15 (demanding state must provide certified

26   requisition documents, certified charging instrument, and certified identity evidence).

27   Because Florida's own documents prove I was never physically present in Florida, and because

28   none of those documents were certified by any lawful custodian, the statutory prerequisites for

1  extradition are wholly absent. Texas has no lawful authority to treat me as a fugitive, to infer

2  identity, or to continue detention.

3  These defects are jurisdictional, incurable, and dispositive, requiring immediate release and

4  mandatory bond under the Texas Constitution and Art. 51.13.

5

6  **XV. THE "PACKET" ALLEGES ONLY CONSTITUTIONALLY PROTECTED ACTIVITY**

7  **— NO CRIMINAL EXTRADITION BASIS**

8  To the extent any Florida "packet," narrative, accusation, or supporting materials exist, they

9  describe at most:

10  •  lawful correspondence,

11  •  lawful notice,

12  •  lawful petitioning activity,

13  •  lawful use of civil process, and

14  •  constitutionally protected speech and court-access activity.

15  The described conduct is protected by the United States Constitution, including the right to petition

16  for redress of grievances and access the courts. A demand packet founded on protected activity

17  cannot lawfully be used to justify extradition detention, to deny bail, or to manufacture "flight"

18  where no presence exists. Any attempt to relabel protected civil process as criminal conduct to

19  trigger extradition is unconstitutional and void.

20

21  **XVI. SIXTH AMENDMENT VIOLATION — DENIAL OF SELF-REPRESENTATION AND**

22  **ACCESS TO COURT**

23  Following my unlawful arrest and detention, Texas officials and judicial officers interfered with and

24  obstructed my Sixth Amendment right to self-representation, my right of access to the courts, and

25  my right to meaningfully participate in my own defense and habeas proceedings.

26  Specifically:

27  I was prevented from filing pleadings directly into my own case and habeas matters despite

28  proceeding sui juris, in propria persona.

VERIFIED AFFIDAVIT OF FACTS IN SUPPORT OF MANDATORY IMMEDIATE RELEASE, NON-FUGITIVE STATUS, UNLAWFUL IMPRISONMENT, AND VOID EXTRADITION

1    A public defender was forced upon me without my consent, despite my clear and repeated

2    objections and express invocation of my right to self-representation.

3    No valid Faretta inquiry was conducted, and no judicial finding of incompetence to proceed pro se

4    was ever made.

5    These actions were taken without jurisdiction, without a criminal case, and without lawful authority,

6    while I was held solely under an alleged extradition detainer.

7    The forced appointment of counsel and obstruction of my filings constitute structural constitutional

8    error and independently render all subsequent proceedings void. See Faretta v. California, 422 U.S.

9    806 (1975).

10

11    **XVII. CLERK OF COURT OBSTRUCTION — REFUSAL TO PERFORM MINISTERIAL**

12    **DUTY TO ACCEPT AND FILE**

13    On multiple attempts, the Clerk of Court and/or clerk personnel have refused to perform their

14    ministerial duty *to receive and file documents presented for filing* in my own case(s), including but

15    not limited to:

16    • affidavits,

17    • notices,

18    • termination of counsel / notice of non-consent to representation,

19    • motions, and

20    • other verified filings.

21    This obstruction blocks my access to court, suppresses protected petitioning activity, chills free

22    speech, and unlawfully locks me out of my own case. A clerk has no lawful authority to adjudicate

23    the merits of filings or refuse receipt when properly tendered. Such refusal constitutes obstruction

24    under color of law and independently supports habeas relief and immediate release.

25

26    **XVIII. FRAUDULENT AND ULTRA VIRES ARTICLE 16.22 ORDER**

27    A Texas magistrate purported to issue an order under Tex. Code Crim. Proc. art. 16.22, a statute

28    applicable only to Texas criminal prosecutions involving competency concerns.

1  This was unlawful and void because:

2  I am not charged with any Texas offense.

3  There is no Texas criminal case, indictment, or information.

4  I am held solely under an alleged out-of-state extradition detainer governed exclusively by Art.

5  51.13.

6  Article 16.22 has no application whatsoever to extradition proceedings.

7  Issuing a 16.22 order in an extradition context is jurisdictionally absurd, constitutes fabrication of

8  authority, and confirms that Texas officials attempted to manufacture jurisdiction where none exists.

9  This order is void ab initio and cannot justify restraint, delay, evaluation, or continued detention.

10

11  **XIX. AFFIDAVIT OF NARRATION IS HEARSAY AND NOT COMPETENT EVIDENCE**

12  Any affidavit of narration relied upon by Florida or Texas authorities:

13  Is not signed by any alleged victim or complaining witness;

14  Contains no firsthand testimony;

15  Is composed entirely of investigator interpretation and third-party statements;

16  Is therefore hearsay layered upon hearsay.

17  Such an affidavit cannot establish probable cause, cannot establish fugitive status, cannot establish

18  identity, and cannot satisfy Art. 51.13 or constitutional due process.

19  Texas may not rely on investigative belief or narrative summaries to restrain liberty.

20

21  **XX. MANDATORY BAIL AND PERSONAL RECOGNIZANCE REQUIREMENT**

22  Because I am not a fugitive, have never been present in Florida, and no Governor's Warrant exists, I

23  am entitled as a matter of law to:

24  Immediate release or

25  At minimum, personal recognizance bond or nominal reasonable bail

26  under:

27  Tex. Const. art. I §§ 11, 13, 19

28  Tex. Code Crim. Proc. art. 51.13 §§ 10, 15

1  Ex parte Moore, 436 S.W.2d 901 (Tex. Crim. App. 1968)

2  Denial of bail under these circumstances is per se unconstitutional.

3

4  ## XXI. RESERVATION OF RIGHTS — NO WAIVER

5  I expressly reserve all rights, claims, causes of action, and remedies at law and in equity.

6  Nothing herein shall be construed as consent, waiver, submission, or acquiescence to jurisdiction.

7

8  ## XXII. DEMAND FOR RELIEF

9  I respectfully request and demand that the Court:

10  Accept this affidavit as evidence of the factual record;

11  Acknowledge the absence of legal authority for continued unlawful and illegal detention;

12  Order my immediate release;

13  Grant all further relief to which I may be entitled.

14

15  I state for the record that upon my immediate release and termination of any hold or extradition

16  process, within twenty-four (24) hours of filing and serving this affidavit, I will treat the matter as

17  fully resolved and will not pursue civil claims arising solely from this temporary detention, and all

18  parties shall be considered mutually released and held harmless for this limited period, provided no

19  further actions or restraints are taken against me.

20

21  **Affiant sayeth naught.**

22

23

24

25

26

27

28

VERIFIED AFFIDAVIT OF FACTS IN SUPPORT OF MANDATORY IMMEDIATE RELEASE, NON-FUGITIVE STATUS, UNLAWFUL IMPRISONMENT, AND VOID EXTRADITION

Date: December 17, 2025

## **VERIFICATION:**

**Pursuant to Texas Civil Practice & Remedies Code § 132.001 and 28 U.S.C. § 1746**

I, kevin: of the walker family, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America and the State of Texas**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith and with clean hands**.

Executed, signed, and sealed this <u>17th</u> day of <u>December, 2025,</u> *without* the United States**.**

**All rights reserved without prejudice and without recourse, UCC § 1-308, 3-402.**

By:  *Kevin: Walker*
_____

**kevin: walker**, *Respondent, Executor, Real Party In Interest, Secured Party, Injured Party In Fact, Heir, Creditor*

Page 14 of 18

Date: December 17, 2025

1           <u>CERTIFICATE / P R O O F  O F  S E R V I C E</u>

2 STATE OF TEXAS                 )

3                              )        ss.

4 COUNTY OF WILLIAMSON         )

5        I am competent, over the age of eighteen years, and not a party to the within action.  My

6 mailing address is, **care of:** 2082 Highway 183 #170-229.  On or about **December 17, 2025**, I

7 served the within documents:

8

9     1.  <u>VERIFIED</u> <u>AFFIDAVIT OF FACTS IN SUPPORT OF MANDATORY IMMEDIATE</u>
10        <u>RELEASE, NON-FUGITIVE STATUS, UNLAWFUL IMPRISONMENT, AND VOID</u>
       <u>EXTRADITION</u>

11                       <u>SERVICE LIST</u>

12

13  **By Certified Mail.** I placed a true and correct copy of the foregoing document in a sealed

14 envelope, addressed to each person listed below, and deposited the envelopes into the custody of the

15 United States Postal Service in Williamson County, Texas, with proper postage affixed, sent via

16 **Certified Mail, Return Receipt Requested (USPS Form 3811)**. The mailing occurred in

17 Williamson County, Texas, on the date indicated below.

18 1. Williamson County Sheriff
Williamson County Justice Center
19 405 Martin Luther King Jr. Street
Georgetown, Texas 78626
20 Certified No. 9589 0710 5270 3357 9374 08

21 2. Williamson County Jail Administrator
22 306 W. 4th Street
Georgetown, Texas 78626
23 Certified Mail No. 9589 0710 5270 3357 9374 15

24 3. Williamson County Jail
25 306 W. 4th Street
Georgetown, Texas 78626
26 Certified Mail No. 9589 0710 5270 3357 9374 15

27

28

Date: December 17, 2025

4. Nancy E. Rister, Williamson County Clerk
County Court at Law No. 2 (Criminal Division)
405 Martin Luther King Jr. Street
Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 3357 9374 22

5. G. Cole Spainhour, Magistrate Judge
Williamson County Justice Center
405 Martin Luther King Jr Street
Georgetown, Texas 78626
Certified No. 9589 0710 5270 3357 9374 39

6. Judge Betsy Lambeth
Williamson County District Court
405 Martin Luther King Jr Street
Georgetown, Texas 78626
Certified No. 9589 0710 5270 3357 9374 53

7. Hon. David Evans, Presiding Judge
3rd Administrative Judicial Region of Texas
Travis County Courthouse
1000 Guadalupe Street
Austin, TX 78701
Email: 3rdAdmin@txcourts.gov
Certified No. 9589 0710 5270 3357 9374 60

8. Texas Office of Court Administration
Judicial Branch of Texas
1801 N. Congress Avenue, Suite 600
Austin, TX 78701
Email: oca@txcourts.gov
Certified No. 9589 0710 5270 3357 9374 77

9. Williamson County Attorney's Office – Criminal / Extradition Division
*Notice Only / Interested Party*
405 Martin Luther King Jr. Street
Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 3357 9374 84

10. Office of the Governor – Extradition Unit
*Courtesy Copy / Notice Only*

VERIFIED AFFIDAVIT OF FACTS IN SUPPORT OF MANDATORY IMMEDIATE RELEASE, NON-FUGITIVE STATUS, UNLAWFUL IMPRISONMENT, AND VOID EXTRADITION

Date: December 17, 2025

P.O. Box 12428
Austin, TX 78711
Certified Mail No. 9589 0710 5270 3357 9375 76

11. Office of the Attorney General of Texas
Criminal Appeals Division
*Courtesy Copy / Notice Only*
P.O. Box 12548
Austin, Texas 78711-2548
Certified Mail No. 9589 0710 5270 3357 9375 69

12. Courtesy Copy — Presiding Judge of CCL2 (Judge Barker)
(via County Clerk)
*Courtesy Copy / Notice Only*
405 Martin Luther King Jr. Street
Georgetown, TX 78626
Hand Delivery / Clerk Routing

On or about **December 17, 2025,** I served the within documents **by Electronic Service.** Based on

a court order and/or an __agreement of the parties__ to accept service by electronic transmission, I

caused the documents to be sent to the persons at the electronic notification addresses listed below.

1. Lytza Marie Rojas
The Law Office of Lytza Rojas, PLLC
203 S. Austin Ave.
Georgetown, TX 78626
Email: rojas@rojastexaslaw.com

2.  STATE OF TEXAS c/o Bridget Chapman
Prosecutor Assigned to This Extradition Case
Williamson County Attorney's Office
Email: bridget.chapman@wilcotx.gov

3. Flor Salas, Court Administrator for Judge Barker
County Court at Law No. 2
405 Martin Luther King,
Georgetown, TX 78628
Email: flor.salas@wilcotx.gov

4. Nancy E. Rister, Williamson County Clerk
County Court at Law No. 2 (Criminal Division)

VERIFIED AFFIDAVIT OF FACTS IN SUPPORT OF MANDATORY IMMEDIATE RELEASE, NON-FUGITIVE STATUS, UNLAWFUL IMPRISONMENT, AND VOID EXTRADITION

Date: December 17, 2025

1  405 Martin Luther King Jr. Street
   Georgetown, TX 78626
2  Email: nrister@wilco.org

3  5. Lisa David, Williamson County Clerk
4  District Court
   405 Martin Luther King Jr. Street
5  Georgetown, TX 78626
   Email: ldavid@wilco.org
6          districtclerk@wilco.org

7
8  6. Hon. David Evans, Presiding Judge
   3rd Administrative Judicial Region of Texas
9  Travis County Courthouse
   1000 Guadalupe Street
10 Austin, TX 78701
   Email: 3rdAdmin@txcourts.gov
11
12 7. Texas Office of Court Administration
   Judicial Branch of Texas
13 1801 N. Congress Avenue, Suite 600
   Austin, TX 78701
14 Email: oca@txcourts.gov
15

16
        I declare under penalty of perjury under the laws of the State of Texas that the foregoing is
17
   true and correct. Executed on December 17, 2025, in Williamson County, Texas.
18

19                                              _____*/s/Chris Yarbra/*_____
20                                                   Chris Yarbra
21

22

23

24

25

26

27

28

Page 18 of 18

-Exhibit U-

Date: December 17, 2025

1  kevin-lewis: walker, *sui juris, in propria persona*
2  ™**KEVIN LEWIS WALKER©,**
   ™**KEVIN LEWIS WALKER© ESTATE**
3  **Care of:** 2082 Highway 183 #170-229
           Leander, Texas
4  ***non-domestic without*** the U̲nited S̲tates
   Email: kevinlwalker@me.com
5
6  ***Petitioner, Real Party in Interest, Injured Party in Fact,***
   ***Secured Party, Executor, Heir, Master Beneficiary***
7

8              **IN THE COUNTY COURT AT LAW NO. 2**
9                **OF WILLIAMSON COUNTY, TEXAS**

10
11                                               Cause No.
12  **kevin-lewis: walker,** sui juris, in propria persona
    Petitioner, Movant in Equity, Injured Party in Fact    (Related Cause No. E25-049-2)
13
    v.
14
    **WILLIAMSON COUNTY SHERIFF,**                 VERIFIED EMERGENCY PETITION FOR
15  Custodial Respondent;                           WRIT OF HABEAS CORPUS
                                                     CHALLENGING UNLAWFUL
16  **WILLIAMSON COUNTY JAIL**                       DETENTION, DENIAL OF BAIL, AND
    **ADMINISTRATOR,**                              EXTRADITION WITHOUT LAWFUL
17  Custodial Co-Respondent;                         AUTHORITY WITH GLOBAL RELEASE
                                                     AND HOLD HARMLESS HEREIN
18  **WILLIAMSON COUNTY JAIL**
    Custodial Respondent;
19
                                                    (*SPECIAL LIMITED APPEARANCE /*
20  **STATE OF TEXAS**                              OBJECTION TO JURISDICTION — IN
    Respondent;                                     EQUITY ONLY — EQUITY
21                                                  JURISDICTION PRESERVED)
    **Bridget Chapman**
22  Respondent;

23  **G. COLE SPAINHOUR,**
    Magistrate Judge of Williamson County,
24  Respondent (Judicial Officer);

25
26  **TO THE COURT AND ALL PARTIES, AND TO THE HONORABLE JUDGE OF THE**
27  **COURT:**

28                          Page 1 of 14

COMES NOW **kevin: of the walker family** (hereinafter "Petitioner"), proceeding **sui juris**, **in propria persona**, by **special limited appearance only**, with all rights reserved, and **without consent**, appearing under threat, duress, and coercion, in his natural private capacity as a living man, not as any artificial entity, legal fiction, statutory "person," or 14th Amendment "U.S. citizen." Petitioner expressly does **not** consent to any presumption of suretyship, wardship, or *parens patriae* authority.

Petitioner invokes the **Texas Constitution**, including **Article I, Sections 11, 12, 13, and 19**, the **Texas Bill of Rights**, the **United States Constitution**, including **Article IV, § 2, cl. 2**, the **Bill of Rights**, **18 U.S.C. § 3182**, and the **Uniform Criminal Extradition Act**, including **Texas Code of Criminal Procedure Article 51.13** and its Uniform Act counterparts, as authority for this Petition. Petitioner is restrained of liberty in Williamson County, Texas, and files this **Verified Emergency Petition for Writ of Habeas Corpus**, challenging the **present authority** to arrest, detain, deny bail, obstruct filings, and attempt extradition to the State of Florida.

This challenge is brought pursuant to the **inalienable right to petition for habeas corpus**, where liberty is restrained without lawful authority. This is **not a discretionary request**. It is a demand for this Court to determine, **now**, whether any lawful authority exists to restrain Petitioner's liberty.

## I. PARTIES

**A. Petitioner / Movant in Equity**

**kevin-lewis: walker**, sui juris, in propria persona,

Petitioner, Movant in Equity, Real Party in Interest, and Injured Party in Fact.

Petitioner is a natural living man presently restrained of liberty and confined in the Williamson County Jail under the administrative name "KEVIN LEWIS WALKER." Petitioner challenges the legality of his arrest, commitment, and continued detention as unlawful, unconstitutional, and void ab initio.

**B. Respondents**

**1. Williamson County Sheriff**

Page 2 of 14

VERIFIED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS CHALLENGING UNLAWFUL DETENTION, DENIAL OF BAIL, AND EXTRADITION WITHOUT LAWFUL AUTHORITY WITH GLOBAL RELEASE AND HOLD HARMLESS HEREIN

Page 126 of 205

**Custodial Respondent**

The Williamson County Sheriff is the official exercising present physical custody over Petitioner and is the officer capable of producing Petitioner before the Court and executing any writ of habeas corpus issued herein. The Sheriff is a necessary and indispensable respondent to this action.

**2. Williamson County Jail Administrator**

**Custodial Co-Respondent**

The Williamson County Jail Administrator is the official responsible for the administration, operation, and execution of Petitioner's confinement and continued physical restraint. This Respondent maintains and enforces Petitioner's detention and is therefore a proper habeas respondent.

**3. Williamson County Jail**

**Custodial Respondent (Institutional)**

The Williamson County Jail is the facility in which Petitioner is presently confined and restrained of liberty. This Respondent is named for purposes of identifying the site and instrumentality of confinement and to ensure full execution and enforcement of any writ issued by this Court.

**4. STATE OF TEXAS**

**Respondent**

The STATE OF TEXAS is the sovereign authority asserting and enforcing the restraint of Petitioner's liberty under color of state law, including through purported extradition authority under Texas Code of Criminal Procedure Article 51.13. THE STATE OF TEXAS is responsible for the legal basis asserted for Petitioner's detention, denial of bail, and continued restraint, and is therefore a proper respondent in this habeas proceeding.

**5. Bridget Chapman**

Page 3 of 14

VERIFIED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS CHALLENGING UNLAWFUL DETENTION, DENIAL OF BAIL, AND EXTRADITION WITHOUT LAWFUL AUTHORITY WITH GLOBAL RELEASE AND HOLD HARMLESS HEREIN

**Respondent**

Bridget Chapman is the prosecutor acting on behalf of the State of Texas who is affirmatively

participating in, advocating for, and maintaining the continued restraint of Petitioner through

extradition-related proceedings. This Respondent is a legal cause of Petitioner's detention and is

properly named as a respondent in her official capacity for purposes of habeas relief.

**6. G. Cole Spainhour, Magistrate Judge of Williamson County**

**Respondent (Judicial Officer)**

Judge G. Cole Spainhour is named in his official capacity only, as the judicial officer who issued

detention-related orders affecting Petitioner's custody, including the denial of mandatory bail and

the issuance of an ultra vires order purporting to act under Texas Code of Criminal Procedure

Article 16.22. This Respondent is named solely for purposes of addressing void and jurisdictionally

defective orders that form part of the present restraint of liberty.

**C. Notice-Only Parties**

*(No Waiver, No Consent, No Submission to Jurisdiction)*

The following entities are provided **notice only** and are **not named as respondents, custodians, or**

**parties exercising physical restraint**. Notice is provided solely to ensure full transparency,

administrative awareness, and preservation of the record, and **does not constitute consent to**

**jurisdiction, appearance, or participation** by any such entity.

1. **Office of the Governor of Texas**

   *(Extradition Authority)*

2. **Office of the Attorney General of Texas**

   *(Criminal Appeals Division)*

3. **Williamson County Attorney's Office**

   *(Criminal / Extradition Division)*

**4.    Nancy E. Rister, Williamson County Clerk**

   *(County Court at Law No. 2 — Criminal Division)*

**5.    Presiding Judge of County Court at Law No. 2**

   *(Courtesy Copy via County Clerk)*

Notice to the above entities is provided **without waiver, without consent, and without submission to jurisdiction**, and solely for purposes of notice regarding proceedings directly affecting Petitioner's liberty.

**D. Summary of Proper Party Alignment**

Each Respondent named herein either:

1.   Exercises **present physical custody** over Petitioner, or

2.   **Legally causes, authorizes, enforces, or maintains** the restraint of Petitioner's liberty under color of law, or

3.   Issued **void or ultra vires orders** that directly affect custody and continued confinement.

Accordingly, all Respondents are properly before this Court in this habeas corpus proceeding.

## II. JURISDICTION AND VENUE

1.   This Court has jurisdiction to issue the writ of habeas corpus and inquire into the legality of Petitioner's restraint.

2.   Venue is proper because Petitioner is physically confined within this Court's territorial jurisdiction.

3.   Habeas corpus is the proper and exclusive remedy where liberty is restrained without lawful authority.

## III. STATUS OF THE RESTRAINT

Page 5 of 14

VERIFIED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS CHALLENGING UNLAWFUL DETENTION, DENIAL OF BAIL, AND EXTRADITION WITHOUT LAWFUL AUTHORITY WITH GLOBAL RELEASE AND HOLD HARMLESS HEREIN

Page 129 of 205

Date: December 17, 2025

4.  Petitioner is currently held in custody in Texas under an asserted out-of-state warrant from Florida, **without any Governor's warrant**, **without any requisition from Florida**, and **without any judicial findings establishing fugitive status**.

5.  Florida has **not alleged** that Petitioner was physically present in Florida, **not alleged flight**, and **not requested extradition**.

6.  Texas is nevertheless treating Petitioner as a "fugitive from justice," denying bail, and continuing confinement.

7.  Petitioner has now been **detained for approximately twenty (20) days** without a valid commitment order or lawful jurisdiction.

## IV. UNDISPUTED FACTS

8.  Florida has issued only a Florida arrest warrant supported by an affidavit narrative.

9.  Florida has **not** submitted a formal extradition requisition to Texas.

10. No Governor's warrant has been issued by the Governor of Texas.

11. Petitioner has never been physically present in Florida at any time relevant to the allegations and has not fled, evaded process, or absconded from Florida.

12. Bond was denied in Texas **solely** on the assumption that Petitioner is a fugitive.

13. Florida has already **set a bond amount** in the underlying matter, confirming the case is **bailable and non-capital**.

14. Petitioner has attempted to file pleadings and communicate with the clerk's offices; such efforts have been obstructed, including selective blocking of Petitioner's phone number.

15. Petitioner objected to appointed counsel and asserted the right to self-representation; nonetheless, appointed counsel was imposed and used as a basis to block filings.

## V. GROUNDS FOR RELIEF

### A. ABSENCE OF LAWFUL AUTHORITY TO DETAIN

16. Detention under an extradition theory requires **present, existing authority**.

Page 6 of 14

VERIFIED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS CHALLENGING UNLAWFUL DETENTION, DENIAL OF BAIL, AND EXTRADITION WITHOUT LAWFUL AUTHORITY WITH GLOBAL RELEASE AND HOLD HARMLESS HEREIN

Date: December 17, 2025

17. Under Texas Code of Criminal Procedure **Article 51.13**, including **Section 10**, Texas possesses only a **temporary and limited hold authority** to allow the demanding state to act.

18. Without a Governor's warrant and requisition, Texas cannot lawfully detain a person based on speculation, future intent, or the possibility that another state may later act.

19. The absence of a Governor's warrant is dispositive. Continued restraint without it is unlawful.

**B. TEXAS IMPROPERLY SUPPLYING "FUGITIVE" STATUS**

20. Fugitive status requires physical presence in the demanding state and subsequent flight.

21. Florida has **not alleged** either element.

22. Texas has no authority to manufacture or presume facts not alleged by the demanding state.

23. By labeling Petitioner a fugitive without proof, Texas has deprived Petitioner of liberty based on an unproven and false factual predicate, in violation of due process.

**C. UNCONSTITUTIONAL DENIAL OF BAIL**

24. This is **not a capital case**.

25. The Texas Constitution, **Article I, Sections 11 and 13**, guarantees the right to bail and prohibits excessive restraint.

26. Florida's own setting of bond confirms Petitioner is bailable.

27. Denial of bail in Texas based solely on an assumed fugitive label, without individualized findings, violates constitutional guarantees.

28. Under these circumstances, **release on personal recognizance (PR bond) is required**.

**D. DETENTION HAS BECOME ADMINISTRATIVE AND UNLAWFUL**

29. Even if an initial temporary hold were lawful, continued detention without action by Florida transforms custody into **administrative imprisonment**.

VERIFIED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS CHALLENGING UNLAWFUL DETENTION, DENIAL OF BAIL AND EXTRADITION WITHOUT LAWFUL AUTHORITY WITH GLOBAL RELEASE AND HOLD HARMLESS HEREIN

30. Section **54-172 of the Uniform Criminal Extradition Act** does not authorize indefinite administrative detention.

31. The Constitution does not permit warehousing a human being while the State "waits to see" what another jurisdiction may do.

## E. OBSTRUCTION OF ACCESS TO COURTS

32. Habeas corpus requires open and unfettered access to the courts.

33. Clerk obstruction, refusal to accept filings, selective blocking of communications, and forced representation constitute **interference with the right to challenge detention**.

34. A restraint that blocks the means to challenge itself is **per se unlawful**.

## VI. IRREPARABLE HARM

35. Each day of unlawful confinement constitutes irreparable injury.

36. Liberty once lost cannot be retroactively restored.

## VII. RELIEF DEMANDED

Petitioner respectfully DEMANDS that this Court:

A. **Order Petitioner's immediate release from custody**; **and/or** B. **Order Petitioner released on a personal recognizance (PR) bond**; **and/or** C. Grant **any other relief the Court deems appropriate**, including, if necessary, **an immediate hearing** to determine the lawfulness of Petitioner's restraint.

## VIII. GLOBAL RELEASE AND HOLD HARMLESS

Petitioner hereby **fully, finally, and irrevocably releases, discharges, and holds harmless** Williamson County, Texas, and all of its officers, employees, agents, contractors, judicial officers, prosecutors, clerks, jail personnel, and custodial authorities from **any and all claims, demands, actions, causes of action, liabilities, damages, costs, or expenses of any kind whatsoever**, whether known or unknown, suspected or unsuspected, arising out of or related in any way to

Page 8 of 14

Date: December 17, 2025

Petitioner's arrest, detention, confinement, denial of bail, extradition processing, or custodial handling.

This release is given **in exchange for Petitioner's immediate release from custody** and is intended to be **broadly construed** to bar any past, present, or future claims arising from the foregoing events.

Page 9 of 14

VERIFIED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS CHALLENGING UNLAWFUL DETENTION, DENIAL OF BAIL, AND EXTRADITION WITHOUT LAWFUL AUTHORITY WITH GLOBAL RELEASE AND HOLD HARMLESS HEREIN

Date: December 17, 2025

1

## **VERIFICATION:**

2

**Pursuant to Texas Civil Practice & Remedies Code § 132.001 and 28 U.S.C. § 1746**,

3

I, kevin: of the walker family, over the age of 18, competent to testify, and having **firsthand**

4

**knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under

5

penalty of perjury under the laws of the **United States of America and the State of Texas**, that the

6

foregoing statements are **true, correct, and complete**, to the best of my **understanding,**

7

**knowledge, and belief**, and made in **good faith and with clean hands**.

8

Executed, signed, and sealed this <u>17th</u> day of <u>December, 2025,</u> *without* the United States**.**

9

                         **All rights reserved without prejudice and without recourse,**

10

                         **UCC §  1-308, 3-402.**

11

12

13

14

           By:    *Kevin: Walker*

15

        **kevin: walker**, *Petitioner, Executor, Real Party In*

16

        *Interest, Secured Party, Injured Party In Fact, Heir,*
        *Creditor*

17

18

19

20

21

22

23

24

25

26

27

28

Page 10 of 14

Date: December 17, 2025

1

## CERTIFICATE / P R O O F  O F  S E R V I C E

2 STATE OF TEXAS                              )

3                                             )        ss.

4 COUNTY OF WILLIAMSON                        )

5        I am competent, over the age of eighteen years, and not a party to the within action.  My

6 mailing address is, **care of:** 2082 Highway 183 #170-229.  On or about **December 17, 2025**, I

7 served the within documents:

8

9    1.  VERIFIED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS

10       CHALLENGING UNLAWFUL DETENTION, DENIAL OF BAIL, AND EXTRADITION
         WITHOUT LAWFUL AUTHORITY WITH GLOBAL RELEASE AND HOLD

11       HARMLESS HEREIN

12                                  **SERVICE LIST**

13
    **By Certified Mail.** I placed a true and correct copy of the foregoing document in a sealed

14 envelope, addressed to each person listed below, and deposited the envelopes into the custody of the

15 United States Postal Service in Williamson County, Texas, with proper postage affixed, sent via

16 **Certified Mail, Return Receipt Requested (USPS Form 3811)**. The mailing occurred in

17 Williamson County, Texas, on the date indicated below.

18
   1. Williamson County Sheriff
19 Williamson County Justice Center
   405 Martin Luther King Jr. Street
20 Georgetown, Texas 78626
   Certified No. 9589 0710 5270 3357 9374 08
21
   2. Williamson County Jail Administrator
22 306 W. 4th Street
   Georgetown, Texas 78626
23 Certified Mail No. 9589 0710 5270 3357 9374 15
24
   3. Williamson County Jail
25 306 W. 4th Street
   Georgetown, Texas 78626
26 Certified Mail No. 9589 0710 5270 3357 9374 15
27
                                  Page 11 of 14
28

Date: December 17, 2025

1

2

3   4. Nancy E. Rister, Williamson County Clerk
    County Court at Law No. 2 (Criminal Division)
4   405 Martin Luther King Jr. Street
5   Georgetown, TX 78626
    Certified Mail No. 9589 0710 5270 3357 9374 22
6
7   5. G. Cole Spainhour, Magistrate Judge
    Williamson County Justice Center
8   405 Martin Luther King Jr Street
    Georgetown, Texas 78626
9   Certified No. 9589 0710 5270 3357 9374 39

10  6. Judge Betsy Lambeth
11  Williamson County District Court
    405 Martin Luther King Jr Street
12  Georgetown, Texas 78626
    Certified No. 9589 0710 5270 3357 9374 53
13
14  7. Hon. David Evans, Presiding Judge
    3rd Administrative Judicial Region of Texas
15  Travis County Courthouse
16  1000 Guadalupe Street
    Austin, TX 78701
17  Email: 3rdAdmin@txcourts.gov
18  Certified No. 9589 0710 5270 3357 9374 60

19  8. Texas Office of Court Administration
    Judicial Branch of Texas
20  1801 N. Congress Avenue, Suite 600
21  Austin, TX 78701
    Email: oca@txcourts.gov
22  Certified No. 9589 0710 5270 3357 9374 77

23
24  9. Williamson County Attorney's Office – Criminal / Extradition Division
    *Notice Only / Interested Party*
25  405 Martin Luther King Jr. Street
    Georgetown, TX 78626
26  Certified Mail No. 9589 0710 5270 3357 9374 84

27

28                          Page 12 of 14

Date: December 17, 2025

10. Office of the Governor – Extradition Unit
*Courtesy Copy / Notice Only*
P.O. Box 12428
Austin, TX 78711
Certified Mail No. 9589 0710 5270 3357 9375 76

11. Office of the Attorney General of Texas
Criminal Appeals Division
*Courtesy Copy / Notice Only*
P.O. Box 12548
Austin, Texas 78711-2548
Certified Mail No. 9589 0710 5270 3357 9375 69

12. Courtesy Copy — Presiding Judge of CCL2 (Judge Barker)
(via County Clerk)
*Courtesy Copy / Notice Only*
405 Martin Luther King Jr. Street
Georgetown, TX 78626
Hand Delivery / Clerk Routing

On or about **December 17, 2025,** I served the within documents **by Electronic Service.** Based on

a court order and/or an **<u>agreement of the parties</u>** to accept service by electronic transmission, I

caused the documents to be sent to the persons at the electronic notification addresses listed below.

1. Lytza Marie Rojas
The Law Office of Lytza Rojas, PLLC
203 S. Austin Ave.
Georgetown, TX 78626
Email: rojas@rojastexaslaw.com

2.  STATE OF TEXAS c/o Bridget Chapman
Prosecutor Assigned to This Extradition Case
Williamson County Attorney's Office
Email: bridget.chapman@wilcotx.gov

3. Flor Salas, Court Administrator for Judge Barker
County Court at Law No. 2
405 Martin Luther King,
Georgetown, TX 78628
Email: flor.salas@wilcotx.gov

Page 13 of 14

VERIFIED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS CHALLENGING UNLAWFUL DETENTION, DENIAL OF BAIL,
AND EXTRADITION WITHOUT LAWFUL AUTHORITY WITH GLOBAL RELEASE AND HOLD HARMLESS HEREIN

Date: December 17, 2025

4. Nancy E. Rister, Williamson County Clerk
County Court at Law No. 2 (Criminal Division)
405 Martin Luther King Jr. Street
Georgetown, TX 78626
Email: nrister@wilco.org

5. Lisa David, Williamson County Clerk
District Court
405 Martin Luther King Jr. Street
Georgetown, TX 78626
Email: ldavid@wilco.org
          districtclerk@wilco.org

6. Hon. David Evans, Presiding Judge
3rd Administrative Judicial Region of Texas
Travis County Courthouse
1000 Guadalupe Street
Austin, TX 78701
Email: 3rdAdmin@txcourts.gov

7. Texas Office of Court Administration
Judicial Branch of Texas
1801 N. Congress Avenue, Suite 600
Austin, TX 78701
Email: oca@txcourts.gov


        I declare under penalty of perjury under the laws of the State of Texas that the foregoing is

true and correct. Executed on December 17, 2025, in Williamson County, Texas.


                                                    _____*/s/Chris Yarbra/*_____
                                                           Chris Yarbra

Page 14 of 14

VERIFIED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS CHALLENGING UNLAWFUL DETENTION, DENIAL OF BAIL, AND EXTRADITION WITHOUT LAWFUL AUTHORITY WITH GLOBAL RELEASE AND HOLD HARMLESS HEREIN

-Exhibit V-

FILED

at 4:47 o'clock P M

FEB 0 4 2026 Es

_Nancy E. Rister_

County Clerk, Williamson Co., TX

NO. E25-049-2

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE** |
| | § | |
| **vs.** | § | **COUNTY COURT AT LAW 2** |
| | § | |
| **KEVIN LEWIS WALKER** | § | **WILLIAMSON COUNTY, TEXAS** |

## APPLICATION FOR WRIT OF HABEAS CORPUS CHALLENGING CONFINEMENT RELATED TO STALLED EXTRADITION PROCESS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Kevin Lewis Walker ("Applicant"), by and through undersigned counsels, pursuant to Texas Code of Criminal Procedure arts. 11.01 and 51.13 and respectfully moves this Court to issue a writ of habeas corpus challenging the Applicant's restraint.

Applicant is currently being illegally restrained in the Williamson County Jail in Williamson County, Texas pursuant to a fallible Texas complaint associated with a Florida state warrant unaccompanied by a requisition from Florida's Governor. Consequently, Applicant seeks immediate discharge from Williamson County and relies on the following in support:

1. A writ of habeas corpus is the appropriate remedy when any person is restrained in his liberty, and it commands the person having custody of the prisoner to produce the prisoner and show cause for the restraint. TEX. CODE CRIM. P. ART. 11.01, 11.06(a)(1) and (2).

2. Texas adopted the Uniform Criminal Extradition Act ("UCEA") which sets forth the minimum procedural requirements placed upon a demanding state and the asylum state. *See Ex parte Bornhop*, 654 S.W.3d 195, 198 (Tex. App.—Austin 2022, no pet.).

3. Applicant was arrested in Williamson County on November 28, 2025 and has been held in the Williamson County jail since. As of today, he has been held based on a Williamson County complaint.

-Exhibit W-

NO. E25-049-2

| STATE OF TEXAS | § | IN THE |
|---|---|---|
| | § | |
| vs. | § | COUNTY COURT AT LAW 2 |
| | § | |
| KEVIN LEWIS WALKER | § | WILLIAMSON COUNTY, TEXAS |

## APPLICATION FOR WRIT OF HABEAS CORPUS CHALLENGING CONFINEMENT RELATED TO STALLED EXTRADITION PROCESS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Kevin Lewis Walker ("Applicant"), by and through undersigned counsels, pursuant to Texas Code of Criminal Procedure arts. 11.01 and 51.13 and respectfully moves this Court to issue a writ of habeas corpus challenging the Applicant's restraint.

Applicant is currently being illegally restrained in the Williamson County Jail in Williamson County, Texas pursuant to a fallible Texas complaint associated with a Florida state warrant unaccompanied by a requisition from Florida's Governor. Consequently, Applicant seeks immediate discharge from Williamson County and relies on the following in support:

1. A writ of habeas corpus is the appropriate remedy when any person is restrained in his liberty, and it commands the person having custody of the prisoner to produce the prisoner and show cause for the restraint. TEX. CODE CRIM. P. ART. 11.01, 11.06(a)(1) and (2).

2. Texas adopted the Uniform Criminal Extradition Act ("UCEA") which sets forth the minimum procedural requirements placed upon a demanding state and the asylum state. *See Ex parte Bornhop*, 654 S.W.3d 195, 198 (Tex. App.—Austin 2022, no pet.).

3. Applicant was arrested in Williamson County on November 28, 2025 and has been held in the Williamson County jail since. As of today, he has been held based on a Williamson County complaint.

4.  Applicant was arrested prior to this State's receiving a requisition from the Governor of Florida. *See* TEX. CODE CRIM. P. ART. 51.13 § 13.

5.  Applicant's arrest prior to requisition was not permitted by Section 13.

6.  If this Court decides that Applicant is held in lawfully under Section 13 and Applicant's arrest was proper, it however, must find that he is currently being restrained illegally pursuant to Section 15.

7.  An alleged arrest warrant, if any, specified that Applicant should be committed to the county jail for 30 days as required in Section 15.

8.  Section 15 of Article 51.13 states that if a judge determines that the person held is the person charged with having committed the crime alleged, the judge can only commit him to county jail for a time not exceeding 30 days, and the warrant must specify as much.

9.  Applicant has been in jail since November 28, 2025. 30 days after November 28, 2025, was December 28, 2025.

10. Applicant was not arrested by warrant of the Governor by December 28, 2025, and then following those 30 days, this Court did not discharge Applicant or recommit him for additional time, not to exceed 60 days pursuant to Section 17.

11. As of today, no requisition from Florida's Governor has been received. Without a requisition from the demanding state, there can be no Texas Governor's warrant. And this Court cannot simply keep Applicant restrained while the extradition process is stalled and non-compliant with 51.13. This Court must either immediately discharge Applicant, or alternatively, set a reasonable bail pursuant to articles 51.05 and 51.13 § 16.

12. The issuance of a writ of habeas corpus and associated expeditious hearing in this instance is statutorily mandated by the Code of Criminal Procedure's articles 11.01, 11.11, 11.15,

and 51.13 § 10.

**IN LIGHT OF THE ABOVE**, Applicant respectfully requests that this Court issue a writ of habeas corpus directing the Sheriff of Williamson County to produce Applicant before this Court and expeditiously conduct a hearing to determine the legality of his arrest and detention. Further, Applicant requests that after such hearing, this Court order his immediate release, or alternatively, set a reasonable bail.

Respectfully submitted,

Blizzard & Zimmerman, P.L.L.C.
1174 N. 3rd Street
Abilene, TX 79601
Tel: (325) 676-1000
Fax:(325) 455-8842

By: */s/ Jacob Blizzard*
Jacob Blizzard
State Bar No. 24068558
jacob.blizzard@blizzardlawfirm.com

By: */s/ Sarah Durham*
Sarah Durham
State Bar No. 24116309
sarah@blizzardlawfirm.com
**Attorneys for Kevin Lewis Walker**

## CERTIFICATE OF SERVICE

This is to certify that on January 29, 2026, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Williamson County, by mailing to the County Clerk's Office at 405 MLK Box 14, Georgetown, TX 78626.

By: */s/ Jacob Blizzard*
Jacob Blizzard

-Exhibit X-

Date: December 15, 2025

1  kevin-lewis: walker, *sui juris, in propria persona*
2  ™**KEVIN LEWIS WALKER©,**
   ™**KEVIN LEWIS WALKER© ESTATE**
3  **Care of:** 2082 Highway 183 #170-229
            Leander, Texas
4  ***non-domestic without*** the U̲nited S̲tates
   Email: kevinlwalker@me.com
5
6  ***Respondent, Real Party in Interest, Injured Party in Fact,***
   ***Secured Party, Executor, Heir, Master Beneficiary***
7

8              **IN THE COUNTY COURT AT LAW NO. 2**
9                **OF WILLIAMSON COUNTY, TEXAS**

10
11                                                Case/Cause No. E25-049-2
12
13  **STATE OF TEXAS,**                           VERIFIED EMERGENCY NOTICE OF
                                                  CLERK OBSTRUCTION, COUNSEL
14          Purported Plaintiff,                  RECORD FRAUD, SIXTH AMENDMENT
                                                  VIOLATIONS, AND UNLAWFUL
15  v.                                            ADMINISTRATIVE DETENTION
16
17  **KEVIN LEWIS WALKER (ens legis / legal person),**
          Purported Defendant,
18  **kevin-lewis: walker, sui juris, in propria persona,**    (*SPECIAL LIMITED APPEARANCE /
          Respondent /Executor /Injured Party In Fact         OBJECTION TO JURISDICTION —* IN
19                                                             EQUITY ONLY *— EQUITY
20                                                             JURISDICTION PRESERVED*)
21
22  ─────────────────────────────

23  COMES NOW **kevin: of the walker family**, a living man, specially appearing **sui juris**, **in propria**
24  **persona**, and for this VERIFIED EMERGENCY NOTICE states as follows:
25

26                        **I. PURPOSE OF NOTICE**
27
28
                            Page 1 of 15

VERIFIED EMERGENCY NOTICE OF CLERK OBSTRUCTION, COUNSEL RECORD FRAUD, SIXTH AMENDMENT VIOLATIONS, AND UNLAWFUL ADMINISTRATIVE DETENTION

Date: December 15, 2025

This Notice is submitted to place the Court on formal, written notice of the following **undisputed, documented, and ongoing constitutional and statutory violations**, each of which independently requires immediate release:

1. **Systemic clerk obstruction** preventing docketing of lawful filings and termination of counsel;

2. **Failure to docket authorized substitution and withdrawal of counsel**, rendering the counsel record false and legally indeterminate;

3. **Repeated denial of the Sixth Amendment right to self-representation** after unequivocal invocation under *Faretta*;

4. **Administrative refusal to accept filings** in violation of the right to petition and access the courts;

5. **A fraudulent and unsupported Article 16.22 referral**, despite documented competency;

6. **Continued restraint caused exclusively by administrative failure**, not by any act or delay attributable to Movant.

These defects are **structural**, **non-waivable**, and **jurisdiction-destroying**, and collectively mandate **immediate release as a matter of law**.


## II. UNDISPUTED CHRONOLOGY (DOCUMENTED RECORD)

**November 30 – December 15, 2025 (Continuous Pre-Hearing and Post-Hearing Period)**


**November 30, 2025 — Magistration / Invocation of Self-Representation**

- **At magistration on November 30, 2025, Movant expressly refused appointment of counsel and affirmatively invoked the right to self-representation.**
- **This refusal is expressly acknowledged in counsel's subsequent Motion to Withdraw.**
- **From November 30, 2025 forward, Movant continuously, unequivocally, and without interruption asserted the Sixth Amendment right to self-representation**, electing to proceed **sui juris, in propria persona**, pursuant to:

Date: December 15, 2025

1        o   **U.S. Const. amend. VI**

2        o   ***Faretta v. California*, 422 U.S. 806 (1975)**

3        o   **28 U.S.C. § 1654**

4        o   **Texas Constitution art. I §§ 10, 13, 19**

5   Despite this controlling invocation:

6   •    Counsel continued to be treated as active without lawful authority;

7   •    Substitution and withdrawal actions were handled off-docket;

8   •    Movant was repeatedly told he could not file "while counsel is appointed";

9   •    **The clerk refused to docket the termination of counsel itself, creating a self-**

10       **perpetuating administrative obstruction.**

11

12  **December 8, 2025 — Authorized Substitution Attempt**

13  •    **Privately retained counsel John Wofford, acting with Movant's express authorization,**

14       **emailed Court Administrator Flor Salas** (for Judge Barker) with the subject line:

15       o   **"Mot & Proposed Order of Substitution, Kevin Lewis Walker, Extradition;**

16           **possibly filed under 25-3432-C425."**

17  •    The email copied Prosecutor Bridget Chapman, attorney Lytza Rojas, and Movant.

18  •    **Court Administrator Salas replied confirming:**

19       o   **The hearing date;**

20       o   **Cause No. E25-049-2;**

21       o   **That County Court at Law No. 2 hears extradition matters.**

22  •    **No motion to substitute was ever docketed.**

23

24  **December 11–12, 2025 — Verified Emergency Filings Submitted by Email**

25  •    **Movant submitted multiple verified emergency filings by email to Court Administrator**

26       **Flor Salas**, as instructed, due to the absence of e-filing access in extradition matters.

27

28

VERIFIED EMERGENCY NOTICE OF CLERK OBSTRUCTION, COUNSEL RECORD FRAUD, SIXTH AMENDMENT VIOLATIONS, AND UNLAWFUL ADMINISTRATIVE DETENTION

Date: December 15, 2025

- Among these filings was a document expressly titled:

  **"VERIFIED EMERGENCY NOTICE OF TERMINATION OF COUNSEL, NOTICE OF SELF-REPRESENTATION UNDER FARETTA, NOTICE TO PROCEED SUI JURIS / IN PROPRIA PERSONA, SPECIAL LIMITED APPEARANCE, AND FORMAL OBJECTION TO ANY FURTHER APPEARANCE OR ACTION BY COUNSEL."**

- **The refusal to docket or present this filing deprived the Court of notice of Movant's controlling election regarding representation** and **resulted in proceedings continuing without lawful authority.**

**December 12, 2025 — Morning of Hearing / In-Person Filing Refused**

- **On the morning of December 12, 2025, prior to the scheduled hearing**, Movant's wife, **donnabelle**, **acting at Movant's direction and on his behalf**, appeared in person at the clerk's office to file the same verified emergency filings previously submitted by email.

- **These filings included Movant's verified termination of counsel and invocation of self-representation under Faretta.**

- **Clerk staff ("Sam") refused to accept the filings** and **refused to provide any written confirmation of the refusal.**

- **donnabelle thereafter attempted to hand-deliver the same filings directly to the Court at the scheduled hearing**, but:

  - **A sheriff physically prevented delivery at the courtroom entrance**, stating that **hand delivery to the judge would not be permitted.**

**As a result:**

- **Movant was entirely prevented from placing his filings before the Court by any available means**, despite **timely submission, verified pleadings, and repeated good-faith attempts.**

VERIFIED EMERGENCY NOTICE OF CLERK OBSTRUCTION, COUNSEL RECORD FRAUD, SIXTH AMENDMENT VIOLATIONS, AND UNLAWFUL ADMINISTRATIVE DETENTION

Date: December 15, 2025

**December 12, 2025 — Hearing Conducted Despite Termination and Faretta Invocation**

- **The hearing proceeded with Movant:**
  - **Prevented from filing;**
  - **Prevented from being heard;**
  - **Treated as represented by counsel despite express termination and unequivocal invocation of self-representation.**

**December 12, 2025 — Post-Hearing Representations Regarding Withdrawal**

- After the hearing, attorney Lytza Rojas emailed Movant **stating that her Motion to Withdraw had been sent** (to the Court and District Attorney).
- **She further stated that the Court Coordinator indicated the withdrawal would be heard on December 17, 2025**, despite **no corresponding docket entry.**

**December 15, 2025 — Clerk Confirms No Docketed Filings; Counsel Admits Off-Record Filing Channel**

- **On December 15, 2025,** Movant contacted the Clerk of County Court at Law No. 2 and was advised that:
  - No Motion to Withdraw was reflected on the docket;
  - No Motion to Substitute was reflected on the docket;
  - No emergency filings were reflected on the docket.
- **Later on December 15, 2025, at approximately 11:15 a.m., attorney Rojas confirmed by email that extradition filings were made through the court coordinator, not the clerk, admitting that counsel status and filings existed outside the official court record.**

**Resulting Constitutional Violation**

- **This establishes a continuous, state-caused obstruction of Movant's:**
  - **Sixth Amendment right to self-representation;**

EMERGENCY NOTICE OF CLERK OBSTRUCTION, COUNSEL RECORD FRAUD, SIXTH AMENDMENT VIOLATIONS, AND UNLAWFUL ADMINISTRATIVE DETENTION

1        ○    **Statutory right under 28 U.S.C. § 1654;**

2        ○    **Texas constitutional open-courts guarantees;**

3        ○    **Access to habeas relief;**

4    •    **Before, during, and after the hearing**, with no lawful procedural off-ramp and no valid

5        **waiver by Movant.**

6    The undisputed record establishes that Movant is presently confined pursuant to proceedings

7    conducted in open and continuing violation of the Sixth Amendment, Faretta v. California, 28

8    U.S.C. § 1654, and the Texas Constitution's open-courts and due-process guarantees. Despite

9    Movant's **express termination of counsel and unequivocal invocation of the right to self-**

10   **representation,** State actors—including the clerk, court administration, and sheriff—refused to

11   docket controlling filings, blocked all lawful filing avenues, treated counsel as active without

12   authority, and proceeded with a hearing while Movant was barred from filing, speaking, or

13   controlling his defense. **This state-caused obstruction deprived the Court of jurisdiction to**

14   **proceed, rendered the hearing and all resulting restraint constitutionally void, and converted**

15   **Movant's continued confinement into unlawful detention without judicial authority.** Because

16   no valid waiver exists and no lawful process supports continued restraint, **immediate release is**

17   **mandatory.** <span style="color:brown">**Any further detention after notice of these defects constitutes knowing, personal**</span>

18   <span style="color:brown">**participation in ongoing constitutional violations under color of law.**</span>

19

20   **III. CLERK OBSTRUCTION IS ONE OF MANY CAUSES OF CONTINUED UNLAWFUL**

21   **DETENTION**

22   Movant has attempted to file **continuously since Day One** of detention.

23   Each attempt has been blocked under the assertion:

24   "You cannot file while counsel is appointed."

25   This position is **legally false, constitutionally void, and administratively abusive**, particularly

26   where:

27   •    Counsel was **expressly terminated**;

28

<span style="color:brown">VERIFIED EMERGENCY NOTICE OF CLERK OBSTRUCTION, COUNSEL RECORD FRAUD, SIXTH AMENDMENT VIOLATIONS, AND UNLAWFUL ADMINISTRATIVE DETENTION</span>

1    • **Self-representation was unequivocally invoked**;

2    • The clerk **refuses to docket the termination itself**, creating a **closed loop of obstruction**.

3    This is **not a judicial act**.

4    This is **administrative interference with access to the courts**, in violation of:

5    • **First Amendment** (right to petition),

6    • **Sixth Amendment** (right to conduct one's defense),

7    • **28 U.S.C. § 1654** (right to proceed personally or by counsel),

8    • **Texas Constitution Art. I § 13** (Open Courts).

9

10    ### IV. FRAUDULENT AND UNSUPPORTED ARTICLE 16.22 REFERRAL

11    Movant was subjected to an **Article 16.22 mental-health referral without lawful basis**.

12    • Magistration paperwork reflects **competency**.

13    • No facts support incompetency.

14    • Movant has demonstrated:

15        o    Legal literacy,

16        o    Coherent and strategic filings,

17        o    Express invocation of constitutional rights.

18    The Article 16.22 referral appears to have been used **procedurally**, not medically, to justify:

19    • Forced counsel,

20    • Filing obstruction,

21    • Hearing delay,

22    • Continued confinement.

23    **No judicial finding of incompetency exists anywhere in the record.**

24    This constitutes **abuse of process**.

25    A competent defendant **cannot be stripped of Faretta rights** by administrative implication.

26

27    ### V. SIXTH AMENDMENT AND STATUTORY VIOLATIONS (FARETTA)

28

EMERGENCY NOTICE OF CLERK OBSTRUCTION, COUNSEL RECORD FRAUD, SIXTH AMENDMENT VIOLATIONS, AND UNLAWFUL ADMINISTRATIVE DETENTION

Date: December 15, 2025

1   Movant has **unequivocally invoked** the right to self-representation under:

2   •   **Sixth Amendment to the U.S. Constitution**,

3   •   **Faretta v. California**, 422 U.S. 806 (1975),

4   •   **28 U.S.C. § 1654**,

5   •   **Texas Constitution Art. I §§ 10, 13, 19**.

6   Despite this:

7   •   Counsel continued to act without authority;

8   •   Withdrawal and substitution were handled **off-docket**;

9   •   Clerk refusal prevented correction;

10   •   Movant was **silenced at hearing**.

11   Any restraint imposed **after Faretta invocation** and **during filing obstruction** is **structurally**

12   **unconstitutional**.

13

14   **VI. LEGAL CONSEQUENCE: CONTINUED DETENTION IS UNLAWFUL**

15   Movant's continued detention is unlawful because:

16   •   No counsel is lawfully appointed;

17   •   Self-representation is being obstructed;

18   •   Filings are being refused;

19   •   A false incompetency referral was injected;

20   •   The docket does not reflect reality;

21   •   **All delay is state-caused**.

22   Because the Clerk refused to docket controlling filings, Movant was **affirmatively prevented from**

23   **exhausting remedies or obtaining judicial review through ordinary channels**.

24   Where restraint exists **without a lawful procedural path forward**, **release is mandatory**, not

25   discretionary.

26

27   **VII. DEMAND FOR IMMEDIATE RELIEF**

28

Page 8 of 15

Date: December 15, 2025

1  Movant hereby DEMANDS:

2  **1.**  Immediate recognition of self-representation **sui juris, in propria persona**;

3  **2.**  Immediate docketing of all previously refused filings;

4  **3.**  Nullification of any Article 16.22 referral;

5  **4.**  **Immediate release from custody** due to unlawful administrative restraint.

6  Movant further states that he is **willing to hold all parties harmless and indemnify all**

7  **actors** for a **quiet, immediate release within twenty-four (24) hours of receiving this**

8  **notice**, as his **sole objective** is to return home to his family.

9  .

Page 9 of 15

VERIFIED EMERGENCY NOTICE OF CLERK OBSTRUCTION, COUNSEL RECORD FRAUD, SIXTH AMENDMENT VIOLATIONS, AND UNLAWFUL ADMINISTRATIVE DETENTION

Date: December 15, 2025

1

**VERIFICATION:**

2

**Pursuant to Texas Civil Practice & Remedies Code § 132.001 and 28 U.S.C. § 1746**,

3

I, kevin: of the walker family, over the age of 18, competent to testify, and having **firsthand**

4

**knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under

5

penalty of perjury under the laws of the **United States of America and the State of Texas**, that the

6

foregoing statements are **true, correct, and complete**, to the best of my **understanding,**

7

**knowledge, and belief**, and made in **good faith and with clean hands**.

8

Executed, signed, and sealed this 15th day of December, 2025, *without* the United States**.**

9
10

**All rights reserved without prejudice and without recourse,**

**UCC §  1-308, 3-402.**

11
12
13
14

By:  _Kevin: Walker_ _____

15

**kevin: walker**, *Respondent, Executor, Real Party In*
*Interest, Secured Party, Injured Party In Fact, Heir,*
*Creditor*

16
17
18
19
20
21
22
23
24
25
26
27
28

VERIFIED EMERGENCY NOTICE OF CLERK OBSTRUCTION, COUNSEL RECORD FRAUD, SIXTH AMENDMENT VIOLATIONS, AND UNLAWFUL ADMINISTRATIVE DETENTION

**<u>EXHIBIT LIST WITH CONSTITUTIONAL VIOLATION MAPPING</u>**

*(Documented Record: November 30, 2025 – December 15, 2025)*

**<u>Exhibit A — Undocketed Substitution of Retained Counsel</u>**

**Source:** Emails between John Wofford and Flor Salas (Dec. 8, 2025)

**Summary:** Retained counsel submitted Motion and Proposed Order for Substitution; court confirmed jurisdiction, hearing date, and Cause No. **E25-049-2**, yet **no substitution was docketed**.

**Legal Relevance:** Sixth Amendment (counsel of choice); 28 U.S.C. § 1654; Texas Const. Art. I §§ 10, 13; structural error.

**<u>Exhibit B — Emergency Filings Submitted by Email (Pre-Hearing)</u>**

**Source:** Email from kevin: walker to Flor Salas with verified emergency motions attached (Dec. 12, 2025, 4:05 a.m.)

**Summary:** Verified emergency motions submitted by email after court staff advised extradition matters are **not e-filed** and may be submitted electronically.

**Legal Relevance:** First Amendment (petition); Sixth Amendment; 28 U.S.C. § 1654.

**<u>Exhibit C — In-Person Filing Refused on Morning of Hearing</u>**

**Source:** Email documenting clerk refusal (Dec. 12, 2025, ~8:35 a.m.)

**Summary:** Clerk and assistant supervisor **refused to accept filings**, declined written confirmation, preventing entry into the record before hearing.

**Legal Relevance:** Open Courts (Tex. Const. Art. I § 13); Sixth Amendment; Habeas interference; structural error.

**<u>Exhibit D — Motion to Withdraw (Admissions Against Interest)</u>**

**Source:** Motion to Withdraw filed by Lytza Rojas (Dec. 12, 2025)

Date: December 15, 2025

**Summary:** Admits Defendant refused appointed counsel on Nov. 30, demanded withdrawal, multiple retained counsel attempted substitution, and Defendant invoked self-representation in court.

**Legal Relevance:** Faretta violation; forced counsel; Sixth Amendment; 28 U.S.C. § 1654; structural error.

**Exhibit E — Counsel Email Claiming Withdrawal "Submitted" Off-Docket**

**Source:** Email from Lytza Rojas to kevin: walker (Dec. 12, 2025)

**Summary:** Counsel states Motion to Withdraw was "sent" and set for Dec. 17 despite **no docket entry** and unresolved counsel status.

**Legal Relevance:** Forced representation; due process; indeterminate counsel posture.

**Exhibit F — Clerk Confirmation of No Docketed Withdrawal and Counsel Admission of Off-Docket Filing**

Source:

• Email correspondence and screenshots confirming clerk response (Dec. 15, 2025)

• Email from Lytza Rojas to kevin: walker (Dec. 15, 2025, 11:15 a.m.)

Summary: Clerk confirms no Motion to Withdraw is reflected as filed in the case. On the same date, counsel admits the motion was "filed with the coordinator," confirms extradition matters bypass e-file, and acknowledges filings may not appear on the docket, establishing off-docket handling of representation and liberty-affecting matters.

**Legal Relevance:** Sixth Amendment; Texas Const. Art. I § 13; separation of powers; structural error.

VERIFIED EMERGENCY NOTICE OF CLERK OBSTRUCTION, COUNSEL RECORD FRAUD, SIXTH AMENDMENT VIOLATIONS, AND UNLAWFUL ADMINISTRATIVE DETENTION

Date: December 15, 2025

1 <u>**CERTIFICATE / P R O O F  O F  S E R V I C E**</u>

2 STATE OF TEXAS                    )

3                                          )        ss.

4 COUNTY OF WILLIAMSON              )

5          I am competent, over the age of eighteen years, and not a party to the within action.  My

6 mailing address is, **care of:** 2082 Highway 183 #170-229.  On or about **December 15, 2025**, I

7 served the within documents:

8

9    1. VERIFIED EMERGENCY NOTICE OF CLERK OBSTRUCTION, COUNSEL RECORD

10      FRAUD, SIXTH AMENDMENT VIOLATIONS, AND UNLAWFUL ADMINISTRATIVE
DETENTION

11    2. Exhibits A-F

12                              <u>**SERVICE LIST**</u>

13

14  **By Certified Mail.** I placed a true and correct copy of the foregoing document in a sealed

envelope, addressed to each person listed below, and deposited the envelopes into the custody of the

15 United States Postal Service in Williamson County, Texas, with proper postage affixed, sent via

16 **Certified Mail, Return Receipt Requested (USPS Form 3811)**. The mailing occurred in

17 Williamson County, Texas, on the date indicated below.

18
1. Williamson County Sheriff
19 Williamson County Justice Center
405 Martin Luther King Jr. Street
20 Georgetown, Texas 78626
21 Certified No. 9589 0710 5270 3357 9374 08

22 2. Williamson County Jail Administrator
306 W. 4th Street
23 Georgetown, Texas 78626
24 Certified Mail No. 9589 0710 5270 3357 9374 15

25 3. Nancy E. Rister, Williamson County Clerk
County Court at Law No. 2 (Criminal Division)
26 405 Martin Luther King Jr. Street
27 Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 3357 9374 22

28
Page 13 of 15

Date: December 15, 2025

4. G. Cole Spainhour, Magistrate Judge
Williamson County Justice Center
405 Martin Luther King Jr Street
Georgetown, Texas 78626
Certified No. 9589 0710 5270 3357 9374 39

5. Judge Betsy Lambeth
Williamson County District Court
405 Martin Luther King Jr Street
Georgetown, Texas 78626
Certified No. 9589 0710 5270 3357 9374 53

6. Hon. David Evans, Presiding Judge
3rd Administrative Judicial Region of Texas
Travis County Courthouse
1000 Guadalupe Street
Austin, TX 78701
Email: 3rdAdmin@txcourts.gov
Certified No. 9589 0710 5270 3357 9374 60

7. Texas Office of Court Administration
Judicial Branch of Texas
1801 N. Congress Avenue, Suite 600
Austin, TX 78701
Email: oca@txcourts.gov
Certified No. 9589 0710 5270 3357 9374 77

On or about **December 15, 2025,** I served the within documents **by Electronic Service.** Based on a court order and/or an **agreement of the parties** to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

1. Lytza Marie Rojas
The Law Office of Lytza Rojas, PLLC
203 S. Austin Ave.
Georgetown, TX 78626
Email: rojas@rojastexaslaw.com

2. STATE OF TEXAS c/o Bridget Chapman
Prosecutor Assigned to This Extradition Case

Date: December 15, 2025

Williamson County Attorney's Office
Email: bridget.chapman@wilcotx.gov

3. Flor Salas, Court Administrator for Judge Barker
County Court at Law No. 2
405 Martin Luther King,
Georgetown, TX 78628
Email: flor.salas@wilcotx.gov

4. Nancy E. Rister, Williamson County Clerk
County Court at Law No. 2 (Criminal Division)
405 Martin Luther King Jr. Street
Georgetown, TX 78626
Email: nrister@wilco.org

5. Lisa David, Williamson County Clerk
District Court
405 Martin Luther King Jr. Street
Georgetown, TX 78626
Email: ldavid@wilco.org
         districtclerk@wilco.org

6. Hon. David Evans, Presiding Judge
3rd Administrative Judicial Region of Texas
Travis County Courthouse
1000 Guadalupe Street
Austin, TX 78701
Email: 3rdAdmin@txcourts.gov

7. Texas Office of Court Administration
Judicial Branch of Texas
1801 N. Congress Avenue, Suite 600
Austin, TX 78701
Email: oca@txcourts.gov


        I declare under penalty of perjury under the laws of the State of Texas that the foregoing is

true and correct. Executed on December 15, 2025, in Williamson County, Texas.


                                        */s/Chris Yarbra/*
                                        Chris Yarbra

EMERGENCY NOTICE OF CLERK OBSTRUCTION, COUNSEL RECORD FRAUD, SIXTH AMENDMENT VIOLATIONS, AND UNLAWFUL ADMINISTRATIVE DETENTION

-Exhibit A-



**From:** Flor Salas <flor.salas@wilco.org>
**Date:** December 8, 2025 at 2:29:28 PM CST
**To:** John Wofford <jwofford@gmail.com>
**Cc:** Bridget Chapman <bridget.chapman@wilcotx.gov>, Lytza Rojas <rojas@rojastexaslaw.com>, Kevin Lewis Walker <donnabellemortel@gmail.com>
**Subject: RE: Mot & Proposed Order of Substitution, Kevin Lewis Walker, Extradition; possibly filed under 25-3432-C425**

Good afternoon,

The court date is Friday, December 12th at 9:00 a.m. Also, this is a DA court case, but we are the only court that hears extraditions.

The cause number for this case is E25-049-2.

## Sincerely,

**Flor Salas**
**Court Administrator for Judge Barker**
**County Court at Law #2**

office: 512-943-1411
flor.salas@wilcotx.gov
405 Martin Luther King, Georgetown, TX 78628
www.wilcotx.gov

**Williamson county is transitioning email from @wilco.org to @wilcotx.gov. Please update your contacts and direct all future emails to flor.salas@wilcotx.gov**

**From:** John Wofford <jwofford@gmail.com>
**Sent:** Monday, December 8, 2025 2:24 PM
**To:** Flor Salas <flor.salas@wilco.org>
**Cc:** Bridget Chapman <bridget.chapman@wilcotx.gov>; Lytza Rojas <rojas@rojastexaslaw.com>; Kevin Lewis Walker <donnabellemortel@gmail.com>
**Subject:** Mot & Proposed Order of Substitution, Kevin Lewis Walker, Extradition; possibly filed under 25-3432-C425

**EXTERNAL email: Exercise caution when opening.**

Ms. Salas

Could you please call me at (512) 586-6194?   There seems to be a bit of confusion about this case, whether it's a County Court at Law Case or a District
Court Case.

I'm mainly interested in whether or not Ms. Chapman and I have secured a hearing before your judge this coming
Wednesday, 12/10/255

John Wofford

-Exhibit B-



Dear Court Administrator,

I am writing regarding the extradition matter currently set for hearing tomorrow, December 12, 2025, at 9:00 a.m. before Judge Barker in County Court at Law No. 2, involving:

**Defendant:** Kevin Lewis Walker
**Cause/Case No.:** E25-049-2

I was advised by court staff that, because e-filing is not available for extradition matters, I may submit filings by email and that they will be entered into the court's system.

Attached for filing into County Court at Law No. 2 are the following documents, all dated December 11, 2025:

1. **VERIFIED EMERGENCY NOTICE OF TERMINATION OF COUNSEL, NOTICE OF SELF-REPRESENTATION UNDER FARETTA, NOTICE TO PROCEED SUI JURIS / IN PROPRIA PERSONA, SPECIAL LIMITED APPEARANCE, AND FORMAL OBJECTION TO ANY FURTHER APPEARANCE OR ACTION BY COUNSEL**

2. **EMERGENCY MOTION TO RECOGNIZE TERMINATION OF COUNSEL AND TO ACKNOWLEDGE SELF-REPRESENTATION UNDER FARETTA**

3. **VERIFIED EMERGENCY MOTION AND DEMAND FOR PROMPT IDENTITY HEARING, AND OBJECTION TO ERRONEOUS FUGITIVE STATUS, AND FURTHER EXTRADITION PROCEEDINGS WITHOUT A FINDING OF IDENTITY**

4. **VERIFIED EMERGENCY MOTION FOR IMMEDIATE BOND HEARING AND OBJECTION TO CONTINUED DETENTION WITHOUT STATUTORY AUTHORITY AND REQUEST FOR IMMEDIATE RELEASE AND PR BOND**

5. **VERIFIED AFFIDAVIT OF FACTS IN SUPPORT OF MANDATORY IMMEDIATE RELEASE, NON-FUGITIVE STATUS, UNLAWFUL IMPRISONMENT, AND VOID EXTRADITION**

I respectfully request that these filings be:

- Accepted for filing into the case,
- Docketed as soon as possible prior to tomorrow's hearing, and
- Provided to Judge Barker's staff for review in advance of the 9:00 a.m. setting.

Please let me know if there is any issue with the format, if any document needs to be resent, or if the Court requires hard copies to be delivered in addition to this emailed submission. I will comply with any further instructions immediately.

Thank you for your assistance and for ensuring these filings are made part of the record before tomorrow's hearing.


Sincerely,
Chris Yarbra, on behalf of Kevin




1. VERIFIED
EMERG...EL.pdf




2. EMERGENCY
MOTIO...TA .pdf

-Exhibit C-



Good morning,

At approximately 8:35am, I attempted in person to file written emergency objections and motions related to this morning's 9:00am hearing. The clerk and Sam, the assistant supervisor, refused to accept the filing and declined to provide documentation of the refusal.

1. **VERIFIED EMERGENCY NOTICE OF TERMINATION OF COUNSEL, NOTICE OF SELF-REPRESENTATION UNDER FARETTA, NOTICE TO PROCEED SUI JURIS / IN PROPRIA PERSONA, SPECIAL LIMITED APPEARANCE, AND FORMAL OBJECTION TO ANY FURTHER APPEARANCE OR ACTION BY COUNSEL**

2. **EMERGENCY MOTION TO RECOGNIZE TERMINATION OF COUNSEL AND TO ACKNOWLEDGE SELF-REPRESENTATION UNDER FARETTA**

3. **VERIFIED EMERGENCY MOTION AND DEMAND FOR PROMPT IDENTITY HEARING, AND OBJECTION TO ERRONEOUS FUGITIVE STATUS, AND FURTHER EXTRADITION PROCEEDINGS WITHOUT A FINDING OF IDENTITY**

4. **VERIFIED EMERGENCY MOTION FOR IMMEDIATE BOND HEARING AND OBJECTION TO CONTINUED DETENTION WITHOUT STATUTORY AUTHORITY AND REQUEST FOR IMMEDIATE RELEASE AND PR BOND**

5. **VERIFIED AFFIDAVIT OF FACTS IN SUPPORT OF MANDATORY IMMEDIATE RELEASE, NON-FUGITIVE STATUS, UNLAWFUL IMPRISONMENT, AND VOID EXTRADITION**

These were also emailed to you earlier this morning, as I was told by court staff that I could e-mail them to you, in lieu of e-filing, as it is not available for extradition hearings.

I am documenting this for the record.

Thank you,
donnabelle Mortel for kevin walker

# -Exhibit D-

CAUSE NO. E25-049-2

| STATE OF TEXAS | § | IN THE COUNTY COURT |
|---|---|---|
| | § | |
| VS. | § | COUNTY COURT AT LAW NO. 2 |
| | § | |
| KEVIN WALKER | § | WILLIAMSON COUNTY, TEXAS |

## **MOTION TO WITHDRAW**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Lytza Rojas, the attorney of record for KEVIN WALKER, asking this Honorable

Court to approve her Motion to Withdraw, and in support thereof shows:

I.

On November 30, 2025, Attorney was court appointed to represent Defendant for the out of

state extradition from the State of Florida.  His case is currently pending with this Honorable Court.

II.

On November 30, 2025, Defendant informed the magistrate that Defendant did not desire to

have an attorney appointed and refused to sign Magistration documentation. On December 2, 2025,

Defendant contact Attorney's law firm and indicated they were refusing service and requested

Attorney file a Motion to Withdraw. On December 4, 2025, Attorney received a call from Attorney

Marc Chavez, stating he had been retained on the case and would be filing a motion to substitute

counsel. On December 5, 2025, Attorney received a call from Attorney John Wofford stating he had

been retained on the case and would be filing a motion to substitute counsel.  On December 8, 2025,

Attorney received a Motion to Substitute Counsel from Attorney Wofford.  On December 11, 2025,

Attorney Wofford emailed the Court and Attorneys stating he would not be substituting in as counsel.

On December 12, 2025, Attorney and Defendant appeared in Court and Defendant expressed a desire

to represent himself and does not wish attorney to remain on his case.

WHEREFORE, Attorney prays that this motion be granted to withdraw as the attorney of record in the above referenced cause.

Respectfully submitted,

_____
Lytza Rojas
rojas@rojastexaslaw.com
203 South Austin Ave.
Georgetown, Texas 78626
(512) 688-5151 Phone
SBN 24046750

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document was delivered via efile to the Williamson County District Attorney's Office (bridget.chapman@wilcotx.gov) on this the 12th day of December, 2025.

_____
LYTZA ROJAS

CAUSE NO. E25-048-2

| STATE OF TEXAS | § | IN THE COUNTY COURT |
|---|---|---|
| | § | |
| VS. | § | COUNTY COURT AT LAW NO. 2 |
| | § | |
| KEVIN WALKER | § | WILLIAMSON COUNTY, TEXAS |

## <u>ORDER PERMITTING WITHDRAWAL</u>

On this the _____ day of _____, 2025, came on to be heard the Motion of Lytza Rojas to withdraw as counsel of record for KEVIN WALKER.  The Court having examined and heard the foregoing Motion and being of the opinion it should be **GRANTED**.

IT IS HEREBY ORDERED that Lytza Rojas is permitted to withdraw as the attorney of record for KEVIN WALKER in this cause.

_____
JUDGE PRESIDING

-Exhibit E-



**Lytza Rojas**
Motion to withdraw
To: Kevin L. Walker

Inbox – iCloud    December 12, 2025 at 3:18 PM

**Siri Found a Contact**
Lytza Rojas
rojas@rojastexaslaw.com

Add ✕

Please see attached. This motion has been sent to the County Court at Law 2 and to the District Attorney's Office. The court coordinator indicated the motion will be heard on December 17, 2025 at 1:30.

Thank you

Lytza Rojas

The Law Office of Lytza Rojas, PLLC
203 South Austin Avenue
Georgetown, TX 78626
T: 512.688.5151 F: 512.519.4345
E: rojas@rojastexaslaw.com W: rojastexaslaw.com



Confidentiality Notice: This email and any files transmitted with it are confidential and intended solely for the use of the intended addressee. This communication may contain material protected by the attorney-client privilege and is not intended to be disclosed to anyone other than the intended recipient. If for any reason you believe that you are not the intended recipient or the person responsible for delivering the email to the intended recipient, please be advised that any use, dissemination, forwarding, printing or copying of this email is strictly prohibited. If you have received this email in error, please notify The Law Office of Lytza Rojas, PLLC immediately by replying to this message or calling us at 512-688-5151. Thank you.



Motion to
Withdr...ker.pdf

-Exhibit F-



Thank you,

Lytza


Sent from my iPhone

Lytza


On Dec 15, 2025, at 11:08 AM, Kevin Walker <kevinlwalker@me.com> wrote:


Also, as a brief follow-up, I contacted the Clerk at County Court at Law No. 2 today and was advised that **no Motion to Withdraw is currently reflected as filed** in the case. I would appreciate it if that motion could be **filed today**, so the Court may address and grant it prior to Wednesday's hearing.

I will also be submitting a **Notice of Termination of Counsel** later today for the record. Hopefully, the Clerk will accept and process the filing without further issue.

Thank you for your attention to this.


Respectfully,
Kevin



**Re: Follow-Up Regarding Extradition Position and December 17 Hearing**

The motion was directly filed with the Coordinator and confirmed. Extradition cases are not efiled so the clerk wouldn't have an efile record. You have to go though the coordinator of the court to file into extraditions. I have let the prosecutor and court know about the change in plans from the email I send on Friday evening expressing your desire to waive. The court assured me this morning they would take up either the waiver or the motion to withdraw on Wednesday.

Thank you,

Lytza


Sent from my iPhone

Lytza


On Dec 15, 2025, at 11:08 AM, Kevin Walker <kevinlwalker@me.com> wrote:


Also, as a brief follow-up, I contacted the Clerk at County Court at Law no. 2 today and was advised that no motion to withdraw is currently reflected as filed in the case. I would appreciate it