IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KEVIN LEWIS WALKER #25-214532** | § | |
| | § | |
| **V.** | § | **1:25-CV-2153-ADA** |
| | § | |
| **STATE OF TEXAS, et al.** | § | |

### ORDER

Before the Court are Petitioner Kevin Lewis Walker's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (#1), Respondent the Sheriff of Williamson County, Texas's Response (#22), and Petitioner's Reply and Motion to Strike (#24). Petitioner has also filed the following additional motions which all largely seek the same relief as his habeas petition: Emergency Motion for Temporary Restraining Order Immediate Release from Unlawful Custody (#2), Emergency Demand for Immediate Determination of Custody Authority (#6), Emergency Request for Release, or in the Alternative PR Bond, or Stay of Custody (#7), and Emergency Motion to Enforce 28 U.S.C. § 2243 (#15). Petitioner alleges he is being wrongfully detained on a Florida warrant and that he is not subject to extradition.

### Background

On November 28, 2025, Petitioner was stopped for speeding in Williamson County, Texas. A query of Petitioner's driver's license by the officer returned an alert that Petitioner had a felony arrest warrant out of Martin County, Florida. Petitioner was then arrested and transported to the Williamson County Jail. Petitioner was taken

before a magistrate the next morning and committed without bond pending extradition proceedings in *State v. Walker*, Cause No. E-25-049-2 (County Court at Law No. 2, Williamson County, Texas). Petitioner was appointed counsel and a hearing was held on December 15, 2025, regarding the extradition. The hearing was continued to December 17, 2025, and at that time the state court granted Petitioner's request to withdraw his court-appointed attorney so Petitioner could represent himself. The court then committed Petitioner to Williamson County custody until the Governor's Warrant Hearing, originally scheduled for January 14, 2026.

At the hearing on January 14, 2026, the state advised the court that the Governor's Warrant was in process and pending with the Governor's Office of the State of Florida. Petitioner was then committed back into the custody of Williamson County until the next Governor's Warrant Hearing on February 18, 2026. On February 5, 2026, the Governor of Florida issued a formal extradition requisition to the Texas Governor, which is currently under review by the Governor. Petitioner remains in custody at the Williamson County Jail awaiting the hearing on February 18, 2026.

Since his arrest, Petitioner has filed multiple habeas applications at both the state and federal level. On December 1, 2025, Petitioner filed an application for writ of habeas corpus in the 425th Judicial District Court in Williamson County, Texas. *Walker v. Williamson County Sheriff, et al.*, No. 25-3432-C425. On February 3, 2026, following an appearance by counsel in the extradition case, Petitioner filed an "Application for Writ of Habeas Corpus Challenging Confinement Related to Stalled Extradition" in the extradition case. *State v. Walker*, No. E-25-049-2 (Resp. Ex. 5 (#35-5)). Petitioner filed

2

his initial federal habeas action on December 19, 2025. Dkt. #1. Petitioner then filed this second federal habeas action on December 29, 2025. *Walker v. State of Texas, et al.*, No. 1:25-CV-2153-ADA (Dkt. #1) (W.D. Tex.). The Court ordered Respondents to answer both petitions. On February 6, 2026, Williamson County Sheriff's Office filed its answers in both cases. Petitioner also filed a mandamus proceeding with the Fifth Circuit on December 30, 2025. *Walker v. United States District Court for the Western District of Texas Austin Division*, No. 25-51069 (5th Cir.).

Respondent argues that Petitioner has failed to exhaust his available state court remedies and, in any event, that he is not entitled to relief on the merits. Petitioner argues that he is not a fugitive and has never been to Florida and therefore his continued detention while awaiting extradition is improper and illegal. As for exhaustion, Petitioner argues that he is entitled to an "exhaustion exception" because the state court did not adjudicate his petition and failed to properly docket his pleadings.

## Failure to Exhaust

It is well established that Petitioner must exhaust all available state remedies before he may seek a federal writ of habeas corpus under 28 U.S.C. § 2241. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973). This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is

to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citing *Braden*, 410 U.S. at 490-91). The "derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Braden*, 410 U.S. at 493. A federal court can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose*, 455 U.S. at 510.

In Texas, the exhaustion doctrine requires that the highest state court be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). A petitioner may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. § 11.08. If the trial court denies habeas relief under Article 11.08, the applicant's remedy is to take a direct appeal to an intermediate state appellate court and then petition for discretionary review by the state's highest court. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981)).

In the present case, Petitioner has not presented his claims to the state's highest court in a habeas corpus petition. Petitioner filed a state habeas corpus petition on December 1, 2025. However, after filing that petition, he has taken no further action in state court until filing another petition in the extradition case on February 3, 2026. The state court records are clear that there has not yet been any fair presentation of

Petitioner's claims to the state's highest court, and thus, the state courts have not had the initial opportunity to pass upon and correct any alleged errors.

Nevertheless, the exhaustion requirement can be excused when exceptional circumstances exist. *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). Exceptional circumstances exist when the state system inordinately and unjustifiably delays review of a petitioner's claims if such a delay is "wholly and completely the fault of the state." *Id.* at 795-96 (citations omitted). The petitioner "bears the burden of demonstrating" an applicable exception to exhaustion. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

Petitioner does not dispute that he has not exhausted his state court remedies. Instead, Petitioner contends that he should be excused from the exhaustion requirement. Petitioner first argues that he was not obligated to "chase" a state district court in order to insure action on his state court habeas. He claims that once it is filed, the court has the obligation to decide the petition without any further action on the part of Petitioner. Petitioner ignores Respondent's contention that it is his obligation to request the issuance or service of citation and to prosecute the case. Even assuming, however, that the state court was under the obligation to adjudicate his petition, Petitioner filed his first federal petition just eighteen days after filing his state petition. The state court's failure to adjudicate his petition within that time is not an inordinate and unjustifiable delay. Furthermore, even assuming the delay was too lengthy, Petitioner made no attempt to pursue further relief through the state courts in order to exhaust his state court remedies. Instead, he has done nothing in state court besides

file the petition and then file a new petition in his extradition case just over a week ago, on February 4, 2026. Petitioner may not be obligated to "chase" the state court, but he is obligated to verify that his petition is served on the respondent and he never did so. Petitioner's argument regarding the state court's failure to adjudicate the petition is wholly insufficient to excuse his failure to exhaust.

Petitioner next contends that he emailed multiple filings to the state court and his spouse attempted to file documents in person regarding his state habeas application, but the court improperly failed to docket those filings. None of those filings, however, would have furthered Petitioner's exhaustion of state remedies. Thus, even assuming, without deciding, that he was improperly prevented from filing them, there is nothing in those actions that justifies excusing the exhaustion requirement.

Petitioner is obligated to pursue his state court remedies, appeal decisions of the trial court, and petition for discretionary review from the highest state court. Petitioner has barely begun the process in the trial court and has made no attempts at any appeals to any higher state court. Petitioner has neither exhausted his state court remedies nor carried his burden to establish an exception to that requirement. Thus, the Court finds that Petitioner has failed to exhaust his state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement. Therefore, the Court dismisses Petitioner's Application for Writ of Habeas Corpus without prejudice for failure to exhaust available state court remedies.

## **CERTIFICATE OF APPEALABILITY**

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2241 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), *citing Slack*, 529 U.S. at 484. Accordingly, the Court shall not issue a certificate of appealability.

It is therefore **ORDERED** that the Application for Habeas Corpus Relief under 28 U.S.C. § 2241 (#1) is **DISMISSED** without prejudice for failure to exhaust.

It is further **ORDERED** that all other pending motions are **DISMISSED**.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on February 13, 2026

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE